**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T. Doria, | No. CV-26-08003-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Happy Jack Lodge LLC, *et al.*, | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Daniel T. Doria's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2, App.), Ex Parte Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 3), and Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information (Doc. 5). The Court will grant the Application but dismiss the Complaint (Doc. 1, Compl.) with leave to amend.

**I.    LEGAL STANDARD**

The Court may authorize a party to commence a civil action without prepaying court fees—to proceed *in forma pauperis* (IFP)—if the person submits an affidavit attesting to their poverty. 28 U.S.C. § 1915(a)(1). Although a plaintiff seeking IFP status need not be "absolutely destitute," he or she "must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Id.* at 1235. The determination is within

the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds by* 506 U.S. 194 (1993).

For cases in which a party is permitted to proceed IFP, 28 U.S.C. § 1915(e)(2) provides that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." The statute applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that Section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127 (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff must also establish the court's jurisdiction over his claims. A plaintiff may establish the court's subject matter jurisdiction in one of two ways. First, the plaintiff may assert that the defendants violated the Constitution, a federal law, or treaty of the United States, *i.e.*, the court's "federal question" jurisdiction. *See* 28 U.S.C. § 1331. Alternatively, a plaintiff may invoke the court's "diversity" jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *See* 28 U.S.C. § 1332(a)(1).

II.     ANALYSIS

    A. Plaintiff's Application

Plaintiff's Application indicates that he receives approximately $27,592 per year in income, $20,500 of which is in graduate student loans, $3,492 in food stamps, and the rest in dog-sitting income. (App. at 1.) Plaintiff spends approximately $1,616.50 per month—or $19,398 per year—for regular monthly expenses, leaving him about $680 per month. (*Id*. at 2.) Plaintiff also has a 2012 Toyota Prius worth approximately $3,500, and $250 in a bank account. (*Id*.) Because Plaintiff primarily lives off student loan debt and food stamps and has minimal assets, the Court finds it appropriate to grant Plaintiff IFP status. The Court now turns to screen Plaintiff's Complaint.

    B. Plaintiff's Complaint

Plaintiff brings his Complaint under the Court's federal question subject-matter jurisdiction and alleges three claims against Defendants: (1) violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, by failing to provide him a requested accommodation for his disability; (2) violation of 42 U.S.C. § 3617 by retaliating against Plaintiff after he engaged in protected activity under the FHA; and (3) violation of the Arizona RV Long-Term Rental Space Act, A.R.S. § 33-2101. (Compl. ¶ 4.)

"The FHA provides a private right of action for an aggrieved person subjected to an alleged discriminatory housing practice." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 250 (9th Cir. 1997) (citation modified). THe FHA prohibits such "discriminatory housing practices" against a person based on, *inter alia*, that person's "handicap." 42 U.S.C. § 3604. To assert discrimination on the basis of a handicap under the FHA, the aggrieved person must be one who has a "physical or mental impairment which substantially limits one or more of such person's major life activities," has "a record of having such an impairment," or is "regarded as having such an impairment." 42 U.S.C. § 3602(h). "Major life activities" include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 24 C.F.R. § 100.201(b).

Here, the Complaint lacks any non-conclusory factual allegations from which the Court could infer that Plaintiff is disabled or "handicapped" under the FHA. Plaintiff alleges only that he is "a person with a disability as defined by the [FHA]" (Compl. ¶ 7) but asserts no facts at all about what his disability is or in what major life activities Plaintiff is unable to engage. Moreover, Plaintiff provides no facts as to what the purported discriminatory act was aside from generally alleging that Defendants "ignored" Plaintiff's request for an accommodation. (*Id*. ¶ 13.) Without adequately alleging a handicap or discriminatory housing practice with non-conclusory factual allegations, Plaintiff has no claim under the FHA nor a claim for retaliation for exercising rights arising under the FHA.

The only remaining claim is Plaintiff's state-law claim. "[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (citation modified). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citation modified). Here, there is no reason for the Court to exercise supplemental jurisdiction over Plaintiff's single state-law claim. The Court therefore declines to do so. Because Plaintiff's Complaint is now dismissed, the Court denies all other pending Motions without prejudice.

If a defect in a complaint can be cured, the plaintiff is entitled to amend it before a claim is dismissed. *See Lopez*, 203 F.3d at 1130. The Court will accordingly grant Plaintiff leave to amend the Complaint to correct the defects identified herein no later than fourteen days from the date of this Order.

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

1   **IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1). No later
2   than fourteen days from the date of this Order, Plaintiff may file an amended complaint. If
3   Plaintiff fails to file an amended complaint no later than fourteen days of the date of this
4   Order, the Clerk of Court shall dismiss this matter without further notice.

5   **IT IS FURTHER ORDERED** denying Ex Parte Plaintiff's Emergency Motion for
6   Temporary Restraining Order (Doc. 3) and Motion to Allow Electronic Filing by a Party
7   Appearing Without an Attorney and Supporting Information (Doc. 5) without prejudice.

8   Dated this 15th day of January, 2026.

Honorable John J. Tuchi
United States District Judge