Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 2 8 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| | |
| **DANIEL T. DORIA,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT HAWS, MICHAEL MONGINI, )** (Fair Housing Act, Civil Rights Conspiracy, **GUST ROSENFELD, P.L.C., )** Arizona RV Act Retaliation, Abuse of Process) **HAPPY JACK LODGE, LLC, ) COTTONWOOD SPRINGS RV, LLC,** and **BRITTNEY WALSH, )**<br><br><br>Defendants. | **Case No.:** 3:26-cv-08003<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>**(1) Violation of Fair Housing Act (42 U.S.C. § 3601 et seq.)**<br>**(2) Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))**<br>**(3) Retaliation (42 U.S.C. § 3617)**<br>**(4) Abuse of Process**<br>**(5) Violation of Arizona RV Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.)**<br><br><br><br><br><br>**TRIAL DEMANDED** |

## I. INTRODUCTION

1. Plaintiff Daniel T. Doria ("Plaintiff"), a person with disabilities protected under the Fair Housing Act ("FHA"), brings this civil rights and housing action seeking declaratory, injunctive, and monetary relief for ongoing discrimination, retaliation, and misuse of the state judicial process.

2. Defendants, including attorneys and property managers acting in coordination, engaged in a course of conduct that denied Plaintiff reasonable accommodation for his disabilities, retaliated against him for asserting housing rights, and manipulated eviction proceedings to evade the protections afforded to long-term tenants under Arizona law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under federal laws including the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Civil Rights Conspiracy Statute, 42 U.S.C. § 1985(3).

4.  The Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367, as they arise from the same series of transactions and form part of the same case or controversy.

5.  Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b), because the acts and property at issue are located in Yavapai County, Arizona.

## III. PARTIES

6.  Plaintiff Daniel T. Doria is an adult individual residing at Cottonwood Springs RV Park in Cottonwood, Arizona.

7.  Plaintiff is disabled within the meaning of 42 U.S.C. § 3602(h), diagnosed with severe treatment-resistant depression, anxiety disorder, and PTSD.

8.  Defendant Robert Haws is an attorney and equity partner at Gust Rosenfeld, P.L.C., who previously served as opposing counsel in *Yavapai College v. Doria* and received professional discipline for ex parte communication with the court. Upon information and belief, Haws subsequently involved himself in this housing dispute in coordination

with his partner, Defendant Mongini, and took actions adverse to Plaintiff reflecting personal animus arising from the prior case.

9. Defendant Michael Mongini is an attorney and equity partner at Gust Rosenfeld, P.L.C., and is the sole or principal owner of Defendants Happy Jack Lodge, LLC and Cottonwood Springs RV, LLC.

10. Defendant Gust Rosenfeld, P.L.C. is an Arizona professional limited liability company headquartered in Phoenix, Arizona, employing Defendants Haws and Mongini.

11. Defendant Happy Jack Lodge, LLC is an Arizona limited liability company that owns the recreational vehicle property subject to this dispute.

12. Defendant Cottonwood Springs RV, LLC manages daily operations of Cottonwood Springs RV Park, located in Yavapai County, Arizona.

13. Defendant Brittney Walsh is an attorney with H&M Law, PLLC, licensed in Arizona, who served as the agent and legal representative for Cottonwood Springs RV, LLC and Happy Jack Lodge, LLC in initiating eviction proceedings against Plaintiff.

---

## IV. FACTUAL ALLEGATIONS

## A. Tenancy and Disability Accommodation Request

14. Plaintiff began lawful tenancy at Cottonwood Springs RV Park on March 10, 2025, under a rental agreement authorizing him to babysit dogs as supplemental income and emotional support activity.

15. On September 24, 2025, the landlord issued notice requiring tenants to sign new leases eliminating prior permissions for babysitting dogs and mandating new background checks.

16. Plaintiff provided documentation of his disabilities to Defendant Walsh and informed her that he required continuation of the dog-sitting permission as a reasonable accommodation under federal housing law.

17. Walsh intentionally disregarded the request, failed to engage in any interactive process, and provided no written determination, thereby constructively denying accommodation in violation of 42 U.S.C. § 3604(f)(3)(B).

## B. Retaliation and Pretextual Eviction Notices

18. On November 20, 2025, Defendants Mongini and Walsh issued an "Immediate Hazard" notice falsely alleging that Plaintiff's dog-sitting activities violated park rules and citing the wrong statute—the Arizona

Residential Landlord and Tenant Act—instead of the Arizona Recreational Vehicle Long-Term Rental Space Act ("RV Act").

19. The notice was pretextual, designed to create a false basis for eviction to remove Plaintiff from the tenancy without complying with A.R.S. § 33-2143 (good-cause protection for long-term residents).

20.    Three days later, on November 23, 2025, Defendants pressured Plaintiff to sign a "move-out agreement" with a January 9, 2026, termination date, threatening that failure to agree would result in the towing of his RV home, an unlawful self-help remedy under A.R.S. § 33-2106.

