# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T. Doria, | No. CV-26-08003-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Happy Jack Lodge LLC, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Daniel T. Doria's Emergency Motion for Temporary Restraining Order (TRO) and Preliminary Injunction to Enjoin Enforcement of Void State Court Judgment ("Motion") (Doc. 16, Mot.). Plaintiff requests that the Court deem as void a Verde Valley Justice Court judgment in cause number J1302CV2026000011. (Mot. at 4–6.) Plaintiff argues that the state court lacked jurisdiction to enter the judgement against him after he removed that matter to this Court. (*Id*. at 4.)

Even assuming the state court lacked jurisdiction to enter judgment, the Court cannot deem it so. The federal court has no subject-matter jurisdiction to hear appeals of state court judgments. *Miroth v. Cty. of Trinity*, 136 F.4th 1141, 1146 (9th Cir. 2025). "An appeal of a state court judgment filed in federal district court—essentially an appeal filed in the wrong court—is a forbidden de facto appeal over which a district court lacks subject matter jurisdiction." *Id*. (citation modified). This principle has become known as the *Rooker-Feldman* doctrine and functions as a restraint on the subject-matter jurisdiction of federal district courts. *Id*. In the Ninth Circuit, "[i]t is a forbidden de facto appeal under

*Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Here, Plaintiff's Motion is undoubtedly an appeal of the state court judgment based on "a legal wrong allegedly committed by the state court," which Plaintiff characterizes as a lack of jurisdiction. *Id.*; *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414–15 (1923). The Court is without its own jurisdiction to determine whether the state court committed legal error or grant relief from the state court judgment itself. *See Miroth*, 136 F.4th at 1149 (collecting cases). Plaintiff's requested relief would be more appropriately sought from the state court appellate system.

As a separate matter, the Court notes that Plaintiff filed his First Amended Complaint at docket entry 15, which duplicates the filing at docket entry 10. (*Compare* Doc. 10 *with* Doc. 15). Because the second filing is redundant, the Court will strike it.

**IT IS THEREFORE ORDERED** denying Plaintiff's Emergency Motion for Temporary Restraining Order (TRO) and Preliminary Injunction to Enjoin Enforcement of Void State Court Judgment (Doc. 16).

**IT IS FURTHER ORDERED** striking the second filing of Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief and Damages (Doc. 15) as redundant.

Dated this 29th day of January, 2026.

Honorable John J. Tuchi
United States District Judge