Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326



UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **DANIEL T. DORIA,**<br><br>Plaintiff,<br><br>V.<br><br>**ROBERT HAWS, MICHAEL MONGINI,** )<br>(Fair Housing Act, Civil Rights Conspiracy,<br>**GUST ROSENFELD, P.L.C.,** )<br>) Arizona RV Act Retaliation, Abuse of Process)<br>**HAPPY JACK LODGE, LLC,** )<br>**COTTONWOOD SPRINGS RV, LLC,** and **BRITTNEY WALSH,** )<br><br>Defendants. | Case No.: 3:26-CV-08003-JJT<br><br>**PLAINTIFF'S MOTION FOR CLARIFICATION AND FOR ORDER DIRECTING SERVICE BY THE U.S. MARSHALS SERVICE (OR, ALTERNATIVELY, AUTHORIZING SERVICE BY MAIL) AND FOR EXTENSION OF TIME**<br><br>Assigned to:<br><br>The Honorable Judge John J. Tuchi |

Plaintiff Daniel T. Doria, proceeding pro se and in forma pauperis, respectfully moves for (1) clarification of the service obligations imposed by the Court's Order at Doc. 20; (2) an order directing the U.S. Marshals Service to serve the documents the Court intends to be served (or, alternatively, an order confirming that Plaintiff may satisfy Doc. 20 by service through U.S. Mail); and (3) a corresponding extension of any deadlines tied to Doc. 20.

This Motion is made in light of the Court's Order at Doc. 22 clarifying that Plaintiff's "Notice of Service of Court Order" (Doc. 21) does not satisfy the obligations set forth in Doc. 20 and that the time to perform those obligations remains unaffected.

## I. ISSUE PRESENTED

Whether, given Plaintiff's IFP status, lack of CM/ECF filing permission, and the Court's clarification at Doc. 22, the Court should (a) direct the U.S. Marshals Service to effectuate the service contemplated by Doc. 20, or (b) expressly authorize Plaintiff to satisfy Doc. 20 by service via regular mail, and extend any associated deadlines pending that clarification.

## II. RELEVANT BACKGROUND

1. Plaintiff is proceeding pro se and has been granted leave to proceed in forma pauperis.

2. The Court denied Plaintiff's request for electronic filing permission.

3. After receiving the Court's standard order referenced at Doc. 13 by mail, Plaintiff mailed that order to Defendants and filed a notice at Doc. 21.

4. On February 5, 2026, the Court entered Doc. 22, stating that Plaintiff's mailing of Doc. 13 "does not satisfy Plaintiff's service obligations set forth in the Court's most recent Order located at docket entry 20," and clarifying that the obligations and time to perform them "remain unaffected."

Plaintiff seeks clarification because (a) Doc. 22 indicates noncompliance while (b) Plaintiff understands that IFP litigants ordinarily do not personally serve initial process and that the U.S. Marshals Service typically completes service when ordered by the Court.

### III. GOVERNING PRINCIPLES

**A. IFP service of process is ordinarily performed by the U.S. Marshals Service when ordered**

In IFP cases, the Court may order that service of the summons and complaint be carried out by the U.S. Marshals Service and the process is initiated by the Court's order. (As explained in guidance addressing IFP service practice, an IFP plaintiff "do[es] not need to serve the summons and complaint" and "the U.S. Marshals Service will carry out this process," initiated by the Court's order of service.)

**B. Service of later-filed documents differs from service of initial process**

Practice guidance also distinguishes between service of the summons/complaint and service of "all other documents" under Rule 5.

Where counsel receives filings through ECF, service is typically accomplished through that system; where a party is unrepresented and has not consented to electronic service, service is commonly accomplished by regular mail.

**C. Email service is not a default method absent consent or ECF**

In Plaintiff's prior federal matters, motions and orders were commonly served electronically because those cases involved CM/ECF service and/or counsel who accepted electronic service. Here, Plaintiff does not have CM/ECF filing permission and Defendants have not appeared through counsel in a manner that would make ECF/email service available for service purposes.

Accordingly, if Doc. 20 requires Plaintiff to serve something personally, Plaintiff requests an order specifically authorizing service by regular mail (and identifying precisely what must be served and on whom), or alternatively directing the U.S. Marshals Service to do so.

