# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T. Doria, | No. CV-26-08003-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Happy Jack Lodge LLC, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Clarification and for Order Directing Service by the U.S. Marshals Service (Or, Alternatively, Authorizing Service By Mail) And For Extension of Time (Doc. 23).

The Court already directed the U.S. Marshals Service ("USMS") to complete service of process in its Order dated January 30, 2026. (Doc. 20). In so ordering, the Court directed Plaintiff to complete and return the service packet prepared by the Clerk of Court before the USMS can carry out service of process. (*Id*. at 2.) Plaintiff has thirty days from the date of that Order—which falls on March 2, 2026—to complete these obligations. (*Id*.) Plaintiff does not explain why he cannot complete and return the service packet prepared by the Clerk of Court by March 2, 2026. Without good cause shown, the Court declines to extend time for Plaintiff to comply with the January 30, 2026 Order.

If Plaintiff complies with these obligations, then the USMS will receive the service packet it needs to effectuate service of process. If Plaintiff does not comply with these obligations, the USMS will not effectuate service of process, and Plaintiff is left to carry it

out pursuant to federal and state law before the service deadline of April 20, 2026. (Doc. 14.) *See* Fed. R. Civ. P. 4; Ariz. R. Civ. P. 4.1.

The Court denies Plaintiff's request to serve Defendants through regular mail, which is not a method of service permitted by Federal and Arizona law unless the traditional means (*e.g.*, personal delivery) are "impracticable." Fed. R. Civ. P. 4(e)(2), (h)(1); Ariz. R. Civ. P. 4.1(d), (I, (k). Plaintiff fails to set forth reasons as to why service by USMS is impracticable.

The Court notes that Plaintiff repeatedly references his "lack of CM/ECF filing permissions," stating that the "Court denied Plaintiff's request for electronic filing permission." (Mot. at 1–3.) Electronic filing is irrelevant to service of process required by Federal Rule of Civil Procedure 4. To the extent Plaintiff seeks permission to file electronically, Plaintiff is not prohibited from re-applying for that permission. The Court had denied Plaintiff's first request without prejudice only because the underlying complaint was dismissed, which rendered the request moot. (*See* Doc. 8 at 4.)

**IT IS ORDERED** denying Plaintiff's Motion for Clarification and for Order Directing Service by the U.S. Marshals Service (Or, Alternatively, Authorizing Service By Mail) And For Extension of Time (Doc. 23).

Dated this 19th day of February, 2026.

Honorable John J. Tuchi
United States District Judge