Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326



FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 23 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **DANIEL T. DORIA,**<br><br>Plaintiff,<br><br>V.<br><br>**ROBERT HAWS, MICHAEL MONGINI,** )<br>(Fair Housing Act, Civil Rights Conspiracy,<br>**GUST ROSENFELD, P.L.C.,** ) Arizona RV Act Retaliation, Abuse of Process)<br>**HAPPY JACK LODGE, LLC,** )<br>**COTTONWOOD SPRINGS RV, LLC,** and **BRITTNEY WALSH,** )<br><br>Defendants. | **Case No.:** 3:26-CV-08003-JJT<br><br>**NOTICE OF DISPOSITION OF RELATED STATE COURT ACTION AND FILING OF PARTY ADMISSIONS**<br><br>Assigned to:<br><br>The Honorable Judge John J. Tuchi |

**TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE that the related state court action, *Doria v. Happy Jack Lodge*, LLC, Case No. S1300CV202580488, pending in the Superior Court of Yavapai County, has been **voluntarily dismissed** by the Plaintiff and is now closed.

**1. Disposition of State Matter** On February 12, 2026, the Superior Court rejected Defendants' *Cross-Motion for Summary Judgment* and other filings on the grounds that Plaintiff's Notice of Voluntary Dismissal was effective immediately upon filing. Accordingly, there is no state court judgment or finding of fact regarding the parties' dispute.

**2. Filing of Party Admissions** Prior to the dismissal, Defendants' counsel prepared and submitted a "Separate Statement of Facts" which contains material admissions relevant to the claims pending before this Court. Although the state filing was technically rejected as moot, the statements therein constitute **admissions by a party-opponent** under Fed. R. Evid. 801(d)(2).

Plaintiff attaches a true and correct copy of Defendants' *Separate Statement of Facts* as **Exhibit A** to preserve these admissions for the record in this matter. Specifically, Plaintiff draws the Court's attention to:

- **Fact No. 6**: Defendants' formal admission that the "Immediate Notice" eviction served on Plaintiff cited the *Arizona Residential Landlord and Tenant*

Act (A.R.S. § 33-1368) and **"does not cite the Arizona RV Long-Term Rental Space Act,"** confirming Defendants' knowledge that their eviction action was statutorily defective.

- **Fact No. 7:** Defendants' admission that they possess **"no documentary evidence"** of the alleged immediate health or safety hazards, and specifically that regarding staff safety, **"None was filed"** (referring to incident or police reports).

Plaintiff provides this Notice to ensure the Court is apprised of the status of the related litigation and to preserve the evidentiary record regarding Defendants' retaliatory intent and lack of evidence.

RESPECTFULLY SUBMITTED this 13th day of February, 2026.

s/Daniel T. Doria

Daniel T. Doria

Daniel T. Doria
Plaintiff Pro Se
989 S Main St Ste A PMB 407
Cottonwood, AZ 86326
702-279-5326
danieldoria105@yahoo.com

CERTIFICATE OF SERVICE

I certify under penalty of perjury that this document was mailed
electronically to the email addresses of record for Defendant(s) at:

brittney@hmlawfirmaz.com
court@hmlawfirmaz.com
chauncey@gustlaw.com
spobrien@gustlaw.com
rhaws@gustlaw.com

Respectfully submitted this 13th day of February, 2026.


s/ Daniel T. Doria
Daniel T. Doria

Brittney K. Walsh, Esq.
State Bar No. 035279
**H & M LAW, PLLC**
P.O. Box 3700
Cottonwood, Arizona 86326
(928) 554-2070 office
(928) 438-0866 fax
court@hmlawfirmaz.com

Attorneys for Defendant HAPPY JACK LODGE, LLC

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| DANIEL T. DORIA,<br><br>Plaintiff,<br><br>Vs.<br><br>COTTONWOOD SPRINGS RV, LLC, and HAPPY JACK LODGE, LLC<br><br>Defendants. | Case No. S1300CV202580488<br><br>**DEFENDANT HAPPY JACK LODGE'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ADDITIONAL STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS**<br><br>(Hon. Linda Wallace) |
|---|---|

Defendant Happy Jack Lodge ("HJL"), by and through counsel undersigned, respectfully provides this Separate Statement of Facts in support of its Response to the Motion for Summary Judgment filed by Plaintiff Daniel Doria ("Doria").

