THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _____
(Rule Number/Section)

Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326



___ FILED        ___ LODGED
___ RECEIVED     ___ COPY

MAR 23 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA
### 401 W Washington St. Phoenix, 85003

|  |  |
|---|---|
|  |  |
| **DANIEL T. DORIA,**<br><br>Plaintiff,<br><br>V.<br><br>**ROBERT HAWS,**<br>**MICHAEL MONGINI,** )<br>(Fair Housing Act, Civil<br>Rights Conspiracy,<br>**GUST ROSENFELD, P.L.C.,**<br>) Arizona RV Act<br>Retaliation, Abuse of<br>Process)<br>**HAPPY JACK LODGE,**<br>**LLC,** )<br>**COTTONWOOD SPRINGS**<br>**RV, LLC,** and **BRITTNEY**<br>**WALSH,** )<br><br>Defendants. | **Case No.:** 3:26-CV-08003-JJT<br><br>**MOTION TO CORRECT CLERICAL ERROR ON DOCKET (DOC. 29) AND MOTION FOR EXTENSION OF TIME TO SERVE**<br><br><br>Assigned to:<br><br>The Honorable Judge John J. Tuchi |

KA13587400.1.3-5

Plaintiff Daniel T. Doria, appearing *pro se*, respectfully moves this Court for an order: (1) Correcting the clerical error in the docket entry for Document 29; and (2) Granting a sixty (60) day extension of time to effect service of process under Rule 4(m).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. THE CLERICAL ERROR AT DOCUMENT 29** On March [Date], a filing was entered on the docket titled "Service Executed as to Robert Haws" (Doc. 29). This entry is factually and legally inaccurate. While Defendant Haws returned a Waiver of Service form, he—a senior partner with over 30 years of experience—returned the form **unexecuted and unsigned**.

Under **Fed. R. Civ. P. 4(d)**, a waiver is only effective if it is signed. Because Document 29 is a nullity, service has **not** been executed. The "Service Executed" label on the docket creates a procedural loophole where the Defendant appears to be served for the purpose of the 90-day clock, yet remains outside the Court's jurisdiction.

**II. HAWS AS THE "MASTERMIND" OF THE PROCEDURAL CONSPIRACY** Defendant Haws is the alleged mastermind of the conspiracy at the heart of this litigation. His conduct regarding Document 29 demonstrates that he continues to "lead the charge" in utilizing bad-faith tactics. By filing a defective waiver, Haws has successfully:

1. Tricked the Clerk's automated system into marking service as "complete."
2. Avoided the 21-day response deadline triggered by personal service.

More disturbingly, Haws's "Master Class" in evasion appears to be the blueprint for the more novice attorneys under his influence. While Haws hides behind an unsigned form in Federal Court, his co-defendant's counsel, Ms. Walsh, is simultaneously attempting to revive a dismissed State Court case (S1300CV202580488) by representing to that tribunal that a **"phantom" injunction** from *this Federal Court* exists.

Haws is stalling the federal docket to ensure this Court cannot correct Walsh's fabrication until after the state court has ruled on a Vexatious Litigant Motion built on that very lie. As the senior supervisory attorney, Haws's failure to sign a basic federal form is not a "mistake"; it is a calculated tactical delay designed to protect the conspiracy's interests in state court.

**III. GOOD CAUSE FOR EXTENSION** Because Plaintiff is proceeding *In Forma Pauperis* (IFP), the U.S. Marshal has the duty to serve. However, the Marshals cannot pivot to personal service while the docket erroneously claims service is already "executed." Plaintiff requires an extension of time to:

1. Correct the docket record so the Marshals can proceed with personal service at Defendant Haws's place of business; and
2. Allow the Marshals time to overcome the bad-faith evasion tactics modeled by Haws and adopted by the remaining Defendants.

**IV. CONCLUSION** Plaintiff respectfully requests that the Court strike the "Service Executed" designation from Document 29 and grant a 60-day extension of the Rule 4(m) deadline to bring this mastermind-led evasion to a close via personal service.

**RESPECTFULLY SUBMITTED** this 15th day of March, 2026.

**s/ Daniel T. Doria** Plaintiff *Pro Se*

Daniel T. Doria
Plaintiff Pro Se
989 S Main St Ste A PMB 407
Cottonwood, AZ 86326
702-279-5326
danieldoria105@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2026, I electronically served a true and correct copy of the foregoing **MOTION TO CORRECT CLERICAL ERROR ON DOCKET (DOC. 29) AND MOTION FOR EXTENSION OF TIME TO SERVE** via email to the following counsel/parties:

**Brittney K. Walsh, Esq.** H & M LAW, PLLC

brittney@hmlawfirmaz.com

court@hmlawfirmaz.com

**Robert D. Haws, Esq.** Gust Rosenfeld P.L.C.

rhaws@gustlaw.com

**Michael Mongini, Esq.** Gust Rosenfeld P.L.C. & Happy Jack Lodge LLC & Cottonwood Springs RV LLC

mmongini@gustlaw.com

**Sean P. O'Brien, Esq.** Gust Rosenfeld P.L.C.

spobrien@gustlaw.com

Respectfully submitted this 13th day of March, 2026.

---

**Daniel T. Doria, Plaintiff Pro Se**
989 S. Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com

Daniel Doria
989 S. Main St Ste A PMB 407
Cottonwood AZ 86326

0013587400000011

CLERK
401 W Washington St Ste 130
Phoenix AZ 85003
USA

# See Important Information Enclosed