# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Daniel T. Doria,

      Plaintiff,

v.

Happy Jack Lodge LLC, *et al.*,

      Defendants.

No. CV-26-08003-PCT-JJT

**ORDER**

Before the Court are *pro se* Plaintiff Daniel T. Doria's two recent motions requesting various forms of relief (Doc. 33, 34). The Court will deny both.

First, in his Motion to Correct Clerical Error on Docket [Doc.29] and Motion for Extension of Time to Serve (Doc. 33), Plaintiff requests the Court to strike the "Service Executed" designation from docket entry 29. In light of this purported service defect, Plaintiff requests an extension of time to serve the remaining Defendants. In his later-filed Notice of Partial Mootness Regarding Service on Defendant Robert Haws (Doc. 36), Plaintiff notifies the Court that his request to correct the docket is now moot because "the Waiver of Service filed by Defendant Robert Haws . . . has been accepted as executed." (Doc. 36 at 2.) Still, he "maintains his request for an extension of time," but provides no reason for it. Accordingly, the Court denies the Motion.

Next, in his Notice of Defendants' Misrepresentations, Notice of Procedural Defect, and Motion for Judicial Notice (Doc. 34), Plaintiff asserts additional allegations that Defendants misrepresented to a state county court that Judge Michael T. Liburdi

issued an injunction against Plaintiff in cause number CV-25-08043, and that Defendants Walsh and Haws are being investigated by the state bar. He urges the Court to "accept this filing as notice relevant to the factual allegations already before the Court." But Plaintiff's "Notice" amounts to an improperly filed amendment to his pleading, and the Court will not consider them.

He then requests the Court take judicial notice of the terms of A.R.S. § 33-2102 and § 33-2143, but "[t]he court need not take judicial notice of relevant statutes and regulations." *Anselmo v. Cnty. of Shasta, Cal.*, 873 F. Supp. 2d 1247, 1254 (E.D. Cal. 2012). He also requests judicial notice that Judge Liburdi did not issue an injunction against harassment against him but acknowledges that Judge Liburdi issued "a routine litigation-management no-contact directive." (Doc. 34 at 2–3.) The Court declines to parse through another court's orders[1] for the absence of an injunction against harassment—as purportedly distinguished from a "no-contact directive"—because that is not the kind of fact that is not "subject to a reasonable dispute," "generally known in the community, or capable of accurate and ready determination." *Rocky Mountain Farmers Union v. Goldstene*, 719 F. Supp. 2d 1170, 1184 (E.D. Cal. 2010) (citation modified).

**IT IS ORDERED** denying Plaintiff's Motion to Correct Clerical Error on Docket [Doc.29] and Motion for Extension of Time to Serve; and Notice of Defendants' Misrepresentations, Notice of Procedural Defect, and Motion for Judicial Notice (Docs. 33, 34).

Dated this 31st day of March, 2026.

_____
Honorable John J. Tuchi
United States District Judge

---

[1] Plaintiff attaches no filing or order from this case, apparently expecting the Court to review the dozens of docket entries itself.