THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICE
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _CIVLR 5 4_
(Rule Number/Section)

Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

FILED ✓          LODGED ___
RECEIVED ___    COPY ___

MAR 3 0 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA
401 W WASHINGTON ST. PHOENIX, AZ 85003

| | |
|---|---|
| **DANIEL T. DORIA,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT HAWS, MICHAEL MONGINI,** )<br>(Fair Housing Act, Civil Rights Conspiracy,<br>**GUST ROSENFELD, P.L.C.,** ) Arizona RV Act Retaliation, Abuse of Process)<br>**HAPPY JACK LODGE, LLC,** )<br>**COTTONWOOD SPRINGS RV, LLC,** and **BRITTNEY WALSH,** )<br><br>Defendants. | Case No.: 3:26-cv-08003<br><br>**NOTICE OF FILING EXHIBITS IN SUPPORT OF SUPPLEMENTAL AUTHORITY**<br><br>Judge: The Honorable John J. Tuchi |

1. Plaintiff Daniel T. Doria hereby submits the following Exhibits in support of the Notice of Supplemental Authority filed on March 21, 2026:

2. • EXHIBIT 1: Correspondence from Gust Rosenfeld P.L.C. General Counsel Sèan O'Brien dated March 18, 2026, confirming the Defendants were "amenable" to factual corrections via sworn declarations.

3. • EXHIBIT 2: Defendant Happy Jack Lodge, LLC's Reply in Support of Motion to Deem Plaintiff a Vexatious Litigant, filed March 20, 2026, in Yavapai County Superior Court, Case No. S1300CV202580488.

4. These exhibits are submitted to document the Defendants' prior knowledge of material misstatements and their waiver of confidentiality regarding settlement communications under Fed. R. Evid. 408.

**RESPECTFULLY SUBMITTED** this 21st day of March, 2026.

**/s/ Daniel T. Doria** Plaintiff Pro Se

Plaintiff, Pro Se
989 S Main St Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2026, I served a true and correct copy of the foregoing **NOTICE OF FILING EXHIBITS IN SUPPORT OF SUPPLEMENTAL AUTHORITY**

via electronic mail to the following:

**Gust Rosenfeld P.L.C.**
spobrien@gustlaw.com

Robert Haws
rhaws@gustlaw.com

Michael Mongini
mmongini@gustlaw.com


**s/ Daniel T. Doria** Plaintiff Pro Se

Brittney K. Walsh, Esq.
State Bar No. 035279
**H & M LAW, PLLC**
P.O. Box 3700
Cottonwood, Arizona 86326
(928) 554-2070 office
(928) 438-0866 fax
court@hmlawfirmaz.com

Attorneys for Defendant HAPPY JACK LODGE, LLC

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| DANIEL T. DORIA,<br><br>Plaintiff,<br><br>Vs.<br><br>COTTONWOOD SPRINGS RV, LLC, and HAPPY JACK LODGE, LLC<br><br>Defendants. | Case No. S1300CV202580488<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT UNDER A.R.S. § 12-3201**<br><br>(Hon. Linda Wallace) |

COMES NOW Defendant, HAPPY JACK LODGE, LLC ("HJL"), by and through counsel undersigned, and submits its Reply in Support of its Motion to Deem Plaintiff a Vexatious Litigant Under A.R.S. § 12-3201.

Defendant Doria's Reply in Opposition ("Response") is further support for HJL's Motion. Notably, Doria fails to respond to the substance of the Motion. Instead, he accuses counsel of "statutory fraud," which appears to be an AI hallucination based on the "statute of frauds." Statutory fraud, however, does not exist and this is not a real estate issue triggering the use of the statute of frauds. Doria's Response is further proof that he is filing frivolous Motions, likely generated by AI and filled with AI slop.

1

Under the hallucinated premise of "statutory fraud" Doria repeats the groundless arguments that he was not a "holdover tenant" (he was) and ignores his written notice to terminate his tenancy. *See* Response at p. 3. The Response woefully ignores the scope of wrongful behavior that Doria exhibits. In fact, Doria does not address his federal lawsuit, the complaints fabricated to the Attorney General after he was evicted, or the AI-hallucinations on which he bases his litigation. He does admit that he filed an ethical complaint, which is further proof that a Vexatious Litigant determination is warranted.

Doria admits in his response he made an ethical complaint against counsel undersigned. He makes this complaint based on a language in the District Court's order issuing no-contact between "Defendants" and Doria. Doria argues that no such no-contact exists. However, the plain language of the District Court Order was provided to this Court to decide for itself. The Order states,

> **Defendants** also request a no-contact order, arguing Doria continues to contact representatives of Yavapai College directly and send "threatening and harassing emails ... to College administrators, staff, and even students," **as well as other attorneys at Defendant Haws' law firm**... The Court will grant the request as provided herein.

