Brittney K. Walsh, Esq.
State Bar No. 035279
**H & M LAW, PLLC**
P.O. Box 3700
Cottonwood, Arizona 86326
(928) 554-2070 office
(928) 438-0866 fax
court@hmlawfirmaz.com

Attorneys for Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs RV, LLC and Happy Jack Lodge, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL T. DORIA,<br><br>                Plaintiff,<br><br>        vs.<br><br>ROBERT HAWS, MICHAEL MONGINI, ) (Fair Housing Act, Civil Rights Conspiracy, GUST ROSENFELD, P.L.C.,) Arizona RV Act Retaliation, Abuse of Process) HAPPY JACK LODGE, LLC, ) COTTONWOOD SPRINGS RV, LLC, and BRITTNEY WALSH, )<br><br>                Defendants. | Case No.  3:26-cv-08003<br><br><br>**MOTION TO STAY PROCEEDINGS PENDING SUPERIOR COURT JUDGMENT** |

Comes now counsel for Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs RV, LLC and Happy Jack Lodge, LLC ("Happy Jack Defendants"), pursuant to the Federal Rules of Civil Procedure Rule 7(b) requesting a stay of proceedings pending a final ruling in the Yavapai County Superior Court, Case No. S1300CV202580488.

## I.   FACTUAL BACKGROUND

1.   On December 1, 2025, Plaintiff Daniel Doria ("Doria") filed a Complaint in Yavapai County Superior Court for Declaratory Judgment, Breach of Contract, and Permanent Injunction based on the underlying lease agreement and same nucleus of operative facts at issue in this action.

2.   On December 15, 2025, Doria amended his Complaint seeking Breach of Contract, Retaliation, and Injunctive Relief.

3.   On December 29, 2025, the Superior Court held a contested hearing on Doria's Motion for Preliminary Injunction.

4.   On December 30, 2025, Doria filed a Motion for Partial Summary Judgement in his Superior Court case.

5.   On January 5, 2026, the Superior Court issued a Ruling on the Preliminary Injunction denying Doria's request for injunctive relief.

6.   On January 12, 2026, Defendants sought an eviction action in the Verde Valley Justice Court based on Doria's written voluntary termination of his tenancy as of January 9, 2026.

7.   That same day, on January 12, 2026, Doria filed a Complaint for Declaratory Relief and Injunctive Relief in the Arizona District Court.

8.   On January 14, 2026, Doria sought to remove the Justice Court proceedings to this Court alleging federal question and admitting, "This eviction action arises from the same nucleus of apparatus facts as the currently pending federal litigation in this court." Attached hereto as **Exhibit A**.

9.   The Justice Court denied the removal.

10.   On January 19, 2026, Doria improperly filed a Notice of Voluntary Dismissal under Arizona Rules of Civil Procedure Rule 41(a)(1)(A)(i) seeking to dismiss his Superior Court action. His Notice admits "Plaintiff has incorporated the claims regarding retaliation and violations of the Arizona RV Long-Term Rental Space Act into his active Federal Lawsuit," and the Federal case is "duplicative litigation". Attached hereto as **Exhibit B**.

11.    Superior Court Defendants objected to dismissal without prejudice.

12.    On January 20, 2026, per this Court's order, Doria amended his Federal Complaint.

13.    At a hearing on January 21, 2026, in the Justice Court, the Court denied Doria's Notice of Removal because the Federal Courts lack jurisdiction over evictions. The Justice Court entered Judgment against Doria.

14.    At the January 21, 2026 hearing, Doria introduced evidence and testimony regarding his retaliation and discrimination claims.

15.    The Justice Court Order states, "After inquiry by the court, the court finds defendant has no legal basis or defense for the failure to leave the property."

16.    Doria did not appeal the Justice Court Judgment.

17.    On February 10, 2026, Superior Court Defendants Happy Jack and Cottonwood Springs filed a Response to Doria's Motion for Summary Judgment and a Cross Motion for Summary Judgment.

18.    On February 10, 2026, Superior Court Defendants Happy Jack and Cottonwood Springs filed a Motion for Judgment on the Pleadings.

19.    To date, the Motion to Dismiss and the Motions for Summary Judgment have been fully briefed for the Superior Court. The Court has not issued a ruling on the Motions.

20.    On February 17, 2026, Doria sought voluntary dismissal under Ariz. R. Civ. P. Rule 41(a)(2). Defendants once again objected.

21.    Pending before the Superior Court are a Motion to Deem Danial Doria a Vexatious Litigant, Doria's Motion for Partial Summary Judgment, Defendants' Motion for Summary Judgement, Motion for Judgment on the Pleadings, Doria's Motion for dismissal under Ariz. R. Civ. P. Rule 41(a)(2), and Doria's two Motions to Strike.

The procedural history shows that Doria implicitly (and arguably explicitly) admits that his federal action is the same as the Superior Court action and he is forum-shopping. He seeks to start anew on his claims and allegations with each new Amended Complaint telling a different story than the last.

Justice requires a stay on this case pending final judgment in the Superior Court case to avoid duplicative litigation, preserve judicial economy, and to avoid inconsistent rulings on the same or similar claims and issues.

