THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CIVLR 5.4

(Rule Number/Section)



___ FILED        ✓ LODGED
___ RECEIVED     ___ COPY

APR 1 0 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

## UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA
### 401 W WASHINGTON ST. PHOENIX, AZ 85003

| | |
|---|---|
| **DANIEL T. DORIA,** Plaintiff, v. **ROBERT HAWS, MICHAEL MONGINI**, ) (Fair Housing Act, Civil Rights Conspiracy, **GUST ROSENFELD, P.L.C.,** ) Arizona RV Act Retaliation, Abuse of Process) **HAPPY JACK LODGE, LLC,** ) **COTTONWOOD SPRINGS RV, LLC**, and **BRITTNEY WALSH,** ) Defendants. | **Case No.:** 3:26-cv-08003 <br><br> **SECOND AMENDED COMPLAINT WITH JURY DEMAND** <br><br> **(1) Violation of Fair Housing Act (42 U.S.C. § 3601 et seq.)** <br> **(2) Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))** <br> **(3) Abuse of Process/Fraud Upon the Court** <br> **(4) Intentional Infliction of Emotional Distress** <br><br> **TRIAL DEMANDED** |

## I. INTRODUCTION

1. This is a civil rights, housing retaliation, and civil conspiracy action arising from a coordinated, bad-faith campaign to displace Plaintiff from his residence and subsequently manufacture fraudulent state court sanctions to shield Defendants from federal liability.

2. After Plaintiff asserted his protected rights under the Fair Housing Act (FHA) and the Arizona Long-Term Recreational Vehicle Rental Space Act, Defendants initiated a pretextual eviction process. To launder the retaliation, Defendants used three unlawful eviction notices to coerce a "notice to vacate" from Plaintiff, which they then weaponized to execute a "holdover" eviction.

3. Concurrently, Defendants engaged in a civil conspiracy utilizing fabricated federal citations—specifically an impossible "August 20, 2025" court order—and leveraged an unrelated $7,500 attorney fee judgment to extort Plaintiff and perpetrate a fraud upon the state court.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343(a) (Civil Rights).

5. Jurisdiction is further conferred by the Fair Housing Act, 42 U.S.C. § 3613.

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b), as the events, omissions, and property giving rise to the claims are situated in Yavapai County, Arizona.

## III. PARTIES

8. Plaintiff Daniel T. Doria is an adult individual residing at Cottonwood Springs RV Park in Cottonwood, Arizona.

9. Plaintiff is disabled within the meaning of 42 U.S.C. § 3602(h), diagnosed with severe treatment-resistant depression, anxiety disorder, and PTSD.

10. Defendant Happy Jack Lodge, LLC is an Arizona limited liability company that owns the recreational vehicle property subject to this dispute.

11. Defendant Cottonwood Springs RV, LLC manages daily operations of Cottonwood Springs RV Park, located in Yavapai County, Arizona.

12. Defendant Brittney Walsh is an attorney with H&M Law, PLLC, licensed in Arizona, who served as the agent and legal representative for Cottonwood Springs RV, LLC and Happy Jack Lodge, LLC in initiating eviction proceedings against Plaintiff.

13. Defendant Michael Mongini is an attorney and equity partner at Gust Rosenfeld, P.L.C., and is the sole or principal owner of Defendants Happy Jack Lodge, LLC and Cottonwood Springs RV, LLC.

14. Defendant Robert Haws is an attorney and equity partner at Gust Rosenfeld, P.L.C., who previously served as opposing counsel in *Yavapai College v. Doria*. In connection with his ex parte communication with the court in that matter, Haws was placed on a six-month, non-public diversion program. While this private diversion program is not classified as formal professional discipline, it served as a punitive consequence for his conduct. The underlying Bar complaint against him may have been dismissed upon completion, but only Defendant Haws can confirm that to be true. Upon information and belief, Haws subsequently involved himself in this housing dispute in coordination with his partner, Defendant Mongini, and took actions adverse to Plaintiff reflecting personal animus arising from the prior case.

15. Defendant Gust Rosenfeld, P.L.C. is an Arizona professional limited liability company headquartered in Phoenix, Arizona, employing Defendants Haws and Mongini.

## IV. FACTUAL ALLEGATIONS

### A. The Protected Accommodation and Retaliation

16. At the commencement of Plaintiff's tenancy, he verbally disclosed his need for a

reasonable accommodation related to his disabilities, specifically requesting permission to babysit dogs on the premises. This accommodation was granted and integrated into his initial lease.

17. Defendant Robert Haws had actual, prior knowledge of Plaintiff's disabilities stemming from previous litigation in *Doria v. Yavapai College.*

18. In September 2025, the Park Defendants presented Plaintiff with a new lease that explicitly revoked the dog-babysitting accommodation.

19. Plaintiff immediately transmitted an email objecting to the revocation and asserting his statutory rights under the Arizona Long-Term Recreational Vehicle Rental Space Act.

20. In direct response to Plaintiff asserting his housing rights, Defendants initiated a campaign of retaliatory harassment. On approximately November 20, November 23, and November 24, 2025, Defendants served Plaintiff with successive, baseless eviction notices.

**B. The Coerced Surrender and Pretextual Eviction**

21. Operating under the extreme duress of the three retaliatory eviction notices, Plaintiff transmitted a notice to vacate on November 25, 2025.

