

Daniel T. Doria, Pro Se

989 S Main St. Ste A PMB 407

Cottonwood, AZ 86326

danieldoria105@yahoo.com

702-279-5326

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

401 W WASHINGTON ST. PHOENIX, AZ 85003

| | |
|---|---|
| | |
| **DANIEL T. DORIA,** | **Case No.:** 3:26-cv-08003 |
| Plaintiff, | |
| v. | **PLAINTIFF DANIEL T. DORIA'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS** |
| **ROBERT HAWS, MICHAEL MONGINI,** ) (Fair Housing Act, Civil Rights Conspiracy, **GUST ROSENFELD, P.L.C.,** ) Arizona RV Act Retaliation, Abuse of Process) **HAPPY JACK LODGE, LLC,** ) **COTTONWOOD SPRINGS RV, LLC,** and **BRITTNEY WALSH,** ) | **TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Daniel T. Doria, proceeding pro se, respectfully submits this Response in Opposition to Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs RV, LLC, and Happy Jack Lodge, LLC's Motion to Stay Proceedings.

Defendants ask this Court to suspend a federal civil-rights action based on a separate state proceeding that is not parallel in any meaningful sense, does not include all defendants, and cannot fully resolve the federal claims before this Court. The Motion should be denied because Defendants have not met the demanding standards governing a stay under either Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) or Landis v. N. Am. Co., 299 U.S. 248 (1936). The requested stay would not conserve judicial resources; it would only delay adjudication of Plaintiff's federal claims.

## I. INTRODUCTION

Defendants seek an extraordinary remedy: an open-ended stay of this federal action pending resolution of a separate state-court case involving different procedural posture, different claims, and different parties. That request is unsupported by the record and contrary to the Ninth Circuit's narrow approach to stays based on parallel state proceedings.

Although Defendants repeatedly describe the state case as if it fully encompasses this action, it does not. The state case does not include all defendants now before this Court, does not adjudicate Plaintiff's federal Fair Housing Act claims or civil-rights conspiracy claims against the newly added defendants, and is itself still burdened by unresolved motions and procedural disputes. Defendants therefore have not shown the "clearest of justifications" required to surrender this Court's obligation to exercise jurisdiction.

## II. LEGAL STANDARD

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. A stay based on parallel state proceedings is an "extraordinary and narrow exception," not the rule.

Under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), a stay is appropriate only in exceptional circumstances and only where the proceedings are sufficiently parallel to justify deferring to the state court. The Ninth Circuit has repeatedly held that exact parallelism is not required, but the proceedings must be substantially similar, and the district court must determine whether there is a substantial likelihood that the state action will resolve all or most of the issues presented in federal court.

Under Landis v. N. Am. Co., 299 U.S. 248 (1936), the party seeking a stay bears the burden to show a clear case of hardship or inequity if the case proceeds, balanced against the prejudice to the nonmoving party and the orderly course of justice. A stay is not justified by generalized appeals to efficiency alone.

## III. ARGUMENT

### A. The State Proceeding Is Not Sufficiently Parallel to Justify a Stay

Defendants' stay motion fails at the threshold because the state case is not parallel to this federal case in the sense required by Ninth Circuit law. The cases may arise from overlapping background facts, but overlap is not enough. The question is whether the state proceeding will resolve the parties' rights as to the issues presented here.

It will not.

First, the parties are not the same. The state proceeding does not include all federal defendants, including Robert Haws and Gust Rosenfeld, P.L.C., who are named in the federal complaint. A state-court ruling cannot adjudicate federal claims against parties who are not before that court.

Second, the claims are not the same. This federal action asserts claims under the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617, civil-rights conspiracy claims under 42 U.S.C. § 1985(3), retaliation, and other claims arising from conduct by the named federal defendants. Those claims are not coextensive with the state landlord-tenant and eviction issues. The state case may address some related factual questions, but it cannot fully resolve the federal statutory and constitutional issues presented here.

Third, Defendants' own motion shows the problem. They ask this Court to wait for a "final ruling" in the Superior Court, but the Superior Court has not yet entered final judgment on the pending motions described in Defendants' motion. A stay cannot be justified by speculation that a future state ruling may eventually narrow the federal case. The Ninth Circuit requires more than that.

Where there is substantial doubt that the state proceeding will resolve the federal action, a stay is improper.

That is the situation here.

**B. Defendants Have Not Shown the Exceptional Circumstances Required Under Colorado River**

The Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) emphasized that federal courts do not lightly surrender jurisdiction to state proceedings. The Court also stressed the "virtually unflagging obligation" of federal courts to exercise their jurisdiction.

The relevant factors do not support a stay here.

**1. There is no property-based jurisdiction favoring the state case.**

This is not an in rem dispute where one court first assumed control over a res. That factor does not support abstention or stay.

**2. The federal forum is not shown to be inconvenient.**

Defendants do not identify any meaningful inconvenience in litigating in the District of Arizona. Their motion rests on duplication, not inconvenience.

