# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T. Doria, | No. CV-26-08003-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Happy Jack Lodge LLC, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's twice-filed Motion for Leave to File Second Amended Complaint (Docs. 31 48), to which no response was filed in the time prescribed by Local Rule of Civil Procedure 7.2.

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation modified). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Id.* (citation modified).

The Court assumes the second Motion for Leave is the most accurate expression of Plaintiff's intended amendment of the two he filed and disregards the first Motion. Here, there is no indication that Plaintiff's Motion is made with a bad faith or dilatory motive, that Plaintiff previously failed to cure the deficiencies identified by the Court during the

IFP screening process, or that Defendants—who have not opposed Plaintiff's request for leave and not yet filed an answer in this matter—would be prejudiced by an amendment.

Defendants have indicated in other filings on the docket their belief that the Court will screen Plaintiff's proposed amendment. (*See* Docs. 50, 52.) The Court assumes they refer to the screening process mandated by 28 U.S.C. § 1915(a), which it already applied to Plaintiff's original pleading (Doc. 8). Plaintiff subsequently amended his pleading to cure deficiencies identified by the Court (Doc. 10), which survived screening and Plaintiff was permitted to proceed with service (*see* Docs. 13–14.) District courts in this Circuit do not interpret § 1915(a) to mandate re-screening amended complaints once a plaintiff's prior complaint survived screening. *Collins v. NDOC*, No. 222CV01795CDSBNW, 2024 WL 2061010, at *1 (D. Nev. Jan. 26, 2024) (collecting cases). Absent clear authority otherwise, the Court will not re-screen Plaintiff's proposed amendment under § 1915(a).

The Court will grant the second Motion for Leave (Doc. 48) and deny the first Motion for Leave (Doc. 31) as moot. Plaintiff is directed to refrain from filing duplicative motions on the docket, which he has done before.

Also at issue is Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs RV, LLC and Happy Jack Lodge LLC's Motion to Stay Proceedings Pending Superior Court Judgment (Doc. 47), which has been fully briefed (Doc. 54–55). Defendants request a stay of this matter pending the disposition of Yavapai County Superior Court case No. S1300CV202580488 ("Superior Court Case"), in which several motions for summary judgment are briefed but not yet resolved. (Doc. 47 at 1, 3.) Because this "case involves simultaneous and related federal and state actions, the proper analysis is under *Colorado River*, not *Landis*." *Ernest Bock, LLC v. Steelman*, 76 F.4th 842 (9th Cir. 2023). The *Colorado River* factors, of which there are eight, consider the extent to which the two proceedings involve the same parties, claims, law, and are otherwise parallel. But the briefing submitted by the parties revolved around an earlier, now amended pleading. Therefore, it is unclear whether the parties' earlier arguments are still relevant and would assist the Court.

- 2 -

**IT IS ORDERED** granting Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 48). The Clerk of Court is directed to file the proposed Second Amended Complaint with Jury Demand on the docket, currently lodged at Doc. 49.

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 31).

**IT IS FURTHER ORDERED** that, no later than **May 15, 2026**, the parties shall submit supplemental briefing, not to exceed ten (10) pages, on whether a stay under *Colorado River* is appropriate in light of the amended facts and claims presented in the Second Amended Complaint. The parties must address all eight *Colorado River* factors. To the extent that either party compares allegations, claims, or parties involved in the Superior Court Case and this matter, that party shall reference the specific portions of this docket and the Superior Court Case docket when making that comparison, attaching Superior Court Case filings as necessary. No response to the opposing party's supplemental briefing is permitted.

Dated this 29th day of April, 2026.

Honorable John J. Tuchi
United States District Judge

- 3 -