THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _CIVIL 54_
(Rule Number/Section)

Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326



☑ FILED _____ LODGED
_____ RECEIVED _____ COPY

MAY 06 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA
### 401 W WASHINGTON ST. PHOENIX, AZ 85003

| | |
|---|---|
| | CV-26-8003-PCT-JJT |
| **DANIEL T. DORIA,** <br><br> Plaintiff, <br><br> v. <br><br> **ROBERT HAWS, MICHAEL MONGINI**, ) (Fair Housing Act, Civil Rights Conspiracy, **GUST ROSENFELD, P.L.C.,** ) Arizona RV Act Retaliation, Abuse of Process) **HAPPY JACK LODGE, LLC,** ) **COTTONWOOD SPRINGS RV, LLC**, and **BRITTNEY WALSH,** ) <br><br> Defendants. | **Case No.:** 3:26-cv-08003 <br><br> PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING <br><br> DEFENDANTS' MOTION TO STAY PROCEEDINGS |

| Feature | State Action (FAC) | Federal Action (SAC) |
|---|---|---|
| Jurisdiction | Arizona Long Recreational Vehicle Long Term Rental Space Act (AZRVLTRSA). § 33-2101 et seq. | **Federal Question (42 U.S.C. §§ 3601, 1985).** |
| Defendants | Happy Jack Lodge LLC & Cottonwood Springs RV LLC | Happy Jack Lodge LLC & Cottonwood Springs RV LLC<br>Robert Haws<br>Brittney Walsh<br>Michael Mongini<br>Gust Rosenfeld |
| Legal Theory | Breach of Lease/Right to Possession. | **Civil Rights Conspiracy & FHA Retaliation.** |
| The $7,500 Debt | Not at issue. | **Central to Extortion and Fraud Claims.** |

Plaintiff respectfully submits this supplemental brief pursuant to the Court's April 29, 2026 Order. The stay motion should be denied because, in light of the Second Amended Complaint, the federal and state actions are not sufficiently parallel, the state case does not provide a complete forum for the federal claims, and the balance of the eight Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) factors does not support abstention. The amended federal pleading adds parties and claims that are not present in the state case, and

the record now makes clearer that the state action and this action seek materially different relief based on materially different legal theories.

## I. INTRODUCTION

Defendants seek to stay this case pending the outcome of Yavapai County Superior Court Case No. S1300CV202580488. But the Court's analysis must be based on the amended federal pleading, not the earlier pleading Defendants addressed. The Second Amended Complaint adds Defendants Robert Haws and Gust Rosenfeld, P.L.C., asserts federal claims under the Fair Housing Act and 42 U.S.C. § 1985(3), and alleges post-filing conduct in the state case that is not part of the state-court complaint. See SAC ¶¶ 13–15, 28–36.

Under the Ninth Circuit's recent guidance, the governing doctrine is Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), not Landis v. N. Am. Co., 299 U.S. 248 (1936), where there are simultaneous and related state and federal actions. Ernest Bock, LLC v. Steelman, 76 F.4th 842 (9th Cir. 2023).] A stay is warranted only in the exceptional case. The circumstances here are not exceptional.

## II. COMPARISON OF THE FEDERAL AND STATE ACTIONS

The Court directed the parties to compare the allegations, claims, and parties in the two matters using the specific docket references. The following comparison demonstrates why the cases are not parallel in any meaningful sense.

A. Parties

| State action | Daniel T. Doria v. Cottonwood Springs RV LLC; Happy Jack Lodge, LLC; and John Does I–X. See Exhibit A, FAC State at caption. |

| Federal action | Daniel T. Doria v. Happy Jack Lodge LLC, et al.; including Robert Haws, Michael Mongini, Gust Rosenfeld, P.L.C., Happy Jack Lodge, LLC, Cottonwood Springs RV, LLC, and Brittney Walsh. See SAC caption; SAC ¶¶ 10–15. |

The addition of Haws, Gust Rosenfeld, Walsh and Mongini is significant. The state complaint does not include them, and it does not seek relief against the law firm or the firm's alleged acts in connection with this dispute. See Exhibit A. That alone undermines a finding of parallelism because the federal case addresses different alleged actors, different conduct, and a wider conspiracy.

B. Claims

| State action | Breach of contract, retaliatory eviction under A.R.S. § 33-2148, and injunctive relief. See Exhibit A, FAC State ¶¶ 11–21. |

| Federal action | FHA retaliation/coercion under 42 U.S.C. § 3617; civil-rights conspiracy under 42 U.S.C. § 1985(3); abuse of process/fraud upon the court; and intentional infliction of emotional distress. See SAC ¶¶ 31–39. |

The state case does not assert federal civil-rights claims. It does not seek relief under the FHA or § 1985(3). It does not allege fraud on the court based on fabricated federal citations used in a separate state proceeding. See SAC ¶¶ 28–36.

C. Factual Scope

The state complaint focuses on the tenancy, the lease, the allegedly defective notices, and a retaliatory eviction theory. See Exhibit A, FAC State ¶¶ 5–21. The federal SAC includes additional factual allegations that did not exist in the state pleading, including:

- a later orchestrated retaliatory campaign involving attorneys and a law firm, SAC ¶¶ 13–15, 25–27;

- alleged use of a fabricated federal citation in a March 30, 2026 state-court filing, SAC   29;

- alleged conduct designed to damage Plaintiff's federal case, SAC ¶¶ 28, 33–36.

These are not mere re-labeled state claims. They are additional federal claims based on additional actors and additional events.

III. THE COLORADO RIVER FACTORS DO NOT SUPPORT A STAY

The eight factors are addressed below.

1. Whether either court has assumed jurisdiction over property

This factor is neutral or weighs against a stay. The federal action seeks damages and injunctive relief for civil-rights violations. It is not an in rem dispute over specific property already under the exclusive control of one court. Although the underlying tenancy concerns possession of an RV space, the federal claims extend beyond possession and seek relief for statutory civil-rights violations and conspiracy. See SAC ¶¶ 31–39.

2. Inconvenience of the federal forum

This factor weighs against a stay. Both courts are located in Arizona. There is no meaningful geographic inconvenience in litigating in the District of Arizona as opposed to Yavapai County Superior Court.

