**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, Arizona  85004-2553
602-257-7422
Sean P. O'Brien – 010540
spobrien@gustlaw.com
John A. Butzer – 038113
jbutzer@gustlaw.com
Attorneys for Defendants
Gust Rosenfeld P.L.C. and Robert Haws

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Daniel T. Doria,

　　　　　　Plaintiff,

　　v.

Robert Haws, Michael Mongini, Gust Rosenfeld P.L.C., Happy Jack Lodge, LLC, Cottonwood Springs RV, LLC and Brittney Walsh,

　　　　　　Defendants.

No. 3:26-cv-08003-JJT

**MOTION TO DISMISS**

　　　　Defendants Gust Rosenfeld, P.L.C. ("GR") and Robert Haws ("Haws") respectfully request dismissal of Plaintiff's Second Amended Complaint ("SAC") (Doc. 57) with prejudice.

　　　　GR and Haws have absolutely no connection with Happy Jack Lodge, LLC, Cottonwood Springs RV, LLC, or Brittney Walsh and had absolutely no involvement with the recent eviction dispute with Plaintiff.

　　　　GR and Haws' only involvement with Plaintiff has been successfully representing their client Yavapai Community College against Plaintiff in several other matters (all of which resulted in judgments in Yavapai College's favor and fee awards against Plaintiff exceeding $50,000, and all of which Plaintiff has not paid).

7940500.2

-1-

Doria's asserted claims against GR and Haws are pure spite, retaliation and harassment. The SAC is an AI generated mosh pit of generic conclusory allegations that fail to state a claim against GR and Haws. Any further attempts to amend the SAC, which itself is the second amendment of the initial Complaint, would be futile.

GR and Haws respectfully request dismissal of the SAC with prejudice.

## I.    MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* When assessing a complaint, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

A dismissal under Rule 12(b)(6) can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balisteri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Both prongs warrant dismissal here. Additionally, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II.    FACTUAL BACKGROUND

This case arose because Plaintiff was recently evicted from Cottonwood Springs RV Resort. (Doc. 16 at 6). This federal action is Doria's attempt to exact revenge.

7940500.2                                                    -2-

Defendant Mongini is a partner at GR's Flagstaff office. Outside of his work as an attorney, he operates Cottonwood Springs RV, LLC and Happy Jack Lodge, LLC. These business ventures are not associated with GR in any way. Moreover, GR has not and does not represent either entity.

Defendant Haws is a partner at GR's Phoenix office. GR, through Haws, has represented Yavapai County Community College District ("Yavapai College") in multiple litigation matters against Plaintiff. In the first case, the College evicted Plaintiff from an RV park it operates for a material breach of his lease. (Ex. 1). A Verde Valley Justice Court jury concluded that the eviction was lawful and not discriminatory because Doria breached his lease and failed to cure his breaches despite opportunities to do so. (*Id.*)

Plaintiff responded by thereafter suing Yavapai College and some of its staff in Justice Court, Superior Court, and District Court. (Ex. 2). Notably, in his federal lawsuit, he also sued Haws and another GR attorney. (*Id.*) Each of these lawsuits were baseless and vexatious. The College successfully sought dismissal of each lawsuit, obtained judgments against Plaintiff and was awarded attorneys' fees in each instance. (Ex. 3). Plaintiff has not paid any of these judgments. Moreover, due to Plaintiff's abusive behavior, the District Court issued an order prohibiting Plaintiff from contacting Yavapai College. (Ex. 4 at 11).

After being evicted by Yavapai College, Plaintiff apparently moved to the RV park in question and was recently evicted from there as well. (Doc. 16 at 6).[1] In this case, Plaintiff repeats his now familiar pattern of suing his former landlord and its counsel. But Plaintiff now also paranoidly names GR and Haws. He speculates, without basis and falsely, that they might have been involved in his latest eviction.

---

[1] The Court may take judicial notice of matters of public record without converting this motion to dismiss into a motion for summary judgment. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018).