21. Plaintiff signed under duress; the agreement is void and unenforceable.

22. On December 29, 2025, Plaintiff sought injunctive relief in Yavapai County Superior Court to prevent retaliatory eviction. Defendants withdrew their eviction notices immediately prior to the hearing to avoid judicial scrutiny, then resumed eviction efforts.

23. On January 12, 2026, Walsh, acting for Mongini and the RV entities, filed a Justice Court eviction action, *Cottonwood Springs RV, LLC v. Doria*, Case No. J1302CV2026000011, based solely on the coerced and invalid January 9 move-out notice.

## C. Evidence of Coordination and Animus

24. Defendant Haws, aware of Plaintiff's disability and previous litigation, consulted with Mongini to coordinate strategy for removing Plaintiff while avoiding the appearance of a conflict of interest.

25. Haws and Mongini, through their shared employment at Gust Rosenfeld, exploited confidential knowledge from the prior case and instructed Walsh to pursue an eviction process knowing its lack of legal foundation.

26. Defendants' conduct was motivated by personal and disability-based animus and carried out beyond the scope of their official roles, satisfying exceptions to the intracorporate-conspiracy doctrine.

---

# V. CAUSES OF ACTION

## COUNT I – Fair Housing Act – Discrimination on the Basis of Disability (42 U.S.C. § 3604(f)(2)–(3))

27. Plaintiff re-alleges and incorporates all preceding paragraphs.

28. Plaintiff is a "handicapped person" under 42 U.S.C. § 3602(h), substantially limited in major life activities by depression, anxiety, and PTSD.

29. Defendants failed and refused to make reasonable accommodations in rules or policies when such accommodations were necessary to afford Plaintiff equal opportunity to use and enjoy his dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

## COUNT II – Fair Housing Act – Retaliation (42 U.S.C. § 3617)

30. Plaintiff engaged in protected activity by requesting reasonable accommodation and by seeking injunctive relief in state court.

31. Defendants intentionally coerced, intimidated, and interfered with Plaintiff's enjoyment of rights protected under the Fair Housing Act by initiating false and harassing eviction actions shortly after the protected activity.

## COUNT III – Civil Rights Conspiracy (42 U.S.C. § 1985(3))

32. Defendants Haws, Mongini, and Walsh acted in concert and agreed to deprive Plaintiff of equal protection of the law and rights under the Fair Housing Act.

33. The conspiracy was driven by invidious animus toward Plaintiff's status as a person with disabilities.

34. Overt acts in furtherance of the conspiracy include: (a) issuing fraudulent eviction notices; (b) directing refusal of rent; and (c) filing a pretextual eviction complaint in Justice Court.

35. The Defendants acted outside the normal scope of their employment with Gust Rosenfeld, motivated by personal bias and hostility, thereby meeting exceptions to the intracorporate-conspiracy doctrine.

36. As a result, Plaintiff suffered the deprivation of fair housing rights, loss of income, emotional distress, and threat of homelessness.

## COUNT IV – Retaliation – Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2148)

37. Plaintiff re-alleges the preceding paragraphs.

38. Plaintiff resided at the property for more than 180 days, qualifying as a protected long-term resident under A.R.S. § 33-2143.

39. Defendants retaliated against Plaintiff by threatening eviction and altering lease terms after Plaintiff asserted rights under the RV Act and challenged unsafe or unfair conditions.

40. Such conduct violates A.R.S. § 33-2148(A)(2) and (4), entitling Plaintiff to actual damages and equitable relief.

## COUNT V – Abuse of Process (Arizona Common Law)

41. Defendants willfully used judicial eviction proceedings for a purpose other than their intended function: to intimidate, retaliate, and exhaust Plaintiff's legal resources.

42. The withdrawal of the Superior Court case followed by immediate initiation of the Justice Court proceeding constitutes a misuse of legal process.

43. Their conduct satisfies the elements described in *Nienstedt v. Wetzel*, 133 Ariz. 348 (Ct. App. 1982), giving rise to punitive damages.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

A. Declaratory judgment that Plaintiff's tenancy is governed by the Arizona Recreational Vehicle Long-Term Rental Space Act and that the January 9, 2026 move-out agreement is void;

B. A permanent injunction enjoining Defendants from evicting Plaintiff or otherwise retaliating against him absent lawful good cause;

C. Compensatory and punitive damages exceeding $75,000 for economic losses, emotional distress, and deprivation of housing rights;

D. Attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2);

E. Such other and further relief as the Court deems just.

**VII. TRIAL DEMAND**

Plaintiff hereby demands a trial on all issues so triable.

DATED: January 15th, 2026

Respectfully submitted,

_____

Daniel T. Doria

Plaintiff, Pro Se
989 S Main St Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326