**IV. ARGUMENT**

**A. The Court should clarify precisely what Doc. 20 requires and how service must be accomplished**

Doc. 22 states that mailing Doc. 13 did not satisfy Doc. 20. Because Plaintiff is pro se, IFP, and not permitted electronic filing, ambiguity about what documents must be served and the proper method creates a substantial risk of inadvertent noncompliance.

Plaintiff therefore requests a clarifying order stating:

1. What specific documents must be served (e.g., summons, FAC, Doc. 20, Doc. 13, waiver forms, USM-285 forms, etc.);
2. On which defendants and at what addresses; and
3. What method of service is required (U.S. Marshal, waiver, certified mail, or first-class mail).

**B. To the extent Doc. 20 contemplates service of initial process, the Court should direct the U.S. Marshals Service to complete it**

Plaintiff is proceeding in forma pauperis. Requiring Plaintiff to arrange personal service by private process server on six defendants would impose substantial out-of-pocket costs that are infeasible given Plaintiff's financial status and would materially impede access to court. The IFP statute is intended to preserve access to the federal courts regardless of economic status, and Rule 4(c)(3) contemplates court-ordered service by the U.S. Marshals Service for IFP litigants. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3)

IFP practice commonly provides that the U.S. Marshals Service carries out service of process when authorized, and that the plaintiff need not personally serve the summons and complaint.

If Doc. 20's "service obligations" relate to service of process, Plaintiff requests that the Court enter an order directing the U.S. Marshals Service to serve the required documents on each named defendant (and, if necessary, direct the Clerk to issue summonses).

**C. Alternatively, if the Court intends Plaintiff to serve Doc. 20 and/or other orders, the Court should expressly authorize service by U.S. Mail and deem Plaintiff's mailing sufficient or permit re-service**

Plaintiff respectfully includes this clarification in support of the requested relief: Plaintiff is proceeding pro se and is a full-time graduate student (program commenced January 6, 2026). Conventional paper filing for routine, short-deadline administrative matters (printing, copying, travel, postage, and tracking) imposes substantial recurring burdens and increases the risk of delay, whereas limited CM/ECF filing permission would materially advance the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. This request is not intended to reargue matters previously decided; it is offered to explain the practical case-management burdens and changed circumstances supporting the relief requested, consistent with the Court's guidance that reconsideration is not a

vehicle to repeat prior arguments. Plaintiff can comply with CM/ECF technical requirements and file searchable PDFs, and Plaintiff regularly monitors email and electronic notices; notably, the Ninth Circuit affirmatively encourages capable pro se litigants to register for electronic filing without special permission, underscoring that e-filing is feasible for self-represented parties who can comply with the system's requirements.

If the Court intends Plaintiff to serve a Court order (rather than initial process), Plaintiff requests an order confirming that service by first-class U.S. Mail is acceptable for that purpose and that Plaintiff's prior mailing either constitutes substantial compliance or that Plaintiff may re-serve the specified materials by mail within a new deadline.

### D. Extension of time is warranted

Because Doc. 22 states that the Doc. 20 deadlines remain unaffected, Plaintiff respectfully requests an extension of time to comply with Doc. 20, measured from the Court's clarifying order, so that the obligations can be satisfied precisely as the Court intends.

### V. REQUESTED RELIEF

For the reasons stated, Plaintiff respectfully requests that the Court:

1. Clarify what "service obligations" are required by Doc. 20, including what documents must be served, on whom, and by what method;
2. Order the U.S. Marshals Service to serve the documents required by Doc. 20 on each defendant; or, alternatively, expressly authorize Plaintiff to satisfy Doc. 20 via service by first-class U.S. Mail and set a new deadline to do so;
3. Extend any deadlines in Doc. 20 until after the Court issues the requested clarification and/or service order; and
4. Grant such other relief as the Court deems just.

Dated: February 6, 2026

Respectfully submitted,

s/Daniel T. Doria

---

Daniel T. Doria
Plaintiff Pro Se
989 S Main St Ste A PMB 407
Cottonwood, AZ 86326
702-279-5326
danieldoria105@yahoo.com