1.   Plaintiff resides in a recreational vehicle (RV) and has occupied a rental space at Defendants' park for more than 180 consecutive days. During cross-examination on December 29, 2025, General Manager Julie Pendergast admitted that Plaintiff lives in an RV and has done so for a duration exceeding 180 days. SUPPORT: Hearing

1    Testimony of J. Pendergast (Dec. 29, 2025); see also A.R.S. § 33-2101 (defining

2    scope of RV Long-Term Rental Space Act).

3    **Defendant's Response:** Undisputed

4    2.    The parties' written lease agreement (Exhibit A to the Motion) contains a

5        handwritten, initialed modification stating: "Lessee babysits up to 4 dogs @ one time

6        typically 1–2." Ms. Pendergast examined Exhibit A on the stand and confirmed the

7        existence of this handwritten provision and its authentication by the former manager.

8        SUPPORT. Exhibit A (Lease Agreement); Hearing Testimony of J. Pendergast (Dec.

9        29, 2025).

10    **Defendant's Response:** Disputed. J. Pendergast did not testify that the manager

11   authenticated this modification. The initials next to the handwritten provision are "DTD"

12   which are Doria's. There are no other initials next to the handwritten modification.

13    3.    Plaintiff never signed any amendment or addendum revoking the pet-sitting

14        authorization. When asked under oath, "Can you point to any document where I

15        agreed to remove this authorization prior to November 2025?", Ms. Pendergast

16        answered: "No." SUPPORT. Hearing Testimony of J. Pendergast (Dec. 29, 2025).

17    **Defendant's Response:** Undisputed.

18    4.    The Defendants attempted to terminate Plaintiff's tenancy based on the pet-sitting

19        activity. Ms. Pendergast testified that the "Immediate Notice" was issued because

20        Plaintiff was "babysitting numerous dogs." When confronted with the lease

21        authorization, she testified, "Because we do not permit that under our current policies

22        and leases." SUPPORT: Hearing Testimony of J. Pendergast (Dec. 29, 2025).

23    **Defendant's Response:** Disputed. J. Pendergast's testimony, the eviction notices,

24   and communications provided numerous reasons for HJL seeking to terminate Doria.

25   These include, but are not limited to, Doria's aggressive and violent behavior, failure to

26   register his dogs and the vaccinations with HJL, failure to pick up immediately after the

27   dogs and leaving waste at his site, refusal to provide a background check and sign a new

28   lease, and Doria's handwritten voluntary termination of his lease.

5.  On November 20, 2025, Defendants served Plaintiff with an "Immediate Notice to Move" (Exhibit C). Ms. Pendergast admitted under oath that Exhibit C cites A.R.S. § 33-1368(B), a provision of the Arizona Residential Landlord and Tenant Act, and does not cite the Arizona RV Long-Term Rental Space Act. SUPPORT: Exhibit C (Eviction Notice); Hearing Testimony of J. Pendergast (Dec. 29, 2025).

    **Defendant's Response:** Undisputed.

6.  Defendants possess no documentary evidence of the alleged "immediate health or safety hazards" cited in their termination notice. Ms. Pendergast admitted the following facts under cross-examination:

    - Regarding Dog Feces: When asked to produce a single written warning sent to Plaintiff regarding dog feces between March and October 2025, she answered that only one resolved warning existed.
    - Regarding Staff Safety: When asked to produce a single incident report or police report regarding Plaintiff "accosting staff" prior to the eviction notice, she answered: "None was filed... to avoid wasting resources." SUPPORT: Hearing Testimony of J. Pendergast (Dec. 29, 2025); Defendant's Initial Disclosure Statement (confirming lack of incident reports).

    **Defendant's Response:** Undisputed, except that text messages between Doria and J. Pendergast memorialize the aggressive demeanor and threats made by Doria, which provide a basis for immediate termination under A.R.S. § 33-1368.

### HJL'S ADDITIONAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

7.  Doria's lease ended on June 9th, 2025. Plaintiff has continued a holdover tenancy month-to-month in that time. *See* **Exhibit 1**.

8.  On May 30, 2025, Doria acknowledged that he would be continuing his tenancy Month-to-Month. *See* **Exhibit 2**.

///

///

9.    On September 27, 2025, HJL sent an email to all residents seeking a new application pursuant to a change of company policies and procedures ("All Tenants Email"). Such notice warned that failure to comply with the application and background check would "result in full rate and eviction." *See* **Exhibit 3**.