(emphasis added). *See* p. 11 of the August 20, 2025 Order attached to the Motion as **Exhibit B**. The Defendants, which includes Haws individually, requested a no-contact order, which the District Court granted. If this interpretation is incorrect (it isn't) there is a good faith basis to argue that Doria is violating the no-contact order with his current frivolous and baseless lawsuit against Mr. Haws. Doria claims the plan language of the order did not create a no-contact order. He further asserts that arguing this no-contact order was likely violated is a breach of counsel's duty of candor. Such argument defies logic.

Upon belief, Doria has a history of filing bar complaints to gain a "leg up" in litigation and/or to try to intimidate lawyers in active litigation against him. Doria has plead to the District Court that attorney Haws has an ethical violation against him. ("[Haws] received professional discipline for ex parte communication with the court.") *See* Doria's

///

2

First Amended Federal Complaint attached to the Motion at **Exhibit M**. No such violation exists.

An ethical violation is public record. Mr. Haws public State Bar page shows that he does not have any public discipline record. Upon belief, Doria made similar ethical complaints against Attorney Haws, when in litigation with Mr. Haws. Now Doria seeks to use these false allegations of ethical violations in litigation, despite (what appears to be) Mr. Doria's ethical complaint having been dismissed (if any ever existed). These baseless ethical complaints appear to be an extension of Doria's history of baselessly suing lawyers individually, despite the protections of litigation privilege.

Therein lies the crux of the Motion before the Court: Doria knowingly fabricates claims and expands litigation beyond reason to abuse the legal system and the defendants he targets. These baseless ethical complaints and assertions of professional discipline are "without substantial justification" and solely to harass. The admissions in his Response are further proof that he is a Vexatious Litigant under A.R.S. § 12-3201.

Doria also takes issue with the use of a Rule 408 communication in HJL's Motion. However, Doria misunderstands the scope of Rule 408. It is well-settled precedent that Rule 408 communications can be used for other purposes in litigation other than to show culpability. *See, e.g., Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (concluding that settlement negotiations were admissible in a motion to dismiss because the evidence was submitted to show <u>improper retaliatory motive</u> for pursuing the lawsuit). *See also Hernandez v. State*, 203 Ariz. 196, 199, 52 P.3d 765, 768 (2002) *quoting Ozark Auto Transp., Inc. v. Starkey*, 327 Ark. 227, 937 S.W.2d 175, 178 (1997) (quoting Ark. R. Evid. 408) ("**Rule 408 is not a blanket prohibition against the admission of all evidence concerning offers to compromise**. Instead, the rule only prohibits the introduction of such evidence when the evidence is offered to prove 'liability for, invalidity of, or amount of the claim or any other claim.'")(emphasis added).

///

///

3

Using a Rule 408 communication to show Doria's retaliatory motives is allowed. HJL brings this evidence to show that Doria demands payment before knowingly expanding litigation beyond reasonableness.

In fact, since filing its Motion, Doria has filed numerous pleadings in both Superior and Federal Court (despite not completing service and no answering documents having been filed in Federal Court), all of which misrepresent the record, facts, or procedural history. Doria's March 17, 2026, "Notice of Inconsistent Representations and Material Misrepresentations to The Court" is merely one such document showing this pattern. HJL asks this Court to take Judicial Notice of the record in the Federal Court case in making its determination on this Motion.

Each frivolous document warrants striking; however, sheer volume combined with Doria's verbal abuse to counsel makes the meet and confer impractical and unworkable. First, Doria contorts communications and misrepresents the communications to fit his narrative. This is evinced in his emails attached to the Motion as **Exhibit I** and the arguments he makes under oath about those emails. *See* Motion at 14: 12-18. Doria's phone behavior is far worse. No professional should have to face[1] verbal abuse merely for doing their job. But Doria's behavior exposes attorneys to numerous phone calls to comply with Rule 7.1 wherein Doria will yell, threaten and demean. This behavior alone warrants the protection of a vexatious litigant.

HJL brings this Motion for the protection a Vexatious Litigant designation can provide in the Superior Courts. This protection is not only for HJL, but future defendants who will inevitably be targeted by Doria's pattern of groundless litigation that he repeatedly expands into two, and sometimes three courts. Doria's history shows that he is the exact type of litigant who the legislature considered: a person who needs constraint in filing litigation to avoid future abuse of process and overwhelm the judiciary. This Motion warrants granting.