## II.    LEGAL AUTHORITY

With respect to the motion to stay the proceedings, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Flores v. Bennett, 675 F. Supp. 3d 1052, 1060 (E.D. Cal. 2023) citing Landis v. N. Am. Co., 299 U.S. 248, 250, 57 S. Ct. 163, 164, 81 L. Ed. 153 (1936). A court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings [ ] bear[s] upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Id. at 864. As previously mentioned, the Landis factors help guide the analysis of when a stay is appropriate; they include (1) the possible damage of granting the stay; (2) the hardship or inequity on the movant by not granting the stay; (3) the orderly course of justice. CMAX, Inc. v. Hall, 300 F.2d 265, 267 (9th Cir. 1962)

## III.    ARGUMENT FOR A STAY ON PROCEEDINGS

### A.    The Possible Damage of Granting A Stay

Doria testified to some of the facts before this Court at his Justice Court eviction. The Court entered judgment against him. The remaining issues regarding the lease agreement remain pending in another venue. If Doria's claims have merit, he has presented them to a tribunal in a Partial Motion for Summary Judgment.

Doria initiated the Superior Court action on the same underlying facts and issues alleged in this Court. The concurrent litigation in Superior Court, has reached dispositive motions. These motions remain pending. Because dispositive motions are pending and the

///

Superior Court has not issued an order closing the proceedings, Doria faces no inequity in staying this action pending a final decision by the Superior Court.

In his Superior Court case, Doria had the opportunity to conduct discovery on his claims, including discovery around the communications – of which there are none – between the newly named parties: Mongini, Walsh, and Haws. A stay of these proceedings merely ensures that Doria doesn't get duplicative or inconsistent results.

Based on the evidence presented at the preliminary injunction hearing, Doria was so confident in his case he sought partial summary judgment. There is no prejudice, "hardship or inequity" in allowing the Superior Court to issue a final order on the numerous pending motions before proceedings on any remaining claims in this Court. See CMAX, supra.

### B.    The Hardship or Inequity on the HJL Defendants By Not Granting A Stay

While Doria faces no hardship from a stay of proceedings, the HJL Defendants face inequity without a stay of proceedings. This is the third forum in which Doria brings claims regarding the same nexus of facts. Doria admits the Justice Court action "arises from the same nucleus of apparatus facts as the currently pending federal litigation". See Doria's Notice of Removal in the Verde Valley Justice Court at **Exhibit A**. He further admitted, "Plaintiff has incorporated the claims regarding retaliation and violations of the Arizona RV Long-Term Rental Space Act into his active Federal Lawsuit," and the Federal case is "duplicative litigation". See Doria's Notice of Voluntary Dismissal at **Exhibit B**. By refusing to stay, the Court risks inconsistent outcomes, duplicative litigation, and wasting party and judicial resources.

Moreover, the story Doria tells this Court is wildly different than the *under oath* testimony and evidence presented at the preliminary injunction hearing. By changing his story, he brings inapplicable federal questions. Here, Doria brings in three more Defendants: Robert Haws, Michael Mongini, and Brittney Walsh. However, the issues Doria asserts against these parties have been addressed in Superior Court filings[1] and

---

[1] Evidence disclosed in the Superior Court case – and used in various Motions before the Superior Court – show that Doria's assertions that Mongini and Walsh issued eviction

discovery. The claims against these defendants rely on his underlying claims of retaliation and discrimination, which are currently being tried in the Superior Court.

Upon a final decision in Superior Court, the remaining claims, if any, can be disposed of or tried in this venue. This allows HJL Defendants to seek dismissal of claims subject to *res judicata*. HJL Defendants currently face the same litigation in two venues. Allowing concurrent litigation is likely to lead to inconsistent results to the detriment of all parties.

### C.    The Orderly Course Of Justice

To avoid the risk of inconsistent findings between the three courts, and in the interest of conserving judicial and party resources, HJL Defendants move this Court to stay these proceedings. There is no injustice to stay this case pending a final order in Superior Court, as Doria's claims in another venue regard the same underlying lease and facts that are before this Court.

Accordingly, Defendant respectfully requests this Court stay this action until the Superior Court issues a final order.

## IV.    CONCLUSION AND REQUESTED RELIEF

Because this cause of action poses a risk of inconsistent findings by the various courts involved, and because the concurrent litigation initiated by Doria in Superior Court has pending Motions for Summary Judgment filed before this action was commenced, "justice so requires" a stay pending resolution of these issues in the Superior Court where these same allegations are currently being litigated.

RESPECTFULLY SUBMITTED this 14th day of April, 2026.

**H & M LAW, PLLC**

By: */s/ Brittney K. Walsh*
　　　Brittney K. Walsh, Esq.
　　　Attorneys for Defendants Michael Mongini,
　　　Brittney K. Walsh, Cottonwood Springs,
　　　LLC and Happy Jack Lodge, LLC

---

notices (see FAC at ¶ 18) and that there is evidence of collusion between Mongini or Walsh and Haws are patently false and perjurious.

ORIGINAL of the foregoing efiled this 14th day of April, 2026, with:

Clerk of the Court
US District Court
401 W. Washington St.
Suite 130, SPC 1
Phoenix, AZ  85003-2118

COPIES of the foregoing e-served this 14th day of April, 2026, to:

Daniel T. Doria
989 S. Main St Ste A PMB 407
Cottonwood, AZ 863236
danieldoria105@yahoo.com
*Plaintiff Pro Se*

By:  */s/ Kristie Kellerhals*