22. Recognizing that an eviction based on their initial retaliatory claims would

expose them to FHA liability, Defendants pivoted. They weaponized Plaintiff's coerced November 25 notice to label him a "holdover tenant."

23. Defendants proceeded with an eviction hearing in early January 2026 based entirely on this pretextual "holdover" theory, laundering the underlying FHA retaliation through a summary administrative loophole.

24. As a direct result of this retaliatory campaign, Plaintiff was forced to vacate the premises on January 23, 2026, incurring approximately $200 in direct relocation costs for the trailer, which is titled to Universal Canine Health Care Company, alongside severe emotional distress.

## C. Evidence of Coordination and Animus

25. Defendant Haws, aware of Plaintiff's disability and previous litigation, consulted with Mongini to coordinate strategy for removing Plaintiff while avoiding the appearance of a conflict of interest.

26. Haws and Mongini, through their shared employment at Gust Rosenfeld, exploited confidential knowledge from the prior case and instructed Walsh to pursue an eviction process knowing its lack of legal foundation.

27. Defendants' conduct was motivated by personal and disability-based animus and carried out beyond the scope of their official roles, satisfying exceptions to the intracorporate-conspiracy doctrine.

## D. Civil Conspiracy and Fraud on the Court

28. Anticipating federal civil rights liability, Defendants Haws and Mongini utilized their shared Gust Rosenfeld infrastructure to orchestrate a collateral attack against Plaintiff, utilizing Defendant Walsh as a surrogate in state court to shield the firm from direct liability.

29. In a March 30, 2026, state court filing, Defendant Walsh deliberately cited a fabricated "August 20, 2025" federal order to manufacture a Vexatious Litigant sanction against Plaintiff. 25. The August 20, 2025, order cited by Walsh belongs to the unrelated *Doria v. Yavapai College* docket (presided over by Judge Liburdi) and has zero factual or legal intersection with the Park Defendants.

30. Furthermore, Gust Rosenfeld partner Sèan O'Brien transmitted a demand leveraging an unrelated $7,500 attorney fee judgment (awarded by the district court in the pending *Yavapai College* appeal) as an extortionate condition to correct the "inaccurate" federal record in the instant FHA matter.

## V. CAUSES OF ACTION

### COUNT I: Fair Housing Act Retaliation and Coercion (42 U.S.C. § 3617)

31. Plaintiff incorporates all preceding paragraphs. Defendants coerced, intimidated, threatened, and interfered with Plaintiff's exercise of his protected FHA rights. The revocation of the lease accommodation, the barrage of November eviction notices, and the subsequent pretextual "holdover" eviction were direct,

retaliatory responses to Plaintiff asserting his statutory rights, resulting in his physical displacement on January 23, 2026.

### COUNT II: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))

32. Plaintiff incorporates all preceding paragraphs.

33. Defendants Haws, Mongini, Walsh, and Gust Rosenfeld engaged in a "meeting of the minds" to deprive Plaintiff of his civil rights and equal protection under the law.

34. The conspiracy utilized the Gust Rosenfeld corporate structure to orchestrate a retaliatory displacement and to manufacture fraudulent state-court sanctions (via the fabricated "August 20, 2025" citation) to moot Plaintiff's federal FHA claims.

### COUNT III: Abuse of Process / Fraud upon the Court

35. Plaintiff incorporates all preceding paragraphs.

36. Defendants willfully misused the judicial process in Yavapai County Superior Court by submitting mathematically impossible, fabricated federal citations to secure a restrictive *Steiner* Order. This action was taken not in the pursuit of justice, but for the ulterior motive of destroying Plaintiff's credibility in the instant federal litigation.

### COUNT IV: Intentional Infliction of Emotional Distress

37. Plaintiff incorporates all preceding paragraphs.

38 Defendants' conduct—specifically initiating a bad-faith eviction campaign to displace a disabled individual despite Defendant Haws and the Park Defendants having actual, prior knowledge of Plaintiff's vulnerable status—was extreme and outrageous.

39. Defendants intentionally or recklessly caused Plaintiff severe emotional distress, culminating in his coerced displacement on January 23, 2026.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, as follows:

A. Compensatory damages for actual out-of-pocket displacement costs, loss of housing, and severe emotional distress in an amount to be proven at trial, but not less than $65,000;

B. Statutory damages as permitted under the Arizona Long-Term Recreational Vehicle Rental Space Act, including but not limited to two months' periodic rent or twice the actual damages sustained;

C. Punitive damages to deter Defendants' coordinated pattern of retaliatory evictions, extortionate demands, and fraud upon the court;

D. A declaratory judgment voiding any alleged debts, back rent, or utility charges associated with the pretextual eviction, and addressing the extortionate use of the $7,500 *Yavapai College* judgment;

E. Any allowable costs or fees associated with this action; and

F. Such other and further relief as the Court deems just and proper.

**VII. JURY DEMAND** Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Daniel T. Doria Plaintiff, Pro Se

Plaintiff, Pro Se
989 S Main St Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of APRIL, 2026, I served a true and correct copy of the foregoing **Second Amended Complaint** via electronic mail to the following:

**Gust Rosenfeld P.L.C.**
spobrien@gustlaw.com

Robert Haws
rhaws@gustlaw.com


**s/ Daniel T. Doria** Plaintiff *Pro Se*