**3. The risk of piecemeal litigation is not enough by itself.**

Piecemeal litigation is present in many cases involving overlapping federal and state proceedings, but that alone is not an exceptional circumstance. The Ninth Circuit has warned that the mere possibility of duplicative litigation does not justify a stay absent the other Colorado River considerations.

**4. The state case is not sufficiently more advanced in a way that warrants deference.**

Defendants emphasize that summary-judgment motions are pending in state court. But a case being in motion practice is not the same as a case being capable of resolving all claims between all parties. The relevant question is not which case was filed first, but **whether the state proceeding can fully and finally resolve the dispute presented in federal court.**

**5. Federal law supplies important claims in this case.**

This federal action includes claims under federal civil-rights and housing statutes. That weighs against a stay.

**6. The state proceeding cannot adequately protect Plaintiff's federal rights as to all defendants.**

Because key federal defendants are not parties to the state case, the state court cannot provide complete relief or fully resolve the claims now before this Court.

Taken together, the Colorado River factors do not present the "exceptional circumstances" required for a stay.

The Court has already rejected attempts to substitute procedural filings for proper pleadings, and Defendants' motion repeats that problem in reverse. In striking prior filings, the Court emphasized that factual assertions belong in the operative pleading or an amendment, not in notices or other collateral submissions. Defendants' Motion to Stay attempts the same procedural end-run from the opposite direction. Rather than filing an answer and litigating disputed facts through the ordinary adversarial process, Defendants ask the Court to freeze the case based on their own disputed version of the facts and to treat those facts as established for purposes of granting relief. That is improper. A stay motion does not authorize the Court to resolve credibility disputes, accept contested allegations as true, or adjudicate the merits under the guise of docket control.

## C. Defendants Have Not Shown a Clear Case of Hardship or Inequity Under Landis

Defendants also fail under Landis v. N. Am. Co., 299 U.S. 248 (1936). They claim a stay will promote efficiency and avoid inconsistent rulings, but that is not a showing of hardship. The moving party must show more than the ordinary burden of litigation.

Here, Defendants have not shown that proceeding in this Court will cause them a concrete hardship, much less the kind of hardship that justifies

pausing a federal civil-rights action. Instead, they ask Plaintiff to wait indefinitely while state proceedings involving different parties and different claims continue.

A stay would prejudice Plaintiff in several ways:

1. It would delay resolution of his federal statutory claims.

2. It would postpone discovery and case management in this forum.

3. It would allow non-moving defendants to remain outside the reach of timely federal adjudication.

4. It would risk further evidentiary drift and prejudice from the passage of time.

The hardship is on Plaintiff, not Defendants.

## D. Defendants' Characterization of "Forum Shopping" Is Overstated and Misleading

Defendants contend that Plaintiff is forum shopping. That characterization is inaccurate.

Plaintiff's prior state-court filings reflected an effort to consolidate related disputes and avoid duplicative litigation. Plaintiff's attempt to manage

overlapping proceedings does not transform this case into abusive forum shopping. To the contrary, **Defendants were the ones who chose to maintain or oppose parallel litigation** while now asking this Court to freeze the federal case.

The issue is not labels. The issue is whether the state case can fully resolve the federal claims against all defendants. It cannot.

**E. A Stay Would Not Serve Judicial Economy Because It Would Not End the Need for Federal Adjudication**

Defendants argue that a stay would conserve judicial resources. In reality, the requested stay would only postpone the federal case without eliminating it.

Even if the state court resolves some issues, the federal case will still require adjudication of claims against parties not before the state court and claims that are distinct under federal law. That means a stay would not avoid duplicative litigation in any meaningful sense. It would simply defer this Court's work while the parties remain poised to return here later.

The Ninth Circuit's decision in Ernest Bock, LLC v. Steelman, 88 F.4th 1054 (9th Cir. 2023) is instructive: a Colorado River stay is improper where the federal litigation will not be fully resolved unless the state case ends in one of

several possible outcomes, because that uncertainty is inconsistent with the narrow and exceptional nature of the doctrine.

That reasoning applies here. A stay should not issue where the federal case will still need to proceed after the state case ends.

## IV. CONCLUSION

Defendants have not carried their burden to justify the extraordinary relief they seek. The state proceeding is not sufficiently parallel to this federal action, the state court cannot resolve all federal claims and all federal defendants, and Defendants have not shown the clear hardship required under Landis. The Motion to Stay should therefore be denied.

Plaintiff respectfully requests that the Court deny Defendants' Motion to Stay Proceedings and require Defendants to file their responsive pleadings in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted this 17th day of April, 2026.

_____

Daniel T. Doria
Plaintiff, Pro Se

Daniel T. Doria Plaintiff, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2026, I served a true and correct copy of the foregoing document via electronic mail to the following:

Gust Rosenfeld P.L.C. spobrien@gustlaw.com

Brittney Walsh brittney@hmlawfirmaz.com

Daniel T. Doria, Pro Se
989 S Main St. Ste A1 MB 407
Cottonwood AZ 86326

0013814470000011
Clerk of Court
401 W Washington St Ste 130
Phoenix AZ 85003
USA



# See Important Information Enclosed