3. Avoidance of piecemeal litigation

Defendants will likely emphasize this factor, but it does not justify a stay here. The Ninth Circuit has repeatedly held that the mere possibility of duplicative litigation is not enough. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). The concern is not ordinary duplication; it is exceptional

circumstances producing waste or inconsistent control over the same narrow controversy.

Here, the cases are not identical. The state action concerns lease enforcement and retaliatory eviction. The federal action includes broader civil-rights and conspiracy claims against additional defendants and based on later conduct. A stay would not eliminate piecemeal litigation; it would simply delay adjudication of federal claims that are not fully subsumed by the state case.

4. The order in which the forums obtained jurisdiction

Although the state case was filed first, this factor is not dispositive. The relevant inquiry is not merely which case was filed first, but how far each case has progressed and whether the state proceeding will actually resolve the federal issues. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). The state case has not resolved the federal claims, and the federal case now contains different parties and different causes of action.

5. Whether federal or state law provides the rule of decision

This factor weighs strongly against a stay. The federal SAC asserts claims under the FHA and 42 U.S.C. § 1985(3), both federal statutes. See SAC ¶¶ 31–36. While the state action includes state-law issues, the federal action plainly presents federal-law issues that belong in federal court.

6. Whether the state forum can adequately protect the parties' rights

This factor does not support a stay. A state court may address the state-law eviction and contract issues, but it cannot provide the full federal forum Congress created for FHA and civil-rights claims against all defendants in the federal case as pleaded. The federal SAC seeks relief against Haws and Gust Rosenfeld, among others, for conduct not pleaded in the state action. See SAC ¶¶ 13–15, 28–36.

The critical point is that adequacy is not the same as identity. The question is not whether the state court can resolve some disputes between some parties, but whether it can resolve the entire federal controversy. It cannot.

7. Whether a stay would promote judicial economy and avoid forum shopping.

Judicial economy does not favor a stay because the two cases are not coextensive. Even if the state court resolves the lease validity and retaliation issues, the federal case will still require adjudication of the FHA, § 1985(3), and fraud-based claims, particularly as to Haws and Gust Rosenfeld. See SAC ¶¶ 13–15, 31–39.

This factor also cuts against Defendants' apparent effort to use the stay motion to obtain an indirect merits ruling. The Court has already made clear that factual matters belong in pleadings and proper dispositive motions, not in collateral filings that ask the Court to credit one side's narrative before the pleadings are joined. Defendants' motion attempts to do precisely that: it asks the Court to stay this case

based on their own version of the facts, even though the operative amended pleading now adds parties and claims that were not addressed in the prior briefing. The stay motion should not become a substitute for an answer or Rule 12 motion.

8. The presence or absence of federal jurisdictional issues

This factor weighs against a stay because the SAC raises straightforward federal questions under the FHA and § 1985(3). There is no novel jurisdictional issue suggesting deference to the state court. The case is within the core of this Court's federal-question jurisdiction.

IV. THE AMENDED FACTS AND CLAIMS MAKE A STAY LESS APPROPRIATE, NOT MORE

Judge Tuchi's order recognized that the prior stay briefing was addressed to an earlier pleading and that the amended complaint may alter the analysis. That concern is well founded.

The SAC materially expands the case in at least three ways:

1. **New defendants:** Robert Haws, Gust Rosenfeld, P.L.C., Brittney Walsh, & Michael Mongini

2. **New federal claims:** FHA retaliation/coercion and civil-rights conspiracy.

3. **New factual allegations:** alleged state-court fraud, fabricated citations, and an alleged coordinated effort to impair Plaintiff's federal rights. See SAC ¶¶ 28–36.

Those additions make the state case even less parallel than before. If the stay motion was weak on the earlier pleading, it is weaker now.

V. DEFENDANTS' MOTION IMPROPERLY ASKS THE COURT TO ACCEPT DISPUTED FACTS

Defendants' stay request turns on disputed facts about the scope of the state case, the notices, and Plaintiff's claims. A motion to stay is not the proper vehicle to resolve those disputes, and the Court should not adopt Defendants' version of events as the basis for staying this case.

The Court has already made clear that factual allegations belong in the operative complaint or an amendment, not in collateral filings. Defendants cannot use a stay motion to bypass the normal litigation sequence or obtain an early merits ruling. If they seek dismissal, they must answer the SAC or file an appropriate Rule 12 motion.

VI. CONCLUSION

Because the state and federal proceedings are not parallel in the relevant sense, because the SAC asserts federal claims and additional parties not present in the state case, and because the Colorado River Water Conservation Dist. v. United

States, 424 U.S. 800 (1976) factors do not present exceptional circumstances,

Defendants' motion to stay should be denied.

Respectfully submitted,

*/s/ Daniel T. Doria*
Daniel T. Doria, Plaintiff Pro Se
April 29, 2026

---

Daniel T. Doria Plaintiff, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2026, I served a true and correct copy
of the foregoing document via electronic mail to the following:

Gust Rosenfeld P.L.C. spobrien@gustlaw.com

Brittney Walsh brittney@hmlawfirmaz.com

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
12/15/2025  2:43PM
BY: ANGARCIA
DEPUTY

DANIEL T. DORIA
989 S Main St Ste A PMB 407
Cottonwood, AZ 86326
702-279-5326
danieldoria105@yahoo.com
Plaintiff / Pro Se

IN THE SUPERIOR COURT OF ARIZONA IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| **DANIEL T. DORIA**, | **CASE NO. S1300CV202580488** |
| Plaintiff, | |
| v. | **FIRST AMENDED VERIFIED COMPLAINT** |
| **COTTONWOOD SPRINGS RV LLC**, an Arizona Limited Liability Company; | **(Breach of Contract, Retaliation, Injunctive Relief)** |
| **HAPPY JACK LODGE, LLC**, a foreign Limited Liability Company; | |
| and JOHN DOES I-X, | **Rule 15(a) Amendment** |
| Defendants. | |

**COMES NOW** the Plaintiff, Daniel T. Doria, representing himself, and for his First Amended Complaint against Defendants, alleges as follows:

## I. JURISDICTION AND VENUE

1. **Plaintiff** is a resident of Yavapai County, Arizona, residing at [Your Address/Lot Number] (the "Premises").