Plaintiff's allegations against GR and Haws are conclusory, false, and delusional. The SAC is a frivolous pleading designed to maliciously harass GR and Haws in retaliation for his prior eviction and subsequent courtroom losses and judgments.

## III.    ANALYSIS

The claims listed beneath the party names in the caption of the SAC do not match the claims listed under the description of the document or in the body. (Doc. 57). For purposes of this Motion, Defendants GR and Haws will reference the claims as described in the body of the SAC. (*Id.* at 7-9).

Given the lack of clarity of who the SAC is targeting for which causes of action, this Motion will address each claim.

### A.    Violation of the Fair Housing Act

Plaintiff first alleges that "Defendants coerced, threatened, and interfered with Plaintiff's exercise of his protected FHA rights" through "revocation of the lease accommodation, the barrage of November eviction notices, and the subsequent pretextual 'holdover' eviction." (Doc. 57 at 7-8 ¶¶ 31). GR and Haws had nothing to do with the eviction or any of these communications or notices.

To demonstrate a violation of the FHA, Plaintiff must show: (1) that he is disabled; (2) that the **landlord** knew or should reasonably be expected to know of Plaintiff's disability; (3) that accommodation of the disability may be necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) the **landlord** refused to make the requested accommodation. *See DuBois v. Ass'n of Apt. Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (emphasis added).

This claim simply does not pertain to Defendants GR or Haws. Neither Defendant is, nor has ever been, Plaintiff's landlord. Consequently, this claim fails as a matter of law as to both GR and Haws. Neither has any ownership, control, or authority over the

operations of the RV park at issue.  The park is apparently owned and operated by Happy Jack Lodge or Cottonwood Springs RV.  Plaintiff's single paragraph of factual allegations on this claim does not even mention GR or Haws.  (Doc. 57 at 7-8 ¶ 31).

In other words, the SAC does not make any allegations against GR or Haws on this claim.  (*Id.*)  Instead, the SAC alleges that the landlord, meaning Happy Jack or Cottonwood Springs, took discriminatory actions against Plaintiff.  (*Id.*)  There are no facts alleged, or which could legitimately be alleged, on which to hold GR or Haws responsible for this claim.  Accordingly, this claim must be dismissed as to GR and Haws. *Balisteri*, 901 F.2d at 699.

**B.    Civil Rights Conspiracy – 42 U.S.C. § 1985(3)**

To state a claim under section 1985(3), Plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of a right or privilege of a United States citizen." *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1181 (9th Cir. 1998).

The statute is not to be construed as a general federal tort law. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1518-19 (9th Cir. 1987).  "The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971) (emphasis in original).

Plaintiff generically speculates that Haws "consulted with Mongini" to "coordinate strategy for removing Plaintiff" or "exploited confidential knowledge from the prior case and instructed Walsh to pursue an eviction process knowing its lack of legal foundation."  (Doc. 57 at 6 ¶¶ 25-26).  Not one aspect of that statement is factually true or accurate.

As an initial matter, the eviction-action court ruled that Doria's eviction had a solid legal foundation. His contention here collaterally attacking that decision is not a factual allegation the Court can construe as true.

Plaintiff was lawfully evicted from the Cottonwood Springs RV park. The judge determined that Plaintiff "has no legal basis or defense for the failure to leave the property." (Doc. 16 at 6). Accordingly, Plaintiff's allegation that the eviction action lacked "legal foundation" is patently false. (Doc. 57 at 6 ¶ 25). Moreover, Plaintiff has not been deprived of a right or privilege.

Once again, this claim has nothing to do with GR and Haws. As stated, and as proven by the public court documents, neither GR nor Haws participated in the current eviction matter in any form. (Doc. 16 at 6). Haws did not issue any eviction notices, direct any alleged refusal of rent or file the eviction action at issue. Haws did not and does not represent Happy Jack or Cottonwood Springs, nor is he involved in any way with those entities. Those entities are, and continue to be, represented by Defendant Walsh.