10.   That same day, Doria emailed HJL refusing to comply with the background check and improperly asserting that the law states a landlord cannot change the terms of Doria's holdover tenancy. ("Requiring an existing tenant to reapply, submit to a new background check, or pay additional deposits constitutes a new set of rules to which I have not consented.") *See* **Exhibit 4**.

11.   On October 10, 2025, Doria replied to the All Tenants Email stating, "I'll go to the full rate, beginning December 10th, I believe." *See* **Exhibit 5**.

12.   Between October 2 and November 20, 2025, J. Pendergast and Doria had several phone calls about the application, background check, and new lease. During these calls, Mr. Doria called J. Pendergast a "criminal and a cunt" which Doria admitted at the preliminary injunction hearing. *See* **Exhibit 6**.

13.   Between October 7, and November 20, 2025, J. Pendergast and Doria exchanged text messages wherein Doria demanded that Mr. Mongini (the statutory agent of the LLC) pay to relocate Doria. He threatened lawsuits in his attempts to scare HJL out of pursuing their legal right to terminate the holdover tenancy. *See* **Exhibit 7**.

14.   On November 20, 2025, HJL emailed Doria again seeking reapplication. Doria refused and chose to remain a holdover tenant. *See* **Exhibit 8**.

15.   On November 20, 2025, HJL issued a Notice of Material and Irreparable Breach and Immediate Notice to Move out based on Doria's aggressive and threatening behavior, including calling HJL's manager, J. Pendergast derogatory and sexist names. *See* **Exhibit 9**.

16.   On November 21, 2025, HJL emailed Doria with a corrected invoice confirmed Doria's payment through January 9, 2026. Doria responded with an inquiry about pro-rated rent for an early move-out. ("I am coordinating a move out for my final

paid date, January 9, 2025. I need to know if I coordinate a move prior to that date, will Cottonwood Springs cooperate with a refund of any remaining unused rent already paid?") *See* **Exhibit 10.**

17. On November 25, 2025, HJL responded to Doria's inquiry confirming his move-out date and mutually terminating the lease agreement. ("Mutually, we are also notifying you of our notice to terminate our lease agreement with you, with a termination date of January 9th, 2026... Yes, I will agree to pro-rate your rent and issue a credit if one is due following an early move-out. The only outstanding balance to date is the $81.67 due December 9th, 2025 and any electrical charges due at the time of move-out.") *See* **Exhibit 11.**

18. Also on November 25, 2025, Doria confirmed to HJL that he would be terminating his residency stating, "1) My move out date is January 9, 2026. 2) Rent is paid through Jan 9, but power is not and I am responsible for power through move out. 3) If move out occurs prior, a pro-rated refund if a credit balance exists, will take place in a reasonable period of time." *See Id.*

19. A Notice was hand-delivered to Doria regarding the mutual agreement to terminate the lease as of January 9, 2026. *See* **Exhibit 12.**

20. On December 1, 2025, Doria filed this action in Superior Court.

21. On December 9, 2025, HJL issued a final eviction notice believing that Doria would not comply with the mutual agreement to terminate his residency. *See* **Exhibit 13.**

22. On December 29, 2025, the Court held a preliminary injunction hearing where Doria admitted under oath that:

- Defendant did not decrease his services. Defendant did not stop his electric service, gas service, or his access to water.
- He did not make any reports to any governmental agency about building violations. And he did not make any complaints about any violations that affect health and safety.
- He did not attempt to unionize.

///

23.    At the December 29, 2025, preliminary injunction hearing, Doria admitted under oath that the "duress" he faced was the eviction notice provided and HJL's attempts to obtain a new lease.

Respectfully Submitted this 10th day of February, 2026.

**H & M LAW, PLLC**

By: /s/ Brittney K. Walsh
Brittney K. Walsh, Esq.
Attorneys for Defendant Happy Jack Lodge, LLC

The foregoing e-filed and e-served
this 10th day of February, 2026, to:

Daniel T. Doria
989 S. Main St Ste A PMB 407
Cottonwood, AZ 863236
danieldoria105@yahoo.com
Plaintiff Pro Se

COURTESY COPY emailed to:

Hon. Linda Wallace
Yavapai County Superior Court
ptb@courts.az.gov

By: /s/ Kristie Kellerhals

Defendant's Separate Statement of Fact iso Its Response to Plaintiff's Motion for Summary Judgment

6