**Wherefore** HJL requests this Court deem Daniel Doria a vexatious litigant under A.R.S. § 12-3201 requiring him to seek leave of the Court before filing a new pleading,

---

[1] No professional should have to face being sued individually for merely doing their job, either. Yet Doria repeatedly sues opposing counsel as individuals, despite the protections of litigation privilege.

4

motion or other document, and any other or further relief the Court deems necessary in the circumstance.

RESPECTFULLY SUBMITTED this 20th day of March, 2026.

H & M LAW, PLLC

By: /s/ Brittney K. Walsh

Brittney K. Walsh, Esq.
Attorney for Defendant HAPPY JACK LODGE, LLC

The foregoing e-filed and e-served this 20th day of March, 2026, to:

Daniel T. Doria
989 S. Main St Ste A PMB 407
Cottonwood, AZ 863236
danieldoria105@yahoo.com
Plaintiff Pro Se

COURTESY COPY emailed to:

Hon. Linda Wallace
Yavapai County Superior Court
ptb@courts.az.gov

By: /s/ Kristie Kellerhals

5



# GUST ROSENFELD

ATTORNEYS SINCE 1921 P.L.C.

■ ONE E. WASHINGTON, SUITE 1600 ■ PHOENIX, ARIZONA 85004-2553 ■ TELEPHONE 602-257-7422 ■ FACSIMILE 602-254-4878 ■

Sèan P. O'Brien
602-257-7460
spobrien@gustlaw.com

**Via Email**

March 18, 2026

Daniel Doria

Re:   Daniel T. Doria v Happy Jack Lodge, LLC, et al

Dear Mr. Doria:

This communication constitutes protected settlement negotiations pursuant to Rule 408, Fed. R. Evid. for the express purpose of responding to your March 12, 2026, settlement proposal (the "Settlement Proposal") to Gust Rosenfeld PLC ("G.R.") and Robert Haws ("Haws") in the above referenced matter.

After due consideration of the Settlement Proposal, both G.R. and Haws are prepared to accept your Settlement Proposal subject to a limited condition and understanding between all parties. G.R. and Haws are amenable to the proposed zero-dollar walk-away settlement to release G.R. and Haws. Addressing the specific points referenced in the Settlement Proposal:

1)   Plaintiff will stipulate to dismiss with prejudice G.R. and Haws from Daniel T. Doria v Happy Jack Lodge, LLC, et al. That is acceptable to G.R. and Haws;

2)   Plaintiff will unconditionally stipulate to dismiss with prejudice the pending Ninth Circuit Court of Appeals actions in Daniel T. Doria v Yavapai College District Governing Board, et al. The limited condition or understanding between all parties is that you have technically two appeals pending before the Ninth Circuit Court of Appeals. The first appeal is referenced above and referred to in the Settlement Proposal. Your second appeal is from the District Court's award of attorneys' fees and costs of $7,500. So that there is no misunderstanding, the Settlement Proposal refers only to the appeal of the dismissal of the underlying action and not the appeal of the District Court's award of attorneys' fees and costs of $7,500. G.R. and Haws have no opposition to you also dismissing your second appeal with prejudice, the result of which would be to leave the District Court's award of attorneys' fees and costs in place

3)   Each party shall bear their own costs and attorney fees. That is acceptable to G.R. and Haws;

4)   In exchange for the global release, G.R. and Haws would each submit a Sworn Declaration under penalty of perjury to the facts as set forth in the Settlement Proposal. That is also acceptable to G.R. and Haws, though Haws' declaration would only be in his

Daniel Doria                           -2-                        March 18, 2026

individual capacity and to the best of his knowledge and as to G.R., I would execute the Declaration on behalf of G.R. in my capacity as General Counsel.

        Mr. Doria, please let me know whether the Settlement Proposal as discussed herein is acceptable. If so, we can prepare a brief Settlement Agreement and provide you with the Sworn Declarations of G.R. and Mr. Haws. If we are not able to settle this matter, however, G.R. and Haws will have no alternative but to reach out to you as provided for in the Court's earlier Order prior to filing a Motion to Dismiss.

        Please let me know how you wish to proceed. Please acknowledge receipt.

Very truly yours,

Sèan P. O'Brien
General Counsel

SPO/slb
7995507.1
Cc: Rob Haws

Daniel T. Doria, Pro Se
989 S Main St Ste A-147
Cottonwood AZ 86326

0013633307000011
Clerk
401 w Washington st
PHOENIX AZ 85003
USA

# See Important Information Enclosed