2. **Defendant Cottonwood Springs RV LLC** is an Arizona limited liability company doing business in Yavapai County as the operator of the RV Park located at the Premises.

3. **Defendant Happy Jack Lodge, LLC** is a foreign limited liability company that, on information and belief, holds an ownership interest in, manages, or acts as the principal/alter-ego for Cottonwood Springs RV LLC regarding the subject property.

4. **Venue** is proper in this Court pursuant to **A.R.S. § 12-401(12)** because this action concerns the recovery of real property and the possession of a rental space located exclusively within Yavapai County. Venue is further proper under **A.R.S. § 12-401(5)** because the Defendants have contracted to perform an obligation (the Lease) within this county.

## II. GENERAL ALLEGATIONS

5. **The Contract:** On or about [Date Lease Signed], Plaintiff entered into a written Rental Agreement (the "Lease") with Defendant Cottonwood Springs RV LLC for the rental of an RV space.

6. **The Written Exception:** The Lease contains a specific, written modification authorized by Defendants' agent (Property Manager) explicitly permitting Plaintiff to engage in pet-sitting activities on the Premises. A copy of this Lease highlighting the exception is attached hereto as **Exhibit A**.

7. **The Threats:** In or around [Month/Year], Defendants' agents demanded that Plaintiff sign a *new* lease agreement that retroactively removed the written pet-sitting authorization. Defendants explicitly threatened Plaintiff with immediate eviction if he refused to sign this less favorable contract.

8. **The Retaliation:** Plaintiff refused to sign the new lease under duress, asserting his rights under the existing agreement. Immediately following this refusal, Defendants initiated a campaign of retaliatory eviction notices.

9. **The Defective Notices:** On December 9, 2025, Defendants issued a "Move-Out Notice" citing immediate termination.

   - This Notice was legally defective on its face as it cited **A.R.S. § 33-1476** (The Arizona Mobile Home Parks Act), whereas the subject property is governed by **A.R.S. Title 33, Chapter 19** (The Recreational Vehicle Long-Term Rental Space Act). A copy of this Defective Notice is attached as **Exhibit C**.

10. **The Cure:** Notwithstanding the defect, Plaintiff acted in good faith and fully cured all alleged breaches (including the removal of any guest dogs) within the statutory 10-day period provided by **A.R.S. § 33-2143**. Plaintiff provided written proof of this cure to Defendants on December 11, 2025. A copy of the Cure Confirmation is attached as **Exhibit D**.

## III. CAUSES OF ACTION

COUNT ONE: BREACH OF CONTRACT

11. Plaintiff incorporates the allegations set forth above.

12. The Lease constitutes a valid and binding contract.

13. Defendants breached the covenant of quiet enjoyment and the express terms of the Lease by attempting to terminate Plaintiff's tenancy for conduct (pet-sitting) that was expressly authorized in writing by Defendants' agent.

14. Defendants further breached the Lease by attempting to unilaterally modify material terms during the tenancy under threat of eviction.

COUNT TWO: RETALIATORY EVICTION (A.R.S. § 33-2148)

15. Plaintiff incorporates the allegations set forth above.

16. A.R.S. § 33-2148 prohibits a landlord from retaliating against a tenant by bringing an action for eviction after the tenant has complained of a violation or exercised legal rights.

17. Defendants' series of eviction notices were issued immediately after Plaintiff refused to capitulate to threats demanding he waive his existing contractual rights.

18. Defendants cannot demonstrate "Good Cause" for these actions as required by A.R.S. § 33-2148(B), because the alleged lease violations were either authorized by contract or timely cured under the statute.

COUNT THREE: INJUNCTIVE RELIEF (TRO)

19. Plaintiff incorporates the allegations set forth above.

20. Unless restrained by this Court, Defendants will continue to issue defective and retaliatory notices or attempt to lock Plaintiff out of his home, causing irreparable harm, including homelessness and loss of property.

21. Plaintiff has no adequate remedy at law because monetary damages cannot compensate for the immediate loss of shelter and safety.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

A. For a Temporary Restraining Order and Preliminary Injunction prohibiting Defendants from terminating Plaintiff's utility services, locking Plaintiff out, or filing for Eviction/Restitution absent a non-retaliatory, non-cured breach of the Lease confirmed by this Court;

B. For a finding that Defendants' prior notices were retaliatory and/or legally defective;

C. For actual damages in an amount to be proven at trial;

D. For statutory damages as allowed by law;

E. For Plaintiff's costs incurred in this action; and

F. For such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this  15th day of December, 2025.

_____

Daniel T. Doria

Plaintiff / Pro Se

## VERIFICATION

I, **Daniel T. Doria**, declare under penalty of perjury under the laws of the State of Arizona that I am the Plaintiff in this action; that I have read the foregoing First Amended Verified Complaint and know the contents thereof; and that the statements therein are true and correct to the best of my knowledge, information, and belief.

Executed on: _____

---

Daniel T. Doria


**CERTIFICATE OF SERVICE**


**I, Daniel T. Doria,** declare under penalty of perjury under the laws of the State of Arizona that

this amended complaint was served electronically to Defendant(s) via email, and electronic

service via the AZEfile Court portal, on December 15, 2025.


/s/ Daniel T. Doria
Daniel T. Doria

EXHIBIT A



# RV SITE RENTAL APPLICATION & AGREEMENT

*Exhibit B*

Please email completed application form to: info@cottonwoodspringsrv.com or drop off at office.
This application is intended for a set term Lease Rental Agreement with CWS.