Ms. Walsh also does not represent Haws. In fact, the two have never even communicated with each other. Haws did not instruct her or anyone else to take any action. Further, there is simply no confidential knowledge to exploit. All the filings from the litigation between Plaintiff and Yavapai College are a matter of public record. Haws has no special knowledge about Plaintiff's alleged disability beyond Plaintiff's rote allegations in these prior litigation matters.

Plaintiff's paranoia and vindictiveness are the origins of Plaintiff's assertions, not any actual event involving GR or Haws. Plaintiff has not and cannot allege how Haws acted "in furtherance" of any alleged conspiracy.

Though difficult to decipher, it appears Plaintiff wishes to drag GR into this claim. Plaintiff alleges that somehow, GR joined the alleged "meeting of the minds" and the

conspiracy utilizing "the Gust Rosenfeld corporate structure." (Doc. 57 at 8 ¶¶ 33-34). That is the full extent of Plaintiff's insufficient and conclusory allegations. Because Plaintiff has not alleged any facts to support cognizable conspiracy claim against GR the claim must be dismissed. *Balisteri*, 901 F.2d at 699. Moreover, as to GR or Haws, Plaintiff has not sufficiently alleged any discriminatory animus.

As noted above, the SAC suggests the "conspiracy utilized the Gust Rosenfeld corporate structure to orchestrate a retaliatory displacement and to manufacture fraudulent state-court sanctions (via the fabricated 'August 20, 2025' citation) to moot Plaintiff's federal FHA claims." (*Id.* at 8 ¶ 33). There are no allegations on how the "corporate structure" was utilized to allegedly harm Plaintiff, making this allegation as conclusory and baseless as the rest.

It appears Plaintiff's allusions to an "August 20, 2025 citation" and the "impossible 'August 20, 2025' court order" are referencing Judge Liburdi's order from that date. (Doc. 57 at 2, 7 ¶¶ 3, 7). GR and Haws cannot speak to how that order has been utilized in Happy Jack or Cottonwood Springs' superior court litigation, as they are not involved in that litigation. However, the Order is genuine and therefore speaks for itself. (Ex. 4).

Plaintiff also makes a passing reference to the intracorporate-conspiracy doctrine. (Doc. 57 at 6 ¶ 27). Under this doctrine, "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). To the extent it is plead, this AI hallucinated claim fails because Plaintiff merely makes a brief, unsupported conclusory allegation that Defendants Haws and Mongini acted outside of their official capacities. (Doc. 57 at 6 ¶ 27). GR and Haws have no independent stake in Plaintiff's litigation with Happy Jack or Cottonwood Springs.

Plaintiff's allegations on each of these points read as nothing more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Iqbal*, 556 U.S. at 678.

There is a complete lack of supporting factual content for this claim. *Balisteri*, 901 F.2d at 699. Plaintiff merely offers his speculative legal conclusions, which are insufficient to defeat a motion to dismiss. *Pareto*, 139 F.3d at 699.

### 1. *The SAC makes a false allegation about Haws.*

The SAC also alleges that Haws received "a punitive consequence for his conduct" in a prior matter. (Doc. 57 at 4 ¶ 10). That is false. Plaintiff has filed three complaints with the State Bar against Haws since January 2025 in retaliation for Plaintiff's courtroom losses.[2] None have resulted in any discipline. In fact, Haws has never been disciplined in his 35 years of practice.

In one of these complaints, the State Bar offered its standard "diversion" for minor allegations as an alternative to a screening investigation. Diversion is **not** a disciplinary process. These matters are purportedly confidential, and completion of the diversion process results in dismissal of the complaint. Ariz. R. Sup. Ct. 70(b)(4).

Haws voluntarily agreed to resolve this minor complaint (that he responded to an email question from the justice court clerk addressed only to him without copying Plaintiff on his response to the clerk) by attending CLE. The matter was then dismissed. Plaintiff was made aware of the dismissal. His representation that Haws received any sort of consequence or punishment from the State Bar is patently false and a smear tactic - plain and simple.