**Please complete the following for __All Adults__ staying on the site and will be listed on the Rental Agreement:**

1.  Applicant Name: _Daniel T. Doria_    Cell #: _702-279-5326_
    Driver's License: _T26139287_    State Issued: _AZ_
    Email: _danieldoria105@yahoo.com_
    Home Address: _420 Happy Jack Way Spc. #177_
    City: _Cottonwood_    State: _AZ_    Zip: _86326_

2.  Applicant Name: _____    Cell #: _____
    Driver's License: _____    State Issued: _____
    Email: _____
    Home Address: _____
    City: _____    State: _____    Zip: _____
    (please attach copy of Driver's License or ID for verification purposes)

Number of adults and children staying on-site on a __regular__ basis: _1_

List names, age and relationship of __all occupants__ of the recreational vehicle:

Name: _Daniel T. Doria_    Age: _39_    Relationship: _Self_
Name: _____    Age: _____    Relationship: _____
Name: _____    Age: _____    Relationship: _____

**Rental History:**

Park Name or Current Landlord: _____
Address of Currently Renting: _____
City: _____    State: _____    Zip: _____
Telephone # of Park or Landlord: _____
Date Moved In: _____    Date Moved Out: _____
Reason for Moving: _____
Park Name or Previous Landlord: _____
Address of Previous Location: _____
City: _____    State: _____    Zip: _____
Telephone # of Park or Landlord: _____
Date Moved In: _____    Date Moved Out: _____
Reason for Moving: _____

Has either Primary Guest or any Other Occupant(s) (listed above) ever (check if applicable):

___ Been evicted or asked to move out?

___ Broken a rental agreement or lease contract?

PAGE 1

___ Been or are currently delinquent to a previous landlord?

___ A registered sex offender?

___ Been convicted of a Felony?

If any checked, please explain. _____

_____

**Employment Information:**

For Applicant Name 1: Company Name of Current Employer: Universal Canine HealthCare

Address of Employer: 9855 Main St Ste A PMB 407

City: Cottonwood  State: AZ  Zip: 86326  Phone #: 928-362-1168

Current Position: Director  Start Date: 2022

For Applicant Name 2: Company Name of Current Employer: _____

Address of Employer: _____

City: _____  State: _____  Zip: _____  Phone #: _____

Current Position: _____  Start Date: _____

If not currently employed, please explain income resources (i.e, retired, social security, etc.):

_____

Verification of income may be required by management.

**Vehicles: Lessee represents that he/she is the registered and/or legal owner of the following recreational vehicle or mobile recreational vehicle (hereinafter all general referred to as "RV").**

Year: 1999  Make: Fleetwood  Model: Prowler  Length: 25

Vehicle ID No.: 1EC1H2620X1577403

RV License Plate: T7AUFB  State: AZ

Lessee's Liability Insurance Carrier: _____

Lessee's Liability Insurance Carrier Policy No: _____

Agents Name: _____  Agent's Telephone No: _____

**Please provide a copy of the insurance declaration page to the office.**

Slide out(s)? Yes X or No ___ If yes, how many: 1

Recent photo of RV must be submitted. RV must be under 10 years old, or management approval will be required ✓

**Other Vehicles:**

Make/Model of Vehicle: Toyota Prius  Year: 2012  State/Plate #: AZ/DCA37V

Make/Model of Vehicle: _____  Year: _____  State/Plate #: _____

**References: (Rental or Professional References. Family/Friends Not Accepted)**

1. Name: Kadeem O'Berry  Cell #: 917-873-2899

   Email _____  Relationship Solar Industry Peer

2. Name: Brandon Douglas  Cell #: 905-962-8228

   Email _____  Relationship Business Partner

PAGE 2

**Emergency:**

In case of emergency, notify:

Name: David Doria    Phone: 909-567-6580    Relationship: Brother

**Pets:**

Will a pet be staying on the site: Yes X or No___. Number of pets: 2 +Petsitting If yes, please list the type, breed, and weight of all pets: Sam 16 yrs old 35LB Golden Cocker
Tima 14 yrs old 12 LBS Chi-Pom-Pom

I authorize the Cottonwood Springs RV Resort ("CWS") and their agents, including any collection authority, to obtain further address and employment information, and any necessary background screening information before, during and after the lease term for the purposes of collecting past due lease payments, late fees or any other charges that are owed to CWS. I hereby authorize a credit and/or criminal check to be made, verification of information I provided and communication with any and all names listed on this application. I understand this is an application to rent an RV space and does not constitute a rental or lease agreement in whole or part.

The undersigned Primary Guest, and all Adult Other Occupants represent that all of the above information is true and complete and authorize the verification of same by any means. Primary Guest and all Adult Other Occupants acknowledge that an investigative consumer report including information as to the character, general reputation, mode of living, whichever is applicable, may be made. Anyone on which a consumer report is made has the right to request additional disclosures and a written summary of the rights of a consumer under the Fair Credit Reporting Act. False information given shall entitle RV Park to: (1) reject this application; (2) retain the deposit in accordance with the site rental agreement; and (3) terminate Primary Guest's right of occupancy in accordance with the site rental agreement. False information may also constitute a serious criminal offense under the laws of this State.

Applicant Name 1:

Signature: _____

Printed Name: Daniel T. Doria

Date: 3-10-25

Applicant Name 2:

Signature: _____

Printed Name: _____

Date: _____

Cottonwood Springs RV Resort

Signature: _____

Printed Name: Manna Hankins

Title: Property Manager

Date: 3/10/25

-------------------------------For Internal Use Only-------------------------------

Obtained copy(ies) of IDs ☑        Application Fee Collected ☐
Obtained pictures of RV/Trailer ☑  Over 10 Years Approved ☐
Contacted Current/Previous Landlord(s) ☐  Contacted References ☐
Obtained Background ☐              Contact Employer/Income Verified ☐
Notes: _____

Person verifying information: _____    Date: _____

PAGE 3

The rules and regulations listed below apply to those who stay in this park on a Monthly and beyond basis and are in addition to the rules stated in the park's standard brochure. Our max space rental agreement is 3 months. You may extend your stay by notifying the office at least 30 days prior to your current agreement expiring. A new lease agreement must be signed 30 days prior to ensuring your current RV site.

1. This Space Rental Agreement (hereinafter referred to as "Agreement") is made and entered into for a term beginning on this 10 th day of March , 2025 (the "Effective Date") by and between Cottonwood Springs RV Resort (hereinafter referred to as "Lessor") and Daniel T. Doria and no other (hereinafter referred to as "Lessee").

2. RV SITE: Lessor hereby leases to Lessee the following RV site number: 177 (the "Site") of Cottonwood Springs RV Resort property. Lessor has the right upon twenty-four (24) hours' notice to relocate Lessee to a substantially equivalent site on the property.