### 2. *The SAC misrepresents GR's actions*

Plaintiff also alleges that a GR partner "transmitted a demand leveraging an unrelated $7,500 attorney fee judgment" as "an extortionate condition to correct the 'inaccurate' federal record in the instant FHA matter." (Doc. 57 at 7 ¶ 30). Once again, not one aspect of that statement is factually true or accurate.

---

[2] Plaintiff also filed a Bar complaint against another GR attorney in connection with the Yavapai College litigation. It was immediately dismissed on intake and resulted in no discipline.

On March 12, 2026, Plaintiff proposed to drop his claims against GR and Haws in this action in exchange for sworn declarations that GR and Haws were not involved in his latest eviction.  Plaintiff also proposed to dismiss his pending Ninth Circuit appeal in *Doria v. Yavapai College*, in which he also sued Haws and another GR attorney.  In response, GR partner Séan O'Brien clarified that even if Plaintiff dismissed his appeal of Judge Liburdi's ruling on the College's motion to dismiss, the separate ruling awarding attorneys' fees to the College would remain in effect.  (Ex. 5; *Compare* Ex. 4 and Ex. 6).

A review of O'Brien's letter proves the fee award was never "leveraged."  (*See* Ex. 5).  Nor was it set out as an "extortionate condition."  Upon receipt of this letter, Plaintiff changed his mind and made a settlement proposal along with a monetary demand.  That demand was summarily declined.  When he didn't get what he wanted, he chose to smear GR.

O'Brien's letter is included as an exhibit only to show Plaintiff's improper motive, not to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  Fed. R. Civ. P. 408; *Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (settlement negotiations admissible in a motion to dismiss when evidence submitted to show improper retaliatory motive).  Because Plaintiff refers to the letter in the SAC, it can be considered here.

### C.    Abuse of Process

If anyone has and is abusing process, it is Plaintiff.  In any event, the elements of an abuse of process claim are "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings."  *Liberti v. City of Scottsdale*, 258 Ariz. 496, 503 ¶ 25 (App. 2024) (quoting *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257 ¶ 11 (App. 2004)).

Arizona courts have established a high bar for abuse of process claims.  Liability may only lie when "the utilization of the procedure for the purposes for which it was

designed becomes so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure." *Nienstedt v. Wetzel*, 133 Ariz. 348, 354 (App. 1982). Further, "a generalized allegation that a defendant has misused the litigation process as a whole" cannot support such a claim. *Crackel*, 208 Ariz. at 258 ¶ 15.

Here, Plaintiff claims that "Defendants willfully misused the judicial process in Yavapai County Superior Court by submitting mathematically impossible, fabricated federal citations to secure a restrictive *Steiner* order." (Doc. 57 at 8 ¶ 36). But again, neither Haws nor GR was involved in litigating the superior court case or initiating the recent justice court eviction proceeding. A casual review of the public dockets and filed pleadings shows that no GR lawyers, including Haws, served as counsel to Happy Jack or Cottonwood Springs. (*See, e.g.*, Doc. 26 at 6-11). Once again, this claim simply does not apply to GR and Haws.

Even if considered, Plaintiff only provides a simple generalized allegation, which is prohibited by caselaw. *Crackel*, 208 Ariz. at 258 ¶ 15. This claim therefore must also be dismissed.

### D.    Intentional Infliction of Emotional Distress

Lastly, Plaintiff asserts an intentional infliction of emotional distress claim. If anyone is attempting to intentionally inflict emotional distress on others, it is Plaintiff as his long list of litigation failures and growing pile of fee awards against him aptly demonstrate.

In any event, to state a claim for intentional infliction of emotional distress, Plaintiff must establish that: (1) the conduct of defendant was "extreme" and "outrageous"; (2) defendant intended to cause emotional distress or recklessly disregarded the near certainty that such conduct would result from his conduct; and (3) severe emotional distress occurred as a result of defendant's conduct. *Citizen Publishing*

*Co. v. Miller*, 210 Ariz. 513, 516 ¶ 11 (2005) (quoting *Ford v. Revlon*, 153 Ariz. 38, 43 (1987)).

The acts must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (App. 1995) (quotation omitted).