3. TERM: The term of this Agreement shall commence on the date written above in paragraph 1, effective date and end on: 9 th day of June , 2025 (the "Initial Term"). Unless terminated by either party, after the expiration of the Initial Term, this Agreement shall automatically continue to a currently monthly rate basis. Note: Rate is subject to change from the initial rental agreement amount.

4. RENTAL RATE: Lessee(s) shall pay per month $ 499 ℗ plus electric, billed at: $.145 per KWH (see paragraph 6). Rent is due on or before the 1st of every calendar month. If rent is not received before the 5th of the month, a late fee will be added at $15 per day until rent is paid in full. Rent shall be paid at the park's office by credit card, check, money order or cash during business office opening hours. If Lessor must give notice to terminate the Agreement for nonpayment of rent. Lessor shall not be deemed to have waived any right to terminate by accepting partial rent for the period involved. If Lessor gives notice to terminate this Agreement for any other reason, Lessor does not waive the right to terminate by accepting rent prorated to the termination date specified in the notice. A $50.00 penalty shall be charged for all returned checks/credit cards. The monthly rent is not refundable when the Lessee leaves at any time before the final day of the month or prepaid term.

5. ELECTRIC UTILITY: Lessee shall pay Lessor, in accordance with the schedule for payment of the rate checked in Paragraph 5, above, all electrical power charges used by Lessee in connection with the use of the RV Site. This amount is based on $.145 per kWh and is calculated by Lessor. Lessee is only allowed to use the power box signed to the rented site. Lessee is not allowed to use any other power boxes on the premises. Power boxes must not be tampered with in any way. If power boxes show tampering, the Lessee will be charged for the repairs, and the Agreement will be terminated immediately. The beginning meter reading as of the Effective Date of this Agreement is 2301 kw H

6. SECURITY DEPOSIT: Lessee shall pay the amount of $ O Promotion for a security deposit, paid on _____ which shall be refunded upon termination of the Lessee's tenancy in the park to the extent that the amount is not necessary to remedy the Lessee's default in the performance of this Agreement and/or to repair damages to the space or park caused by the Lessee, not including ordinary wear. The Lessee's RV damages caused by natural disaster (flood, earthquake, drought, strong wind, etc.), and theft shall be covered by the Lessee's own RV insurance. If the Lessee is in good standing with account and a written 30-day notice, the security deposit may be used for the last month's rent. Any fees, like electricity or other fees, or outstanding balance will still be due for that last month prior to end of lease.

7. PETS: Pets are welcome with responsible pet owners. Up to two (2) pets are allowed (unless approved by management). All pets must be on a leash when outside the RV. Lessee must have proof of their pet's vaccinations available. Pet owners must clean up after their pets including all pet excrement. Do not allow your pet to use any RV site as a bathroom. Noisy, destructive, aggressive, unleashed, or dangerous pets will be cause for immediate eviction. Lessee is liable for any damage or injury caused by his or her pet. No pet shall be allowed to run loose in the park and no pet shall be left tied outside, unattended by Lessee. Pets must be kept off other people's RV spaces. Birds, rodents, and reptiles must be always kept in RV and in a cage. Describe pet(s):

Lessee(s) Initials: DTD                                                Page | 1

8. **CREDIT/DEBIT CARD ON FILE:** Lessee is to provide Lessor with information for a valid credit card to be kept on file. The credit card information will be used by Lessor to initiate payment for situations arising from the following:
   a) Any damage, or cleaning / repairing of the RV Site caused by Lessee and, or, their guests, or invitees.
   b) If Lessee vacates the RV site without paying Lessor, the total amount due under this Agreement. Final electric bill and any outstanding balance upon checking out, Lessee will be charged the total amount owed on the card.

   *If Lessor uses the credit card information for the reasons described above, Lessor will provide Lessee with a statement of account, listing the charges. In the event of reversal and/or denial of legitimate charges by Lessee, a fee of $100.00 plus attorney fees will be charged. Lessee agrees to update Credit/Debit Card on File with any changes to the card with the office.

9. **RULES AND REGULATIONS:** Lessee and their guests, invitees and all occupants shall comply with the written rules and regulations provided to Lessee. Lessee agrees to comply with all state and federal laws, rules, ordinances, and regulations applicable to Lessor's property. See Addendum B: Park Rules and Regulations.

10. **RENTING OR SUBLETTING:** Lessee shall not sublease or otherwise rent all or any portion of Lessee recreational vehicle or the premises. Lessee shall not assign or encumber his or her interest in this Rental Agreement or the premises. No consent to any assignment, encumbrance, sublease or other renting shall constitute a further waiver of the provisions of the paragraph. The only parties allowed to stay in the RV in this park are those specifically named herein. No other people may reside in the RV without the written permission from Lessor.

11. **TERMINATION OF AGREEMENT:** This Agreement may be terminated by either party upon giving a 30-day notice in writing. Lessor reserves the right to terminate this Agreement with a shorter period of notice if allowed by law. If state or local laws require an RV to be moved from the park for any reason, this Agreement will automatically terminate, and the notice time may be shorter. This Section supplements Section 4 of this Agreement; this Agreement terminates on the earliest termination dates specified in Section 4 or on the termination date established or allowed by this section.

12. **DEFAULT BY LESSEE:** The following acts constitute defaults by Lessee ("Acts of Default"):
    a) Failing to timely pay the Rental Rate, outlined in Paragraph 5, above, or other lawful charges when due under this Agreement
    b) Giving false information to Lessee, Lessee's guests and/or occupants failing to comply with this Agreement, such as violating provisions of this Agreement or committing serious misconduct or criminal acts
    c) Remaining on the Property after giving notice of termination and intent to vacate; and/or
    d) Remaining on the Property after Lessor gave notice of termination at the end of the term or an Agreement Termination Notice, outlined in Paragraph 12, above.

13. **TOWING POLICY:** Non-payment of site rent or services and or violations of rules can result in vehicles/RVs being towed and impounded at the owner's expense. A 24-hour towing/impound notice will be posted on any and all vehicles to be removed.