Here, Plaintiff alleges that "Defendants" (without specifying which ones) initiated "a bad-faith eviction campaign" and that Haws had "prior knowledge of Plaintiff's vulnerable status." (Doc. 57 at 9 ¶ 38). These allegations fall far short of the "extreme and outrageous" standard outlined in *Mintz*. Additionally, Haws had no specific knowledge of Plaintiff's purported disability. Just as he has in this case (Doc. 57 at 3 ¶ 9), Plaintiff simply alleged that he was disabled in his litigation against Yavapai College. Haws did not gain any special knowledge of Plaintiff's alleged disability through that litigation.

Moreover, GR and Haws had absolutely no involvement in Plaintiff's recent eviction. This is proven by the public court documents. (Doc. 16 at 6). Moreover, Plaintiff's allegation of "bad-faith" is disproven by the judge's ruling that Plaintiff "ha[d] no legal basis or defense for the failure to leave the property." (*Id.*) GR and Haws simply did not initiate or participate in this recent eviction in any form. For these reasons, this claim must also be dismissed.

### E.     Amendment would be futile.

Denial of leave to amend is permissible where further amendment would be futile. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (per curiam). Discretion regarding leave to amend is particularly broad where a plaintiff has previously been permitted leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

7940500.2                                    -11-

Here, any amendment would be futile. All of Plaintiff's allegations stem from his latest eviction. GR and Haws were simply not involved with this action in any form. That lack of involvement is proven by the public records and the contents of the SAC. Plaintiff cannot proceed on his current baseless SAC, and he cannot amend his complaint to allege a falsity. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (a plaintiff "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false").

Moreover, the Court has already provided Plaintiff two opportunities to amend his complaint. (Docs. 8, 56). Plaintiff's SAC is now at issue and still fails to state a claim as against GR and Haws. Further amendments cannot change the facts. *See Oregon Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1073-74 (9th Cir. 2023).

**IV.    Conclusion**

In an attempt at revenge and continued harassment, Plaintiff baselessly tries to drag GR and Haws into this eviction-related action and subsequent state court litigation. The claims are meritless, spiteful and abusive. The SAC alleges nothing more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Iqbal*, 556 U.S. at 678.

Defendants GR and Haws respectfully urge the Court to dismiss the SAC with prejudice as to them, as it is frivolous, malicious, and fails to state a claim. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)); Fed. R. Civ. P. 12(b)(6).

If this Motion is successful, Defendants GR and Haws intend to seek an award of attorneys' fees and costs. A.R.S. § 12-349, Fed. R. Civ. P. 54(d).

///

///

///

///

7940500.2                                   -12-

RESPECTFULLY SUBMITTED this 13th day of May, 2026.

GUST ROSENFELD P.L.C.


By  /s/ John A. Butzer - 038113
     Sean P. O'Brien
     John A. Butzer
     Attorneys for Defendants Robert Haws
     and Gust Rosenfeld P.L.C.

7940500.2                                    -13-

**CERTIFICATE OF CONFERRAL**

Pursuant to the Court's Order (Doc. 13) and LRCiv. 12.1(c), I hereby certify that the parties conferred in writing regarding the claims at issue and Defendants' arguments regarding why the Second Amended Complaint failed to state a claim. Specifically, Defendants' counsel explained the basis for requesting dismissal of each claim and the underlying arguments. The parties were unable to agree that the pleading was curable in any part by a permissible amendment.

DATED this 13th day of May, 2026.

GUST ROSENFELD P.L.C.


By _/s/ John A. Butzer - 038113_
    Sean P. O'Brien
    John A. Butzer
    Attorneys for Defendants Robert Haws
    and Gust Rosenfeld P.L.C.

7940500.2                                    -14-

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing with electronic transmittal to the following:

Daniel T. Doria, Pro Se
989 S. Main Street, Suite A, PMB 407
Cottonwood, AZ  86326
danieldoria105@yahoo.com
*Plaintiff Pro Se*


*By: /s/ Pauletta J. Seitz*

7940500.2                                          -15-