14. **ENTRY UPON RESIDENT'S SPACE:** The Lessor shall have a right of entry upon the land on which a recreational vehicle is situated for maintenance of utilities, maintenance of premises if the occupant fails to do so, and the protection of the park at any reasonable time. However, such an entry shall not be in a manner at a time which would interfere with Lessee's quiet enjoyment. The Lessor may enter a recreational vehicle without the prior written consent of the occupant in the case of an emergency or when the occupant has abandoned the recreational vehicle.

15. **LESSEE'S RESPONSIBILITIES:**
    a) Lessee shall be responsible for all damage caused by Lessee or any of Lessee's guests or visitors.
    b) Lessee agrees to obey all park rules and regulations contained in this Agreement, posted or distributed.

Lessee(s) Initials: DTD                                                                 Page | 2

*Lessee babysits up to 4 dogs @ one time + typically 1-2. PTD*

c)  Lessee acknowledges the space is to be used only by Lessee for private residential or recreational purposes and shall be used by no other persons except those people listed in this Agreement. No business or commercial activity of any nature shall be conducted in this park. Lessee agrees to immediately deliver possession of the space rented hereunder upon the expiration on the term of this Agreement.

d)  Lessee acknowledges and agrees that Lessor shall have no responsibility for Lessee's safety or the safety or protection of any of Lessee's possessions. Lessee acknowledges that the park entrance is not guarded or patrolled, and that Lessee is responsible for locking his/her RV in order to help prevent loss or damage. Lessee agrees to notify Lessor and/or the police in the event Lessee observes or learns of suspicious or illegal acts within the park.

e)  Lessee agrees that at the end of the term of this Agreement Lessee shall move the RV out of the park and shall have no right to leave it or sell it to be left in the park. If someone buys the RV, the buyer must move it immediately.

f)  Lessee acknowledges and agrees that the RV site is in good condition and is adequate for Lessee's use. Upon termination or expiration of this Agreement, Lessee agrees to surrender the RV site to Lessor in a similar, good condition. If Lessee fails to leave the RV site in good condition, Lessor will assess reasonable charges to Lessee for returning the RV site to good condition.

g)  Lessee agrees to hold harmless and indemnify Happy Jack Lodge dba Cottonwood Springs RV Resort, its members, and employees of all liabilities for loss or damage of property or injury of person or persons or animals arising from the use of Cottonwood Springs RV Resort property.

h)  Lessee is responsible for carrying and providing proof of insurance for all vehicles and RV.

16. LEGAL REMEDIES, PROVISIONS AND GOVERNING LAW:

a)  Lessor agrees that any notice of nonpayment of rent or termination of tenancy shall be deemed served on the day on which it is attached in a secure manner to the main entrance of the RV and, if required by law, mailed to Lessee.

b)  If written notice is required by law to terminate this rental Agreement, the tenancy shall terminate of the day designated in the Notice of Termination without regard to the expiration of the period for which rent is to be paid.

c)  In the event Lessee breaches this Agreement, Lessor shall have available to Lessor all remedies provided at law or in equity.

d)  If any action is required to enforce or interpret this Agreement, then the prevailing party shall be awarded reasonable cost and attorney fee from the losing party.

e)  If Lessee abandons the RV described herein, or any other personal property, Lessor may sell or dispose of said RV or other personal property, as permitted under Arizona law. Lessee shall pay, upon demand, all costs and expenses incurred by Lessor in the moving or storing of Lessee's RV or personal possessions, plus court costs and attorney fees incurred in selling or otherwise disposing of the personal property and/or RV abandoned by the Lessee.

f)  If any provision of this Agreement is held to be invalid, illegal or unenforceable then that provision shall not affect the validity, legality, or enforceability of the other provisions herein, then the parties agree that the remainder of this Agreement shall remain in forced and affect. Lessee shall not seek recovery of damages from Lessor for attempting to enforce such provision, rule, regulation or policy in good faith prior to receiving notice of its invalidity or illegality.

g)  No delay or omission in the exercise of any right or remedy of Lessor following the event of default by Lessee shall impair any such right or remedy or be construed as a waiver. No waiver by Lessor of Lessor's rights to enforce any provision hereof after any default on the part of Lessee shall be effective unless made in writing and signed by Lessor, nor shall it be deemed a waiver of Lessor's right to enforce each and every other provision hereof upon further or other default on the part of Lessee. Lessee understands that if Lessor fails to enforce any term of this Agreement, Lessor is still entitled to enforce the Agreement on any subsequent occasion. Acceptance of rent shall not be, or construed to be, a waiver of any breach of any term or provision of this Agreement, nor shall it reinstate, constitute or extend the term of the Agreement or affect any notice, demand or suit hereunder.

Lessee(s) Initials: _____

Page | 3

h) This Agreement constitutes the product of negotiations of the parties hereto and any enforcement hereof will be interpreted in a neutral manner and not more strongly for or against and party based upon the source of the draftsmanship hereof.

i) This Agreement constitutes the entire agreement between and among the parties, interpreted all of the terms and conditions mentioned herein or incidental hereto, and supersedes all negotiations or previous agreements between the parties or their predecessor in interest with respect to all or any part of this suspect matter hereof.

j) Lessee agrees they will not post any negative social media without first giving the Lessor the time to remedy Lessee complaints in writing. Such postings that may result in any damages or fees will be paid by the Lessee to the Lessor.

k) If Lessee or guests of the Lessee must be trespassed for any reason: A trespasser is defined as someone who knowingly enters or remains unlawfully on another person's property without permission or legal authorization to do so. Trespassing can include entering private property, hopping a fence, entering a building or structure, or remaining on the property after being asked by the owner to leave. According to Arizona Revised Statutes (A.R.S.) 13-1502, criminal trespass in the third degree. Knowingly entering or remaining unlawfully on any real property after a reasonable request to leave has been made by the Lessor, property owner, a law enforcement officer or anyone with lawful control over the property, or if the property had a notice posted that prohibited entry. If we ask you to leave, you must vacate the property. We will prosecute any violations under the criminal trespass statute. This will also constitute as immediate termination of this Agreement.

l) Criminal activity: See Addendum A

TERMS: Lessee certifies that the included printed material beginning on page 1 through page 9 (including Addendum A and Addendum B) of this Agreement has been read and the terms and conditions set forth herein are understood. Lessee further certifies that he/she has examined the space in which the subject RV is to be placed and finds it suitable and acceptable. Lessee acknowledges has also read and will comply with the Park Rules and Regulations (see Addendum B).

Lessee also acknowledges receipt of an executed copy of this Agreement including Addendums A and B.

Lessee certifies that the above information is correct and complete.

Lessee understands that if any of this information is later found to be false, it may be grounds for eviction and termination of this agreement.

Lessee authorizes the park management to conduct any credit checks or other inquiries necessary for verification of this information before or during this Agreement term.

Lessee understands that the park management has the right of refusal upon the arrival of the RV described in this application.

Lessee(s) Initials: _____

Additional acknowledgement(s):

To contact the onsite manager: Manager@cottonwoodspringsrv.com

To contact the General Manager: GMLLC@happyjacklodge.com

Lessee: _____          Lessee: _____
      Signature                                      Signature

Date: __3-10-25__                          Date: _____

Lessor: <u>Cottonwood Springs RV Resort</u>

_____
Agent's Signature

_____
Agent's Printed Name

Date: 3|10|25

Lessee(s) Initials: DTD

**Addendum A: Zero Tolerance for Criminal Activity**

**Leased Premises: Cottonwood Springs RV Resort**
**420 Happy Jack Way, Cottonwood AZ. 86326**

This Lease Addendum is incorporated into and made a part of the Agreement executed by the Lessor and the Lessee referring to and incorporating the Leased Premises.

The Lessor has zero tolerance for criminal activity in or around the Leased Premises.

This policy applies to all Lessee(s), occupants, guests, and any visitors in or around the Leased Premises. The Lessor/property manager/or agent will immediately report any evidence of criminal activity to the proper authorities, and the Lessee(s) engagement in any criminal activity is a breach of the Agreement.

The Lessee understands his/her responsibility to call the police/emergency services and report any suspicious activity observed and then notify the Lessor and/or office immediately.

The Lessee(s) understands that disturbances of the peace not only infringe on the neighbors' peaceful enjoyment of their property is a breach of the Agreement.

In the event of any criminal activity in which the Lessee(s) is directly or indirectly involved, the Lessor will take the legal measures necessary to evict the Lessee(s) from the Leased Premises. This includes but is not limited to illegal drug activity, gang involvement, organized crime and disturbances of the peace.

The Lessee(s) understand that violation of this addendum is a breach of the Agreement and will result in the Lessor taking the necessary steps towards the eviction of the Lessee(s). The Lessee(s) may then be responsible for the rent remaining due for the balance of the Lease term, court costs, attorney fees, and other charges in accordance with all applicable Arizona local laws and regulations.

Lessee Signature: _____ Date: 3-10-25

Lessee Signature: _____ Date: _____

Lessee(s) Initials: DTD

Page | 6

## Addendum B: Park Rules & Regulations

**RV and Site Appearance:**

1. Your RV must be in good repair, good physical appearance, legal/licensed, roadworthy and be certified by RVIA or RPTIA. You must be able to move your RV at any time with no expectation of prior notice. Management has complete discretion as to whether your RV meets these guidelines. If the RV is over ten years old, the Management must approve prior to move-in or change in RV listed on the original lease agreement.

2. Pop-up trailers, pick-up campers, horse trailers, and tents are not permitted.

3. Window A/C units are not allowed unless approved by management.

4. Sleeping outside the RV is not allowed.

5. A sewer hose "donut" or "L" connector is required.

6. Washing of RV or vehicles is not permitted unless you hire a mobile detailer that is fully equipped and self-contained with water. The company must be approved through management before conducting work on property.

7. Portable gazebos and canopies require management approval before being set up.

8. Portable satellite dishes or internet are allowed but must be placed within the rented site and secured. Lessor is not responsible for any damage that may occur to the satellite. Satellite dishes or internet devices may not be mounted to any to anything belonging to the park, such as rocks, trees, site electrical poles, pavement or anything affixed to the property.

9. Construction of decks, sheds or any other structures require written approval from management.

10. You may not alter the appearance of the site without prior written approval from management. This includes the addition of plants, gravel or steppingstones. Planters are allowed on hard surfaces only and must be well maintained.

11. RV skirting must be vinyl snap on type specifically designed for an RV and approved by management.

12. Off the ground fire bowls/pits are allowed but must have a spark arresting cover. Do not leave your fire unattended. Fire must be completely extinguished after each use. You are responsible for emptying ashes in the designated area. Please see management for location.

13. No outside appliances are permitted on your site. Please keep outside storage to a minimum. Periodically, you may be asked to pick-up your site.

14. Holiday decorations are allowed and even encouraged. Decorations must be contained on your site and Management has complete discretion as to whether your decorations are appropriate. Please be considerate of your neighbors when decorating and turn them off at quiet hours.

15. A dumpster will be made available. NO mattresses, large items, electronics or hazardous materials (paint, oil, etc.) are allowed.

16. Please put trash in designated dumpsters. Do not leave trash outside when the dumpster is full. Either use one of the other dumpsters on property that is not full or wait until dumpsters are empty to dispose of your trash.

16. Keep your space free of litter, including cigarette butts.

17. Ensure you do not leave any food or trash outside your RV to not entice animals to enter the park looking for food.

18. Each site is designated for only one RV.

19. RVs are to be lined up next to the water/sewer/electrical panel, where your door will open on the opposite side. At no time can the RV be parked another way resulting water/sewer/electrical hoses be run under the RV and across site to accommodate parking on incorrect side of the site.

20. DARK SKY COMMUNITY - Lighting around the perimeter of your RV is allowed. Lighting on the ground or around the bottom of the RV has no time restrictions. However, any lighting on RV or above the bottom of the RV must be turned off by 10 pm, except for illumination for walkways, roadways, parking areas, and outdoor security as detailed by Yavapai County Law Enforcement.

21. Site markers may not be moved or changed.

Lessee(s) Initials: DTD

Page | 7

**Vehicles:**

1. The Speed limit is 5MPH. Speed limit will be enforced. Fines may be charged for speeding. Habitual speeding may constitute in termination of Agreement.
2. You are allowed to have your RV and up to two (2) vehicles and must be parked within the rented spot.
3. Offsite storage is required for boats, flatbed trailers, car dollies, etc. Please contact the office for more information on storage options.
4. To maintain a pleasant looking community, we ask that any broken down, or "work in progress" cars be removed from the community. Lessee will have 24 hours to remove it, or Lessor reserves the right to have it towed at Lessee's expense.
5. No mechanical work (changing oil, etc.) is allowed.
6. No parking on any empty site, without prior written consent from management.
7. No parking on the roadways at ANY time.
8. Vehicles must be parked within your site and cannot block another site.

**Pets:**

**IMPORTANT: Please beware that coyotes, snakes and birds of prey could be in our area and could potentially pose a threat to your pet. DO NOT leave them outside unattended.**

1. Extended stay guests are allowed a total of two (2) pets.
2. Birds, rodents, and reptiles must be always kept in your RV and in a cage.
3. All pets outside must be on a leash no longer than six feet when walking, except when in an enclosed fenced area. No pet is allowed to be tied up outside.
4. Do not allow your pet to use any site as a bathroom. Always clean up after your pets.
5. Any nuisance pet must be removed from the community. We do not accept any aggressive dogs.
6. Pet owners are solely responsible for their dog/pet's behavior. Cottonwood Springs RV Park/Owner is not responsible for any incident involving your pet.

**Conduct:**

1. Quiet hours are from 10:00pm to 7:00am. Please be quiet and considerate of your neighbors.
2. Loud, obnoxious, disorderly, boisterous, or unlawful conduct or conduct that disturbs or threatens the rights, comfort, or convenience of others in or near the Property will not be tolerated.
3. Violence or the threat of violence will not be tolerated.
4. The consumption of alcohol must be confined to your RV site. You will be held to any applicable state, county and city laws.
5. Possession of explosives or other dangerous materials is prohibited.
6. Storage of hazardous materials on the RV site or on the property is prohibited.
7. Children – Minors and children must always be supervised anywhere on the property.

**Visitors:**

1. All visitors must register with the office before going to your site.
2. Visitors staying longer than 3 days must be approved by the management.
3. Visitors must park on your site or where directed by management.
4. You are responsible for your visitors and their behavior.

**Internet:**

WIFI and Fiber internet service plans are available to guests of the park. Please contact the office about service and pricing plan options.

Lessee(s) Initials: _DTD_

Page | 8

**Mail Service:**

You may have packages and mail delivered to the park. Please use your name, site number and Sedona View's main address for delivery. Please pick up your mail and packages in a timely manner. If a package or mail needs a signature for delivery, the office will sign and accept the package in the office. There will be a $5 fee added to your account for that service. The office will notify you about receiving a signed package.

**Laundry and Showers:** Coming soon.

**Check-in/Checkout:**

The Check-in is 1:00 pm on scheduled arrival date. The Checkout is 11:00 am on scheduled departure date.

Management reserves the right to change these guidelines at any time and/or refuse service for any reason. Your signature below indicates you have read, understand, and agree to follow the above guidelines.

Lessee Signature: _____  Date: 3-10-25

Lessee Signature: _____  Date: _____

page | 9

Lessee(s) Initials: _____

EXHIBIT C

Exhibit A

**Notice of Material and Irreparable Breach**
**Immediate Notice to Move**

Daniel T. Doria  Site 177
420 Happy Jack Way
Happy Cottonwood, AZ 86326

Cottonwood Springs RV
420 Happy Jack Way.
Cottonwood, AZ 86326
(928) 649-1878
GM - Julie Pendergast

Tenant(s) Name / Address / Phone

Landlord(s) or Agent's Name / Address / Phone

Notice Date: 11-20-2025

You have violated your rental agreement. **The violation(s) cannot be fixed. Your landlord wants you to move out now and return the keys immediately.** The following is what happened, where it happened and when. Attach additional sheet(s) if needed.

Your signed agreement with Cotonwood Springs RV commenced on June 9th 2025 and our agreement has been month to month, Term #3, cited on page 1, states either party may terminate anytime after the expiration of the initial term. This is our official notice of terminating our agreement due to inappropriate communication with staff and the general manager and not completing a background and new lease agreement as required by the park.

An eviction action may be or has been filed against you. If an eviction action has been filed, you have the right to appear in court to dispute the eviction action. After a hearing, the judge will decide if you have to move or if you can legally stay in the rental. If a judgment is entered against you, a Writ of Restitution (a court order to have you removed from the rental) may be issued between 12-24 hours from the date a judgment is signed and you may be required to pay damages, attorney fees, and court costs.

11/20/2025
Date

Signature   ☐ Landlord ☑ Agent   General Manager

This notice is served by:
☐ Hand delivery to (name): _____ who is the ☐ tenant ☐ occupant
☐ By certified mail (mail receipt #): _____

This notice is given under A.R.S. § 33-1368(B). The laws about this notice are found in the Arizona Residential Landlord and Tenant Act. For more information on the Act, eviction actions, and your rights, please visit the Forms and Notices (azcourts.gov), Arizona Department of Housing, AZLawHelp.org, or AZCourtHelp.org.

Arizona Supreme Court                    Page 1 of 1                    AOCEAGN4F-122823

* Also, on October 7, 2025, the general manager and on-site manager discussed you were in violation of the pet rules due to babysitting (for money) numerous dogs on the property, which is prohibited. You agreed to move-out oct 30th (end of the month)

EXHIBIT D

12/15/25, 3:41 PM                                        Gmail - Cured Breaches - Complete

 Gmail                                    Daniel Doria <dtdoria85@gmail.com>

**Cured Breaches - Complete**
1 message

**Daniel Doria** <dtdoria85@gmail.com>                        Thu, Dec 11, 2025 at 10:20 AM
To: Mike Mongini <mmongini@gustlaw.com>

Mr. Mongini,

Please note that all cited alleged lease breaches have been cured.

If there are other alleged breaches, please cite them so that they can be addressed.

If Cottonwood Springs RV LLC would like to initiate the background check process, please let me know when and where to proceed.

Notice of the cited alleged breaches and their cure notice will be filed with the court.

Regards,

Daniel Doria

**✓/** Email tracked with Mailsuite · Opt out

13897569.1.1fc-36

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood AZ 86326

0013897569000011
Clerk
401 W Washington St Ste 130
Phoenix AZ 85003
USA