# EXHIBIT 1

**JUSTICE COURT - VERDE VALLEY PRECINCT, YAVAPAI COUNTY, ARIZONA**
**10 South 6th Street Cottonwood Arizona 86326**                    **Phone (928)639-5820**

---

YAVAPAI COUNTY COMMUNITY          )
COLLEGE DISTRICT, a political     )
subdivision of the State of Arizona    )          Case No: CV2025000123
            PLAINTIFF,            )
                                  )          VERDICT and JUDGMENT
vs.                               )
                                  )
DANIEL DORIA,
            DEFENDANT.

---

The above noted case came before the Court for a Jury Trial held on March 3, 2025.   Plaintiff, Yavapai County Community College District, was represented by legal counsel, Robert Haws and John Butzer, Defendant, Daniel Doria, appeared pro per

The following witnesses testified:
Seth Wielding Sturdivant
Jamie Oltersdorf
Daniel Doria

The following exhibits were admitted at trial:
Plaintiff's Exhibits 1-7
Defendant's Exhibit 3

AFTER DELIBERATION the Jury rendered the following verdict:

1. Plaintiff YAVAPAI COUNTY COMMUNITY COLLEGE DISTRICT proved its claim of breach of the lease agreement and awarded damages in the amount of $25.00.

2. Defendant DANIEL DORIA failed to prove his counterclaim of retaliation.

3. Plaintiff YAVAPAI COUNTY COMMUNITY COLLEGE DISTRICT is entitled to possession of the property.

IT IS HEREBY ORDERED granting Judgment in favor of Plaintiff. The property located at 601 Black Hills Drive, Lot 5, Clarkdale, Yavapai County, Arizona is restored Plaintiff. A Writ of Restitution may issue no sooner than Monday, March 10, 2025.

IT IS FURTHER ORDERED that Plaintiff may file its proposed form of Judgment, including an application for attorney fees and costs, no later than Friday, March 14, 2025.

DATED this 3rd day of March, 2025.

Honorable David P. Gordon
Judge of the Justice Court

Copies of the foregoing
delivered 3/3/2025 to:

Robert Haws
rhaws@gustlaw.com

John Butzer
jbutzer@gustlaw.com
Plaintiff

Daniel Doria
Danieldoria105@yahoo.com
Defendant

By:

# EXHIBIT 2

Daniel Doria
989 S Main St Ste A PMB 407
Clarkdale, AZ 86324
702-279-5326
danieldoria105@yahoo.com

# IN THE JUSTICE COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF YAVAPAI

**Case No.:**

**COMPLAINT FOR DAMAGES DEMAND FOR JURY TRIAL**

**Plaintiff:**
Daniel Doria, an individual

**Defendants:**

1. Yavapai College District Governing Board, an educational institution
2. Seth Weidling Sterdevant, individually and in his capacity as property manager

**INTRODUCTION**

1. This is a civil action for damages arising from Defendants' retaliatory and unlawful conduct in violation of Arizona law.

2. Plaintiff seeks monetary relief not exceeding $10,000 for retaliation, harassment, and emotional distress caused by Defendants' violations of the Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.) and other relevant statutes.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to A.R.S. § 22-201, as the amount in controversy does not exceed $10,000.

4. Venue is proper in this Court because the events giving rise to this action occurred in Yavapai County, Arizona.

**PARTIES**

5. Plaintiff, Daniel Doria, is an individual residing at Yavapai College's RV park since August 2023.

6.  Defendant Yavapai College District Governing Board is a publicly funded educational institution operating in Yavapai County, Arizona.

7.  Defendant Seth Weidling Sterdevant is the property manager for Yavapai College's RV park and acted individually and within the scope of his duties as an agent of Yavapai College.

---

**December 12, 2024**: I initially visited the Justice Court to request an emergency protective order to stop what I believed to be a retaliatory eviction by Yavapai College. The judge at that time deferred the matter, stating that it might fall outside the court's jurisdiction to issue a protective order specific to housing-related disputes. I was advised to pursue relief in Superior Court.

**December 13, 2024**: I returned to the Justice Court to seek further clarification and pressed for immediate protection given the escalating retaliatory actions. The court reiterated its position, suggesting that I address the matter in Superior Court for more appropriate relief.

**December 15, 2024**: With no resolution from the Justice Court, I filed formal complaints with the **Arizona Attorney General**, **HUD**, and the **Department of Justice (DOJ)** regarding the retaliatory and discriminatory actions taken by

Yavapai College. These complaints detailed the violations of tenant and civil rights laws and requested intervention.

**December 22, 2024**: I made a third attempt at the Justice Court, seeking alternative remedies through its jurisdiction. Once again, the court maintained its position that it did not have the authority to issue the type of protection I sought.

**January 3, 2025**: I appeared before Judge Gordon in the Justice Court to present my case for a protective order. During the hearing, Judge Gordon acknowledged on the record that Yavapai College's actions appeared retaliatory and that my tenancy was protected under the Arizona RV Act. Judge Gordon further stated that the facts I presented supported the need for injunctive relief. However, the protective order was denied, as Judge Gordon expressed uncertainty about the court's authority to grant such relief in a housing-related dispute. Judge Gordon suggested that filing a civil lawsuit in his court would allow for appropriate relief, including the potential for sanctions.

**On or about January 3, 2025**: I brought the matter before the Superior Court, seeking protective relief for the ongoing retaliatory actions. After reviewing the case, the Superior Court judge declined to issue a protective order, stating that it was not procedurally appropriate for the filings. I was again advised to file a broader civil lawsuit to address my claims.

**January 6, 2025**: I began preparing a formal civil lawsuit for filing in the Justice Court. This lawsuit focuses on violations of the Arizona RV Act and includes requests for injunctive relief and damages. Given Judge Gordon's familiarity with the case and prior acknowledgment of the retaliatory nature of Yavapai College's actions, I am confident that this court is the appropriate forum to address the statutory violations and ensure accountability.

**Present Status**: I am filing a detailed lawsuit in Justice Court before Judge Gordon, requesting damages and injunctive relief under the Arizona RV Act. This action reflects the culmination of my efforts to resolve the matter through legal channels while addressing ongoing retaliation and violations by Yavapai College.

**STATEMENT OF MATERIAL FACTS**

1. In August 2023, I became a tenant at Yavapai College's RV park, seeking stable housing that was critical to managing my severe psychological conditions, including anxiety, depression, and minor paranoid delusions.

2. Before moving in, I spoke with Jamie Oltersdorf, the property manager at the time, who assured me that my pet-sitting activities would not violate the lease or park rules. She explained that they "really just want people to be able to live their lives there like normal" and would not be "policing it."

3.  Jamie Oltersdorf's assurances established the stability I needed for my housing and pet-sitting activities, which are essential to my livelihood.

4.  By February 2024, after 180 days of occupancy, my tenancy became protected under the Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.), which prohibits landlords from terminating tenancies without valid cause.

5.  On September 6, 2024, Yavapai College appointed a new property manager, Seth Weidling Sterdevant.

6.  Shortly after his appointment, Seth sent an email to all tenants announcing the termination of all tenant leases without cause, in violation of A.R.S. § 33-1431(B).

7.  I immediately recognized this as unlawful and began trying to clarify my tenancy rights.

8.  Between September 6, 2024, and October 2, 2024, I left voicemails and sent multiple written communications to Seth, seeking clarification and asserting my legal rights under the RV Act. None of my communications were acknowledged or returned.

9.  On October 2, 2024, Seth placed an illegal licensing agreement on my vehicle, which appeared to be an attempt to circumvent the protections of the RV Act by reclassifying tenants as licensees.

10. I immediately emailed both Yavapai College and Seth, rejecting the agreement and reaffirming my rights under the RV Act.

11. I reminded them of their legal obligations and requested a resolution. These communications were again ignored.

12. On October 3, 2024, I made a good faith effort to resolve the situation by proposing modifications to the lease agreement that could meet Yavapai College's business needs while respecting my tenant rights.

13. This proposal was also ignored, further demonstrating bad faith on the part of Yavapai College and Seth.

14. On December 2, 2024, Seth sent another email reiterating the unlawful licensing terms and demanding compliance.

15. I responded by pointing out their failure to address my earlier communications and the harm their actions were causing me.

16. Despite my repeated objections and citations of the RV Act, Yavapai College continued its unlawful conduct.

17. On December 12, 2024, I lawfully exercised my rights by informing my fellow tenants of their protections under the RV Act.

18. That same day, Yavapai College escalated its retaliation by sending me a letter falsely claiming that my pet-sitting activities, which had been explicitly approved by Jamie Oltersdorf, violated the lease.

19. Yavapai College threatened eviction if I continued these activities. This reversal, occurring immediately after I began advocating for tenant rights, strongly indicated retaliatory intent.

20. On December 12 and 13, 2024, I called Seth to address the escalating situation and clarify the retaliatory actions.

21. During our conversation, Seth claimed no knowledge of my prior communications, further evidencing bad faith.

22. I warned that I would pursue legal action if their threats persisted.

23. By December 15, 2024, I had filed formal complaints with the Arizona Attorney General, HUD, and the Department of Justice, which was later referred to the Office of Civil Rights, to address Yavapai College's unlawful and discriminatory conduct.

24. On December 31, 2024, I made a final attempt to resolve the matter amicably by proposing to vacate the property in exchange for $9,000 to cover moving and relocation costs.

25. Yavapai College, through their legal counsel, declined my proposal and issued a final notice threatening eviction if I did not vacate by January 14, 2025.

26. On January 3, 2025, I filed for a protective order in Judge Gordon's Justice Court.

27. On the record, Judge Gordon acknowledged that the actions of Yavapai College appeared retaliatory and confirmed that the RV Act applied to my situation.

28. However, Judge Gordon deferred protective measures to the Superior Court, stating that his jurisdiction did not extend to the requested relief.

29. Defendants' actions have significantly impacted my psychological conditions.

30. The constant threat of eviction has triggered intense anxiety, intrusive thoughts, and emotional distress, making it difficult to function in daily life.

31. I attend bi-weekly therapy sessions to manage these conditions, and the stress caused by Yavapai College's conduct has severely compounded the emotional harm.

32. Despite my consistent efforts to resolve this dispute lawfully and amicably through communications, proposals, and complaints to the appropriate authorities, Yavapai College has refused to engage in meaningful dialogue.

33. Instead, they have escalated their retaliatory actions, putting my housing stability, livelihood, and mental health at serious risk.

34. My pet-sitting income has been disrupted, and losing my housing would result in permanent harm, including the inability to relocate my RV, financial losses, and further deterioration of my mental health.

**Violation of the Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.)**

1. **Unlawful Termination of Tenancy Without Cause**: Defendants violated A.R.S. § 33-1431(B) by attempting to terminate Plaintiff's tenancy without cause. Plaintiff has resided at Yavapai College's RV park since August 2023 and became protected under the RV Act in February 2024 after surpassing the 180-day threshold. Despite this protection, Defendants announced the termination of all tenant leases without providing the cause required by law, rendering their actions unlawful.

2. **Attempt to Circumvent Tenant Protections with Illegal Licensing Agreement**: On October 2, 2024, Defendants placed a licensing agreement on Plaintiff's vehicle that sought to reclassify the tenancy relationship, undermining Plaintiff's protections under the RV Act. This act represents a clear attempt to evade statutory obligations and strip Plaintiff of his rights under A.R.S. § 33-2101 et seq.

3. **Retaliation Presumed Under A.R.S. § 33-1381**: Defendants' actions, including the termination notice and the imposition of the illegal licensing agreement, occurred shortly after Plaintiff began asserting his rights under the RV Act. These retaliatory actions, combined with Defendants' failure to engage in meaningful dialogue, create a statutory presumption of retaliation

under A.R.S. § 33-1381. Defendants' retaliatory conduct, coupled with their refusal to acknowledge or comply with the RV Act, further exacerbates the harm suffered by Plaintiff.

4. **Failure to Respond in Good Faith**: Plaintiff made repeated efforts to engage Defendants in dialogue to clarify tenancy terms and resolve the conflict. Defendants ignored Plaintiff's communications, violating the duty of good faith and fair dealing inherent in landlord-tenant relationships under Arizona law.

**PRAYER FOR RELIEF**

WHEREFORE, I, Daniel Doria, respectfully request that this Court grant the following relief:

1. **Compensatory Damages**:
   ○ For the emotional distress, harm to my housing stability, and disruption to my livelihood caused by the Defendants' unlawful actions, in the amount of **$5,000**.

2. **Statutory Penalties**:
   ○ The maximum statutory penalties for the Defendants' violations of A.R.S. § 33-2101 et seq., in the amount of **$2,500**.

3. **Punitive Damages**:

- ○ For the Defendants' willful and bad-faith conduct in attempting to circumvent the protections of the RV Act and retaliating against me for asserting my legal rights, in the amount of **$1,500**.

4. **Costs of Suit**:

- ○ I request an award of court costs and other expenses I have incurred in bringing this action. At this stage, these costs do not exceed **$200** and will likely only expand if additional extensive engagement becomes necessary.

5. **Other Relief**:

- ○ I request such other monetary relief as the Court deems just and proper, ensuring that the total award does not exceed **$10,000**, the jurisdictional limit of this Court.

## CONCLUSION

For the foregoing reasons, I respectfully request that this Court find that the Defendants have violated the Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.), causing significant harm to me through their unlawful and retaliatory actions. I further request that the Court award me compensatory damages, statutory penalties, punitive damages, and costs of suit as outlined in the Prayer for Relief, up to the jurisdictional limit of $10,000.

This suit represents my ongoing efforts to seek justice and accountability for Defendants' disregard for tenant protections and fair treatment under Arizona law. I trust the Court will recognize the substantial evidence of bad faith and retaliation in this matter and provide the relief I am entitled to under the law.

---

**Date:** January 7, 2025
**Respectfully submitted,**


**/s/ Daniel T. Doria_____**

**Plaintiff:**
Daniel Doria
989 S Main St Ste A PMB 407
Clarkdale, AZ 86324
Phone: 702-279-5326
Email: danieldoria105@yahoo.com

Cc: Defendant via electronic mail at:

electronic mail at:
lsblanco@gustlaw.com
rhaws@gustlaw.com

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
01/08/2025  1:20PM
BY: PHARDIN
DEPUTY

Case No.: S1300CV202580008
HON. LINDA WALLACE

Daniel Doria

989 S Main St Ste A PMB 407

Clarkdale, AZ 86324

702-279-5326

danieldoria105@yahoo.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF YAVAPAI

## DEMAND FOR JURY TRIAL

**Case No.:**

**COMPLAINT**

**Plaintiff:** Daniel Doria, an individual

**Defendants:** Yavapai College District Governing Board, an educational institution, and Seth Weidling Sturdevant, individually and in his capacity as property manager

**INTRODUCTION**

1.  Plaintiff, Daniel Doria ("I"), bring this action against Defendants Yavapai College District Governing Board ("Yavapai College") and Seth Weidling Sturdevant ("Sturdevant") for engaging in retaliatory, discriminatory, and unlawful conduct that has caused me significant harm, including emotional distress, financial loss, and instability to my housing and mental health.

2.  I seek compensatory damages, punitive damages, declaratory relief, and injunctive relief to prevent further violations of my rights under state and federal law.

**Procedural Background**

This matter arises from Defendants' retaliatory and unlawful actions, which have caused significant harm to my housing stability, mental health, and livelihood. Below is a summary of the procedural history leading to this filing, along with a clarification of the matters currently being addressed in Justice Court and those brought before this Court:

1. **September 2024 - December 2024**: After Defendants' notice of lease termination without cause, I made multiple attempts to resolve the matter directly, including emails and phone calls asserting my rights under the Arizona Recreational Vehicle Long-Term Rental Space Act (RV Act, A.R.S. § 33-2101 et seq.). Defendants ignored all communications and escalated the conflict by issuing false claims regarding my pet-sitting activities, placing an illegal licensing agreement on my vehicle, and threatening retaliatory eviction.

2. **December 15, 2024**: I filed formal complaints with the Arizona Attorney General, HUD, and the Department of Justice (later referred to the Office of Civil Rights), alleging violations of state and federal housing protections, including retaliation and discrimination against my disabilities.

3. **December 2024 - January 2025**: I sought a protective order through **Justice Court**, presenting evidence of retaliatory and harassing behavior. On the record, Judge Gordon acknowledged the retaliatory nature of Defendants' conduct and confirmed that the RV Act applied to my tenancy. However, Judge Gordon stated that his court lacked jurisdiction to issue the requested protective order, referring the matter to **Superior Court** for further action.

4.  **January 3, 2025**: I filed this lawsuit in **Justice Court**, asserting causes of action directly related to the retaliatory conduct of Defendants. The Justice Court case addresses the following claims:

    ○ Retaliation under the RV Act (A.R.S. § 33-1381);

    ○ Harassment and retaliatory conduct, including termination threats and eviction notices;

    ○ Breach of contract and the covenant of good faith and fair dealing;

    ○ Negligent and intentional infliction of emotional distress.

5.  Justice Court is also considering my motion for $200 in sanctions against Defendants to cover immediate expenses caused by their harassing conduct, including costs for travel, printing, and mailing.

6.  **Superior Court Proceedings**: This action before the Superior Court focuses on broader legal questions and causes of action requiring this Court's jurisdiction, including:

    ○ Disability discrimination under the Fair Housing Act (42 U.S.C. § 3604(f));

    ○ Declaratory relief affirming that Defendants' actions violate the RV Act and Fair Housing Act;

    ○ Injunctive relief to prevent further retaliatory conduct and eviction threats;

- Compensatory and punitive damages for emotional distress and financial harm.

7. **Ongoing Harm**: While procedural delays have caused jurisdictional back-and-forth, Defendants continue to escalate their retaliatory conduct, issuing a final eviction deadline of January 14, 2025. These actions exacerbate my severe psychological conditions, including anxiety and depression, and threaten permanent harm to my housing stability, income, and mental health.

The procedural delays have allowed Defendants to act unchecked, despite Judge Gordon's acknowledgment of the facts supporting my claims. The division of matters between Justice Court and Superior Court ensures that all causes of action are properly addressed, with immediate relief sought to prevent further irreparable harm.

**PARTIES**

3. I am an individual residing at Yavapai College's RV park in Clarkdale, Arizona. I have severe psychological disabilities, including anxiety, depression, and minor paranoid delusions.

4.  Defendant Yavapai College District Governing Board is an educational institution with its principal place of business at 1100 E. Sheldon Street, Prescott, Arizona.

5.  Defendant Seth Weidling Sturdevant is employed by Yavapai College as the property manager for its RV park. Sturdevant is sued individually and in his official capacity.

**JURISDICTION AND VENUE**

6.  This Court has jurisdiction pursuant to Article 6, § 14 of the Arizona Constitution and A.R.S. § 12-123.

7.  Venue is proper in Yavapai County pursuant to A.R.S. § 12-401 because the events giving rise to this action occurred in this county.

**STATEMENT OF FACTS**

1.  In August 2023, I became a tenant at Yavapai College's RV park, seeking stable housing critical to managing my severe psychological conditions, including anxiety, depression, and minor paranoid delusions. Before moving in, the prior property manager, Jamie Oltersdorf, a retired Air Force veteran

and student, provided explicit assurances that my pet-sitting activities would not violate the lease or park rules. Her exact words were, "We really just want people to be able to live their lives there like normal. We won't really be policing it at all."

2. By February 2024, after 180 days of occupancy, my tenancy became protected under the **Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.)**, which prohibits termination of tenancy without cause. This legal protection provided me stability, a critical element of managing my mental health and maintaining a consistent livelihood through pet-sitting.

3. On September 6, 2024, Defendant Yavapai College District Governing Board appointed Seth Weidling Sturdevant as the new property manager. Shortly after, Sturdevant sent an email announcing the termination of all tenant leases without cause. This notice violated **A.R.S. § 33-1431(B)**, which explicitly prohibits such arbitrary terminations after tenants have acquired protected status.

4. Between September 6, 2024, and October 2, 2024, I made multiple attempts to clarify this termination notice, leaving voicemails and sending written communications to Sturdevant. These communications included an assertion

of my rights under the RV Act. Sturdevant ignored all communications, evidencing a refusal to engage in dialogue or address my legal rights.

5. On October 2, 2024, Sturdevant escalated the situation by placing an illegal licensing agreement on my vehicle. This agreement was a blatant attempt to circumvent my statutory protections under the RV Act. I immediately emailed Yavapai College and Sturdevant, rejecting the agreement and reaffirming my rights. Despite this, my communications were again ignored.

6. On October 3, 2024, I made a good faith effort to resolve the issue, proposing modifications to the lease agreement that would accommodate Yavapai College's business needs while respecting tenant rights. This email, like my prior attempts, was met with silence.

7. On December 2, 2024, Sturdevant reiterated the unlawful licensing terms via email and demanded compliance, despite my repeated objections and legal arguments citing the RV Act. I responded, highlighting Defendants' continued refusal to engage and the increasing harm their actions were causing.

8. On December 12, 2024, I informed my fellow tenants of their protections under the RV Act to ensure they were aware of their rights. That same day, Defendants sent me a retaliatory letter falsely claiming that my pet-sitting activities violated the lease and threatened eviction if these activities

continued. This marked a stark reversal of the prior assurances provided by Oltersdorf and occurred immediately after my advocacy efforts, strongly suggesting retaliatory intent.

9. Between December 12 and 13, 2024, I called Sturdevant to address the escalating situation. During this conversation, Sturdevant claimed ignorance of my prior communications, further evidencing bad faith. I also informed Defendants that I would pursue legal action if these retaliatory threats persisted.

10. On December 15, 2024, I filed formal complaints with the **Arizona Attorney General**, **HUD**, and the **Department of Justice** (later referred to the Office of Civil Rights) to address the unlawful and discriminatory conduct perpetrated by Defendants.

11. On December 31, 2024, in a final good faith effort to resolve the dispute, I proposed vacating the property in exchange for $9,000 to cover my moving expenses and relocation costs. Defendants, through their legal counsel, rejected this proposal and reiterated their intent to evict me without cause by January 14, 2025.

12. On January 3, 2025, I filed for a protective order in **Judge Gordon's Justice Court**. On the record, **Judge Gordon acknowledged that the facts alleged strongly indicated retaliatory intent and confirmed that the RV Act**

**applied to my tenancy.** However, Judge Gordon deferred issuing a protective order, citing jurisdictional limitations, and referred the matter to Superior Court for further proceedings.

13. Defendants' actions have caused significant and compounding harm to my mental health. The constant threat of eviction has triggered intense anxiety, intrusive thoughts, and emotional distress, which have directly impacted my productivity and mental health. I attend bi-weekly therapy sessions to manage my severe psychological conditions, and the stress inflicted by Defendants' retaliatory conduct has compounded the emotional harm.

14. Additionally, these actions have disrupted my livelihood, which includes caring for my two senior dogs—one of whom requires thrice-daily medical care—and my pet-sitting income, a vital source of financial stability. Eviction would result in permanent harm, including the inability to relocate my RV, the loss of income, and further deterioration of my mental health.

15. Despite my persistent good faith efforts to resolve the conflict through direct communication, proposals, and legal channels, Defendants have refused to engage meaningfully. Instead, they have escalated their retaliatory actions, further destabilizing my housing and exacerbating my psychological conditions.

16. **Request for Sanctions**

To address the undue financial and time burden caused by Defendants' ongoing violations, I have filed for $200 in sanctions against both Defendants and their legal counsel. These sanctions are intended to offset the costs I have incurred for travel, mailing, and printing directly resulting from Defendants' harassing and retaliatory behavior. For example, their insistence on pursuing an eviction based on fabricated lease violations has necessitated repeated filings, court appearances, and extensive documentation. Each ignored communication or illegal demand has added to my expenses and time resource, all of which could have been avoided had Defendants adhered to the law and engaged in good faith.

---

**CAUSES OF ACTION**

**Count I: Retaliation (A.R.S. § 33-1381)**

16. Defendants' actions, including termination threats and eviction notices, constitute retaliation for my lawful assertion of rights under the RV Act.

17. Defendants' retaliatory conduct violates A.R.S. § 33-1381, which prohibits adverse actions against tenants exercising legal rights.

**Count II: Disability Discrimination (Fair Housing Act, 42 U.S.C. § 3604(f))**

18. My disabilities require housing stability as a reasonable accommodation.

19. Defendants' actions, including harassment and refusal to engage in the interactive process, violate the Fair Housing Act's protections against disability discrimination.

**Count III: Breach of Contract and Covenant of Good Faith and Fair Dealing**

20. Defendants breached the lease agreement and implied covenant of good faith and fair dealing by attempting to impose illegal terms and retaliatory actions.

**Count IV: Negligent and Intentional Infliction of Emotional Distress**

21. Defendants' conduct caused me severe emotional distress, exacerbating my psychological conditions.

**Count V: Declaratory Relief (A.R.S. § 12-1831)**

22. I seek a declaration that Defendants' actions violate the RV Act and Fair Housing Act.

---

**PRAYER FOR RELIEF**

**PRAYER FOR RELIEF**

WHEREFORE, I respectfully request that this Court grant the following relief:

1. **Injunctive Relief**: Issue preliminary and permanent injunctions:
   - Prohibiting Defendants from engaging in any further retaliatory conduct, including eviction actions, harassment, or imposition of licensing agreements that violate my rights under the Arizona Recreational Vehicle Long-Term Rental Space Act.
   - Mandating that Defendants take all necessary steps to ensure my housing stability and cease all actions that disrupt my lawful tenancy.
   - If eviction has already occurred, requiring Defendants to bear all costs associated with restoring my living situation to its prior whole state, including but not limited to:
     - Moving and reinstalling my RV and associated property;
     - Reimbursement for lost income, mental health treatment, and damages incurred during the eviction period;
     - Coordinating with third parties to ensure the seamless restoration of utilities, access, and other living conditions disrupted by the eviction.

2. **Declaratory Relief**: Declare that Defendants' actions violated the Arizona Recreational Vehicle Long-Term Rental Space Act, the Fair Housing Act, and the covenant of good faith and fair dealing.

3. **Compensatory Damages**: Award compensatory damages for:

   - Emotional distress caused by Defendants' retaliatory conduct and harassment;

   - Financial harm incurred, including costs of legal action, printing, mailing, and travel necessitated by Defendants' unlawful conduct.

4. **Punitive Damages**: Award punitive damages to deter Defendants and similarly situated parties from engaging in retaliatory, discriminatory, and unlawful conduct.

5. **Sanctions**: Impose sanctions on Defendants for their continued violations of law, including a $200 award to cover immediate costs related to travel, mailing, and printing expenses.

6. **Attorney's Fees and Court Costs**: Award reasonable attorney's fees and court costs pursuant to applicable law.

7. **Any Other Relief**: Grant such other and further relief as the Court deems just and proper.

**Date:** January 8, 2025


Respectfully submitted,


/s/ Daniel T. Doria

Daniel Doria
Plaintiff, Pro Se
989 S. Main St. Ste. A PMB 407
Clarkdale, AZ 86324
702-279-5326
danieldoria105@yahoo.com

Cc: Defendant via electronic mail at:
lsblanco@gustlaw.com
rhaws@gustlaw.com
and via U.S. mail to 1201 Walnut St Ste 1450, Kansas City, MO 64106

Daniel Doria

989 S Main St Ste A PMB 407

Cottonwood, AZ 86324

702-279-5326

danieldoria105@yahoo.com

## IN THE U.S. DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

## 401 W Washington St., Phoenix, AZ 85003

### Case No.: CV-25-08043-PCT-MTL

## SECOND AMENDED COMPLAINT FOR DECLARATORY AND OTHER RELIEF AND REQUEST FOR APPOINTMENT OF COUNSEL OR BENCH TRIAL

**DANIEL DORIA,**
**Plaintiff,**

**vs.**

**YAVAPAI COLLEGE DISTRICT GOVERNING BOARD;**
**SETH WEIDLING STURDEVANT, in his individual and official capacity;**
**ROBERT D. HAWS, in his individual and official capacity;**
**JOHN A. BUTZER, in his individual and official capacity,**
**Defendants.**

**2ND AMENDED COMPLAINT**

1

## I. INTRODUCTION

1. Plaintiff, Daniel T. Doria ("Plaintiff"), brings this action against Yavapai College District Governing Board and its property manager, Seth Weidling Sturdevant (collectively, "Defendants") for violations of the **Fair Housing Act (42 U.S.C. § 3604)**, the **Americans with Disabilities Act (ADA, 42 U.S.C. § 12132)**, **Retaliation under A.R.S. § 33-1381**, and **violations of due process under the Fourteenth Amendment**.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1343** (civil rights violations). Venue is proper in this district under **28 U.S.C. § 1391(b)(2)** because the events giving rise to this complaint occurred in Arizona.

## III. PARTIES

3. Plaintiff is a resident of Yavapai College RV Park in Clarkdale, Arizona. Plaintiff has severe psychological disabilities, including **anxiety, depression, and minor paranoid delusions**, requiring stable housing for effective management. Plaintiff has resided at the property since August

2ND AMENDED COMPLAINT

2

2023. 4. Defendant **Yavapai College District Governing Board** is an educational institution responsible for managing the RV park where Plaintiff resides. 5. Defendant **Seth Weidling Sturdevant** is the property manager acting on behalf of Yavapai College.

## IV. FACTUAL BACKGROUND

6. Plaintiff began residing at the Yavapai College RV Park in August 2023. (**See Exhibit A & B, YC Lease and Pet Addendum**)

7. By February 2024, after 180 days of occupancy, Plaintiff's tenancy became **protected under the Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.)**, which prohibits termination without cause. The act states:

-"**If a tenant resides in a park for more than one hundred eighty consecutive days, the tenancy shall be presumed to be permanent and the landlord may terminate the tenancy only for reasons prescribed in § 33-1476.**" *(A.R.S. § 33-2145(B)).:"*

8. Plaintiff had previously requested **class-related accommodations** due to his severe anxiety and depression but did not seek housing accommodations until Yavapai College **reversed its position on pet-sitting**

**2ND AMENDED COMPLAINT**

3

in December 2024. **(See Exhibit C, Previous YC Accommodation)**

9. On **September 6, 2024**, Defendants **terminated all tenant leases without cause**, violating the RV Act. **(See Exhibit D, Unlawful Lease Termination)**

10. Plaintiff **immediately informed Defendant, Sturdevant, via phone call/voicemail** of his business agreements with the college. **(See Exhibit E, Sworn Declaration of Daniel T. Doria)**

11. On **October 2, 2024**, Defendants placed an **illegal licensing agreement on Plaintiff's vehicle** to circumvent the RV Act's protections, marking the second RV Act violation. Plaintiff **rejected this agreement in writing**, but Defendants again ignored the response.

12. On **December 2, 2024,** Defendant attempted to enforce new licensing, not agreed to by Plaintiff, in an email sent by Mr. Sturdevant. **(See Exhibit F, 3rd RV Act Violation)**

13. On **December 12, 2024**, Plaintiff **asserted his rights live on the phone with Defendant Sturdevant, emphasizing his legal protections under the RV Act and Fair Housing Act**. Hours after this phone conversation, Defendants **mailed an eviction threat**, falsely alleging that Plaintiff's pet-sitting activities violated lease terms. **(See Exhibit E, Sworn Declaration**

**2ND AMENDED COMPLAINT**

4

**of Daniel T. Doria)**

14. On **December 12, 2024,** Defendant issued a notice from its attorneys demanding Plaintiff stop caring for any dogs that he does not own and rescinding the previous landlord's acknowledgment that Plaintiff pet-sits for cash and it is not a violation of the lease terms. **(See Exhibit G, Letter Claiming Lease Violation)**

15. On **February 11, 2025,** a request for accommodation to offset YC's reversed position on petsitting was submitted to Robert Haws. **(See Exhibit H, Plaintiff's formal accommodation request)** Defendant made no meaningful attempt to reach a reasonable accommodation, in violation of the Fair Housing Act.

## V. CLAIMS FOR RELIEF

**Count I: Violation of the Fair Housing Act (42 U.S.C. § 3604(f))**

16. Plaintiff **has a qualifying disability** under the Fair Housing Act.

17. Defendants **knew or should have known** of Plaintiff's disability because Plaintiff **expressly informed them via written requests** and verbal conversations.

**2ND AMENDED COMPLAINT**

5

18. Plaintiff requested reasonable accommodations **only after** Yavapai College **reversed its policy on pet-sitting**, which directly impacted his ability to maintain stable housing.

19. Defendants **refused to grant these accommodations and retaliated against Plaintiff instead** by issuing an illegal lease termination and eviction threats.

20. As a result, Plaintiff suffered **emotional distress, financial harm, and loss of stable housing**.

**Count II: Violation of the Americans with Disabilities Act (42 U.S.C. § 12132)**

21. Defendants' actions **constitute discrimination** under Title II of the ADA, as they **failed to accommodate Plaintiff's disability despite repeated requests**.

22. Defendants **denied Plaintiff full and equal enjoyment of housing rights** by enforcing arbitrary rules against him while permitting similar activities from other tenants.

23. Plaintiff suffered **severe anxiety, stress, and deterioration of his mental health** as a direct result of Defendants' discriminatory conduct.

2ND AMENDED COMPLAINT

6

**Count III: Retaliation under Arizona Law**

24. Defendants **took adverse actions against Plaintiff** shortly after he asserted his legal rights, indicating a pattern of retaliatory conduct in violation of the Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.) and other applicable laws.

25. The retaliatory actions included:

- Issuing a **false notice of lease violations**.

- Moving forward with **eviction proceedings despite clear legal protections**.

- Attempting to force Plaintiff into an **illegal licensing agreement** to strip him of RV Act protections.

26.    These actions **constitute unlawful retaliation under Arizona law, including violations of the Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.) and other applicable protections**, causing Plaintiff emotional and financial harm.

**Count IV: Violation of Due Process (Fourteenth Amendment)**

27. Defendants' actions **violated Plaintiff's procedural due process rights** by depriving him of legal protections without a fair hearing.

**2ND AMENDED COMPLAINT**

7

28. Plaintiff was subjected to **arbitrary enforcement of housing policies** without clear standards or the ability to challenge them effectively.

29. As a direct result, Plaintiff suffered **irreparable harm, including loss of housing stability**.

**Request for Appointment of Counsel or Bench Trial**

30. Plaintiff respectfully requests that the Court **appoint counsel** under **28 U.S.C. § 1915(e)(1)** or, in the alternative, conduct a **bench trial** in this matter. The **appointment of counsel** is warranted because this case presents **complex legal and factual issues**, including claims under the **Fair Housing Act (42 U.S.C. § 3604(f))**, the **Americans with Disabilities Act (42 U.S.C. § 12132)**, and the **Arizona Recreational Vehicle Long-Term Rental Space Act (A.R.S. § 33-2101 et seq.)**. These laws involve intricate statutory interpretations and burdens of proof that a pro se litigant is unlikely to effectively navigate.

Additionally, Plaintiff's **poor trial skills** have already resulted in **admissions of wrongdoing on the record by Defendants**, but Plaintiff lacks the litigation experience necessary to effectively present these admissions in a structured manner that a **jury could process and translate into a verdict**.

**2ND AMENDED COMPLAINT**

8

Given the **legal and procedural complexity of this case**, a **bench trial is preferable** because:

1. The **legal issues require statutory interpretation**, which a **judge is better suited to analyze** than a jury.

2. The **factual record includes multiple admissions of wrongdoing**, which a jury may **fail to recognize as legally significant** without structured legal guidance.

3. Plaintiff's **disabilities**, including **severe anxiety and social processing difficulties**, may hinder his ability to effectively argue the case before a jury, whereas a **bench trial would allow for a more controlled presentation of evidence**.

4. The case involves **retaliation and discrimination under multiple federal and state statutes**, necessitating a nuanced understanding of **legal precedent and regulatory frameworks**.

For these reasons, Plaintiff **respectfully requests either the appointment of counsel or the granting of a bench trial** to ensure a fair adjudication of the claims presented.

**2ND AMENDED COMPLAINT**

9

## VI. PRAYER FOR RELIEF

**Prayer for Relief with Request for Appointed Counsel or Bench Trial**

**WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:**

1.  Appointment of Counsel or Bench Trial:

    ○ Pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel due to the complexity of this case, which involves statutory interpretation under the Fair Housing Act, Americans with Disabilities Act, and Arizona Recreational Vehicle Long-Term Rental Space Act.

    ○ In the alternative, Plaintiff requests a bench trial, as the case involves legal complexity beyond the capacity of a jury to assess, and Plaintiff's trial limitations have already resulted in admissions of wrongdoing on the record that a jury may struggle to translate into a verdict.

**2ND AMENDED COMPLAINT**

10

2.  Declaratory Relief:

    ○  Declare that Defendants' actions violated the Arizona
       Recreational Vehicle Long-Term Rental Space Act, the Fair
       Housing Act, and the Americans with Disabilities Act.

    ○  Affirm Plaintiff's legal protections against termination without
       cause and prohibit Defendants from further violations.

3.  Compensatory Damages:

    ○  Award compensatory damages for:

        ■  Emotional distress caused by Defendants' retaliatory
           conduct.

        ■  Financial harm, including legal expenses, printing, mailing,
           and travel costs incurred due to unlawful actions.

4.  Punitive Damages:

    ○  Award punitive damages to deter Defendants and similarly
       situated parties from engaging in retaliatory, discriminatory, or
       unlawful conduct.

**2ND AMENDED COMPLAINT**

11

5. Sanctions:

   ○ Impose sanctions on Defendants for their continued violations of law, including a $300 award to cover immediate costs related to travel, mailing, and printing expenses.

6. Attorney's Fees and Court Costs:

   ○ Award reasonable attorney's fees and court costs pursuant to applicable law.

7. Other Relief:

   Grant such other and further relief as the Court deems just and proper.

DATED this 17th day of March, 2025.

Respectfully submitted,

/s/ Daniel Doria
Daniel Doria
989 S Main St Ste A PMB 407
Clarkdale, AZ 86324
702-279-5326
danieldoria105@yahoo.com

**CERTIFICATE OF SERVICE**

**2ND AMENDED COMPLAINT**

12

I certify that on March 17, 2025, this document was served via **email to:
Robert D. Haws & John A. Butzer
GUST ROSENFELD P.L.C.
One East Washington Street, Suite 1600
Phoenix, AZ 85004
rhaws@gustlaw.com | jbutzer@gustlaw.com
/s/ Daniel Doria

**2ND AMENDED COMPLAINT**

# EXHIBIT 3


RECORDER    2025-0042195  Page 1 of  6
10/03/2025 09:52:47 AM  $30.00

eRecorded in Yavapai County, AZ
Michelle M. Burchill, Recorder

**When recorded return to:**

Robert D. Haws
Gust Rosenfeld P.L.C.
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553

# JUDGMENT

## Ruling on Plaintiff's Application for Attorney Fees and Final Judgment

# YAVAPAI COUNTY COMMUNITY COLLEGE DISTRICT

v.

# DANIEL DORIA

# DO NOT REMOVE
# THIS IS PART OF THE OFFICIAL DOCUMENT

# JUDGMENT INFORMATION STATEMENT
# OF JUDGMENT CREDITOR

## DO NOT REMOVE.

## THIS IS PART OF THE OFFICIAL DOCUMENT

1.  Judgment Debtor's Name and Last Known Address:

    Daniel Doria
    989 S. Main Street, Ste A
    PMB 407
    Cottonwood, AZ   86326

2.  Judgment Debtor's Address Where Served:

    Daniel Doria
    601 W. Black Hills Drive
    Space #5
    Clarkdale, AZ   86324

3.  Judgment Creditor's Name and Address:

    Yavapai County Community College District
    Attn: Clint Ewell, EdD
    Chief Operating Officer
    1100 E. Sheldon Street
    Prescott, AZ   86301

4.  Judgment Amount: $20,331.00, consisting of (a) (rents, fees and penalties of $250.00; (b) Costs of $81.00; and (c) attorney's fees of $20,000.00. Interest accrues at the statutory rate of 8.50% per annum, with interest accruing at the rate of 8.50% from the date of entry of judgment until paid in full.

5.  Judgment Debtor is a:                  Natural Person
    Driver's License No.:                  Unknown
    Social Security No.:                   xxx-xx-3751
    Date of Birth:                         xx/xx/1985

6.  No stay of enforcement has been ordered by the Court.

7778447.1

5 FILED O'Clock P .M. ✓

HON. DAVID P. GORDON
JUSTICE OF THE PEACE

AUG 25 2025

Verde Valley Justice Court
10 South 6th Street
Cottonwood, AZ 86326
PHN: 928-639-5820
FAX: 928-639-5828

DONNA McQUALITY, Clerk
By: J. Mendez

**CERTIFICATION**

S1300CV 2 0 2 5 8 0 3 5 0

STATE OF ARIZONA          )
                          ) ss.
County of Yavapai         )

Case No. CV 2025 000123

    I, DAVID P. GORDON, Judge of the Verde Valley Justice Court, Yavapai County, Arizona, do hereby certify that the attached document is a true and correct copy of the document duly filed and entered in the records of the Verde Valley Justice Court.

    Executed with official court seal affixed on this 18th day of August , 2025.

Judge of the Justice Court

### JUSTICE COURT - VERDE VALLEY PRECINCT, YAVAPAI COUNTY, ARIZONA
10 South 6th Street Cottonwood Arizona 86326          Phone (928)639-5820

| | |
|---|---|
| YAVAPAI COUNTY COMMUNITY COLLEGE DISTRICT, a political subdivision of the State of Arizona ) ) ) | Case No: CV2025000123 |
| PLAINTIFFS/APPELLEE, ) ) | RULING ON PLAINTIFF'S APPLICATION FOR ATTORNEY FEES |
| vs. ) | AND |
| DANIEL DORIA, ) | FINAL JUDGMENT |
| DEFENDANT/APPELLANT. ) | |

Pending before the Court are the following filings on the issue of attorney fees and costs: Plaintiff's Application for Attorneys' Fees and separate Declaration in Support both filed on March 13, 2025; Defendant's Objection to Application for Attorneys' Fees filed on March 14, 2025; Plaintiff's Reply to Defendant's Objection to Application for Attorneys' Fees filed on March 20, 2025; and the surresponse titled Defendant's Opposition to Plaintiff's Application for Attorneys' Fees and separate Declaration in Support both filed on April 1, 2025.

Having carefully considered the parties' filings, the Court rules that as the prevailing party, Plaintiff is entitled to an award of its attorney fees and costs, pursuant to A.R.S. § 12-1178(A). See *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 433 P.3d 549 (App. 2018).[1]

WHEREAS, on March 3, 2025 the Court entered a Verdict and Judgment finding the Defendant GUILTY/RESPONSIBLE for breach of lease agreement;

IT IS ORDERED granting judgment on the Complaint to Plaintiff.

IT IS FURTHER ORDERED granting judgment on the Counterclaim to Plaintiff.

IT IS FURTHER ORDERED granting possession the property located at 601 Black Hills Drive, Lot 5, Clarkdale, Yavapai County, Arizona to Plaintiff.

IT IS FURTHER ORDERED granting monetary judgment to Plaintiff as follows:

| | | |
|---|---|---|
| Rents, Fees and Penalties: | $ | 250.00 |
| Costs: | $ | 81.00 |
| Attorney Fees: | | $20,000.00 |

**Total Judgment**          **$20,331.00**

[1] While a trial court is required to award statutorily imposed attorneys' fees, it nonetheless has discretion to award those fees it determines to be reasonable. See *Exodyne Prop., Inc. v. City of Phoenix*, 165 Ariz. 373, 380, 798 P.2d 1382, 1389 (App.1990).

Interest shall accrue at the statutory rate of 8.50% per annum. The prevailing party shall file a Notice of Satisfaction of Judgment upon satisfaction of this judgment. This shall serve as a final judgement, pursuant to A.R.S. § 22-261(A).

DATED this 22nd day of May 2025.

Honorable David P. Gordon
Judge of the Justice Court

Copies of the foregoing
delivered 5/22/2025 to:

Robert Haws
rhaws@gustlaw.com
John Butzer
jbutzer@gustlaw.com
Plaintiff

Daniel Doria
Danieldoria105@yahoo.com
Defendant

By:

STATE OF ARIZONA ) ss
County of Yavapai    )

I, DONNA McQUALITY, Clerk of the Superior
Court of Yavapai County, Arizona, do hereby
certify the foregoing to be a full, true and
correct copy of the original documentation
on file as the same appears of record in my
office.
DATE:  August 26, 2025
       DONNA McQUALITY
       Clerk of the Superior Court
BY:  _____
                    Deputy

YAVAPAI COUNTY RECORDER

2025-0035331  Page 1 of 5
08/22/2025 12:37:40 PM  $30.00

eRecorded in Yavapai County, AZ
Michelle M. Burchill, Recorder

**When recorded return to:**

Robert D. Haws
Gust Rosenfeld P.L.C.
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553

# JUDGMENT
## (In favor of Defendants)

# DANIEL DORIA

## v.

# YAVAPAI COLLEGE DISTRICT
# GOVERNING BOARD; SETH WEIDLING STURDEVANT

# DO NOT REMOVE
# THIS IS PART OF THE OFFICIAL DOCUMENT

# JUDGMENT INFORMATION STATEMENT
# OF JUDGMENT CREDITOR

## DO NOT REMOVE.

## THIS IS PART OF THE OFFICIAL DOCUMENT

1. Plaintiff/Judgment Debtor's Name and Last Known Address:

   Daniel Doria
   989 S. Main Street, Ste A
   PMB 407
   Cottonwood, AZ   86326

2. Plaintiff/Judgment Debtor's Address Where Served:

   n/a

3. Defendant/Judgment Creditor's Name and Address:

   Janet Ramsey
   AZ School Risk Retention Trust
   P.O. Box 40098
   Phoenix, AZ   85004

4. Judgment Amount: $24,161.50, consisting of attorney's fees awarded to Defendant pursuant to A.R.S. §§ 12-341.01 and 12-349, with interest accruing at the rate of 8.50% from the date of entry of judgment until paid in full.

5. Plaintiff/Judgment Debtor is a:        Natural Person
   Driver's License No.:                  Unknown
   Social Security No.:                    xxx-xx-3751
   Date of Birth:                         xx/xx/1985

6. No stay of enforcement has been ordered by the Court.

6647028.1

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
06/06/2025 11:19AM
BY: JHARSHMAN
DEPUTY

**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553
602-257-7422
Robert D. Haws – 012743
rhaws@gustlaw.com
John A. Butzer – 038113
jbutzer@gustlaw.com

**Attorneys for Defendants**

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| DANIEL DORIA,<br><br>        Plaintiff,<br><br>    v.<br><br>YAVAPAI COLLEGE DISTRICT GOVERNING BOARD; SETH WEIDLING STURDEVANT,<br><br>        Defendants. | No. S1300CV202580008<br><br>**JUDGMENT** |

By Order dated April 11, 2025, this Court granted Defendants' Motion to Dismiss. The Court's ruling resolves all claims in Defendants' favor and against Plaintiff. Judgment in Defendants' favor is hereby entered as a final judgment pursuant to the Arizona Rules of Civil Procedure.

**IT IS ORDERED** that Plaintiff's Complaint is hereby dismissed with prejudice, that Plaintiff take nothing thereby, and that final judgment is hereby entered in favor of Defendants.

**IT IS FURTHER ORDERED** that Defendants are awarded judgment in the amount of its attorney's fees of $24,161.50 against Plaintiff pursuant to A.R.S. §§ 12-

6510899.1                                    -1-

341.01 and 12-349, with interest on the amount to accrue at the rate of 8.50% from the date of entry hereof until paid.

**IT IS FURTHER ORDERED** that no further matters remain pending, and this final judgment is entered pursuant to Rule 54(c) of the Arizona Rules of Civil Procedure.

_eSigned by WALLACE, LINDA 06/06/2025 10:56:11 L00hwNJZ_

The Honorable Linda Wallace
Yavapai County Superior Court Judge

cc:    Daniel Doria – 989 S. Main Street Suite A PMB 407, Cottonwood, AZ 86326
       Robert D. Haws/John A. Butzer – Gust Rosenfeld, PLC (e)

6510899.1                                    -2-

STATE OF ARIZONA }ss
County of Yavapai }

I, DONNA McQUALITY, Clerk of the Superior
Court of Yavapai County, Arizona, do hereby
certify the foregoing to be a full, true and
correct copy of the original documentation
on file as the same appears of record in my
office.

DATE: AUG 14 2025

DONNA McQUALITY
Clerk of the Superior Court

BY: _____ Deputy

 **2025-0045710 Page 1 of 5**
10/27/2025 02:15:38 PM  $30.00

eRecorded in Yavapai County, AZ
Michelle M. Burchill, Recorder

**When recorded return to:**

Robert D. Haws
Gust Rosenfeld P.L.C.
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553

# JUDGMENT
## (In Favor of Defendants)

## Order Regarding Attorney's Fees

# DANIEL DORIA

### v.

# YAVAPAI COLLEGE DISTRICT
# GOVERNING BOARD; SETH WEIDLING STURDEVANT

# DO NOT REMOVE
# THIS IS PART OF THE OFFICIAL DOCUMENT

# JUDGMENT INFORMATION STATEMENT
# OF JUDGMENT CREDITOR

## DO NOT REMOVE.

## THIS IS PART OF THE OFFICIAL DOCUMENT

1.    Judgment Debtor's Name and Last Known Address:

   Daniel Doria
   989 S. Main Street, Ste A
   PMB 407
   Cottonwood, AZ    86326

2.    Judgment Debtor's Address Where Served:

   Daniel Doria
   601 W. Black Hills Drive
   Space #5
   Clarkdale, AZ    86324

3.    Judgment Creditor's Name and Address:

   Yavapai County Community College District
   Attn:  Clint Ewell, EdD
   Chief Operating Officer
   1100 E. Sheldon Street
   Prescott, AZ    86301

4.    Judgment Amount:  $2,940.00, consisting of attorney's fees of $2,940.00.  Interest accrues at the statutory rate of 8.50% per annum from the entry of , with interest accruing at the rate of 8.50% from the date of entry of judgment until paid in full.

5.    Judgment Debtor is a:          Natural Person
      Driver's License No.:          Unknown
      Social Security No.:           xxx-xx-3751
      Date of Birth:                 xx/xx/1985

6.    No stay of enforcement has been ordered by the Court.

7827377.1

**YAVAPAI COUNTY JUSTICE COURT**
**VERDE VALLEY JUSTICE COURT**

DANIEL DORIA

      Plaintiff,

    vs.

YAVAPAI COLLEGE DISTRICT
GOVERNING BOARD; SETH WEIDLING
STURDEVANT,

      Defendants.

No. CV-2025000013

**ORDER REGARDING ATTORNEY'S FEES**

Defendants Yavapai College District Governing Board and Seth Weidling Sturdevant ("Defendants") filed a Motion to Dismiss. After considering Defendants' motion, the Court ruled on March 26, 2025. The Court dismissed Plaintiff's Complaint and ordered Defendants to file an application for attorney's fees.

Defendants filed an application for attorney's fees on March 31, 2025.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** granting Defendants' request for attorney's fees in the amount of $2,940.00, plus interest accruing thereon at the rate of 8.5% per annum from the date of entry of this judgment until paid.

DATED this 29th day of August, 2025.

Honorable David P. Gordon
Judge of the Justice Court

Copies of the foregoing
delivered 9/5/2025 to:

Robert Haws
rhaws@gustlaw.com
John Butzer
jbutzer@gustlaw.com
Defendant

Daniel Doria
Danieldoria105@yahoo.com
Plaintiff

By:___DL___

6643797

-1-

STATE OF ARIZONA )
County of Yavapai   } SS

I, DONNA McQUALITY, Clerk of the Superior
Court of Yavapai County, Arizona, do hereby
certify the foregoing to be a full, true and
correct copy of the original documentation
on file as the same appears of record in my
office.
DATE: October 17, 2025

DONNA McQUALITY
Clerk of the Superior Court
BY: _____
                    Deputy

ˈHON. DAVID P. GORDON
JUSTICE OF THE PEACE

$2:10$ **FILED** $\ell$ .M.
O'Clock

**OCT 17 2025**

Verde Valley Justice Court
10 South 6th Street
Cottonwood, AZ 86326
PHN: 928-639-5820
FAX: 928-639-5828

DONNA McQUALITY, Clerk
By: J. mencliz

## CERTIFICATION

**STATE OF ARIZONA**        )
                            ) ss.
**County of Yavapai**       )

S1300CV202580419
Case No. CV2025000013

I, DAVID P. GORDON, Judge of the Verde Valley Justice Court, Yavapai County, Arizona, do hereby certify that the attached document is a true and correct copy of the document duly filed and entered in the records of the Verde Valley Justice Court.

Executed with official court seal affixed on this 10th day of September, 2025.

Judge of the Justice Court

 **2026-0004869** Page 1 of 3
02/03/2026 11:03:43 AM $30.00

eRecorded in Yavapai County, AZ
Michelle M. Burchill, Recorder

**When recorded return to:**

Robert D. Haws
Gust Rosenfeld P.L.C.
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553

# JUDGMENT
## (In favor of Defendants)

# DANIEL DORIA

## v.

# YAVAPAI COLLEGE DISTRICT
# GOVERNING BOARD; et al

# DO NOT REMOVE
# THIS IS PART OF THE OFFICIAL DOCUMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T Doria, | No. CV-25-08043-PCT-MTL |
| Plaintiff, | **JUDGMENT** |
| v. | |
| Yavapai College District Governing Board, et al., | |
| Defendants. | |

At issue is Defendants' Notice of Lodging Proposed Form of Judgment (Doc. 77). The Court construes this filing as a motion for judgment relating to the Court's Order (Doc. 74) granting in part Defendants' Motion for Attorneys' Fees (Doc. 67).

**IT IS THEREFORE ORDERED** granting the Motion (Doc. 77). Defendants are awarded a judgment of $7,500.00 in attorneys' fees.

**IT IS FURTHER ORDERED** that the foregoing amount of $7,500.00 will accrue interest from the date of this judgment at the rate provided for under 28 U.S.C. § 1961.

Dated this 20th day of January, 2026.

Michael T. Liburdi
United States District Judge

I hereby attest and certify on _____
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

_____ Deputy

# JUDGMENT INFORMATION STATEMENT
# OF JUDGMENT CREDITOR

## DO NOT REMOVE.

## THIS IS PART OF THE OFFICIAL DOCUMENT

1.    Plaintiff/Judgment Debtor's Name and Last Known Address:

Daniel Doria
420 Happy Jack Way, #177
Cottonwood, AZ   86326

2.    Plaintiff/Judgment Debtor's Address Where Served:

n/a

3.    Defendant/Judgment Creditor's Name and Address:

Janet Ramsey
AZ School Risk Retention Trust
P.O. Box 40098
Phoenix, AZ   85004

4.    Judgment Amount:  $7,500.00, consisting of attorney's fees awarded to Defendant, with interest accruing at the rate provided for under 28 U.S.C. § 1961 from the date of entry of Judgment until paid in full.

5.    Plaintiff/Judgment Debtor is a:          Natural Person
      Driver's License No.:                    Unknown
      Social Security No.:                      xxx-xx-3751
      Date of Birth:                            xx/xx/1985

6.    No stay of enforcement has been ordered by the Court.

7941080.1

# EXHIBIT 4

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T Doria, | No. CV-25-08043-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Yavapai College District Governing Board, et al., | |
| Defendants. | |

Pending before the Court is Defendants Yavapai College District Governing Board, Seth Weidling Sturdevant, Robert Haws, and John Butzer's (collectively "Defendants") Motion to Dismiss (Doc. 36), and several miscellaneous motions filed by Plaintiff Daniel Doria (Docs. 41, 43, 49, 53, 54, 55, 62). The Court now rules.[1]

## I.    BACKGROUND

The following summary is taken from the allegations in the Second Amended Complaint ("SAC") and documents properly subject to judicial notice.[2] The Court accepts the allegations in the SAC as true for the purposes of assessing the pending motion to dismiss. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

---

[1] The Court finds that a hearing is unnecessary for any of the pending motions, as the issues have been fully briefed and oral argument would not have aided the Court's decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

[2] Defendants attach various public records, detailing the state court actions between the parties. (Doc. 36-1 at 1-89, 94-96.) Because the state court documents are matters of public record, the Court will take judicial notice of them, but not the disputed facts within the documents. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[Courts] may take judicial notice of undisputed matters of public record including documents on file in federal or state courts.") (citation omitted); Fed. R. Evid. 201(b).

This case is but one of many between Daniel Doria and Defendants. The saga begins in August 2023, when Doria executed a lease agreement (the "Lease") at the Verde Valley RV Park, owned by the Yavapai County Community College District ("Yavapai College"). (Doc. 36-1 at 46-52.) Doria also signed a Lease Addendum for Animals, permitting him to house his two personal pets in his RV. (Doc. 19 at 23-24.) As relevant here, the Lease prohibited Doria from using the premises for anything other than "residential purposes," including "carrying on any business." (Doc. 36-1 at 48.) Sometime later, Yavapai College discovered Doria was operating a pet-sitting business in violation of the Lease. (*Id.* at 54.) On December 12, 2024, it notified Doria that his business constituted a material breach, and failure to cure the breach would result in termination of the Lease. (*Id.* at 54-55.)

Doria then sued. On January 8, 2025, Doria filed simultaneous lawsuits against Yavapai College and Seth Weidling Sturdevant in the Verde Valley Justice Court (the "Justice Court Suit") and Yavapai County Superior Court (the "Superior Court Suit").[3] (*Id.* at 2-14, 20-34.) In the Justice Court Suit, Doria alleged state law claims for: (1) unlawful termination of tenancy; (2) attempt to circumvent tenant protections with illegal licensing agreement; (3) retaliation; and (4) failure to respond in good faith. (Doc. 36-1 at 11-12.) In the Superior Court Suit, Doria sued for (1) retaliation under Arizona law; (2) disability discrimination under the Fair Housing Act, 42 U.S.C. § 3604(f) ("FHA"); (3) breach of contract and covenant of good faith and fair dealing; (4) negligent and intentional infliction of emotional distress; and (5) declaratory relief. (*Id.* at 30-31.)

While those actions were pending, Yavapai College initiated eviction proceedings against Doria in the Verde Valle Justice Court for Yavapai County (the "Eviction Suit"). (*Id.* at 40-44.)[4] In that action, Yavapai College argued Doria purportedly breached the Lease by operating a business out of his RV. (*Id.*) Doria answered, asserting counterclaims for (1) retaliation and breach of duty under Arizona law; (2) discrimination under the FHA; and (3) emotional distress. (*Id.* at 57-75.) The case was tried before a jury, and on March 3,

---

[3] Mr. Sturdevant is the property manager at Yavapai College. (Doc. 19 at 2.)
[4] During the Eviction Suit, Yavapai College was represented by Robert D. Haws and John A. Butzer—two of the named defendants in this action. (*See id.* at 43.)

- 2 -

2025, the jury determined that Doria breached the Lease, thereby entitling Yavapai College to possession of the property. (*Id.* at 77.) The jury also found that Doria failed to prove his counterclaim for retaliation.[5] (*Id.*)

Doria's Justice Court Suit was dismissed on March 26, 2025. (*Id.* at 16-18.) Granting Defendants' motion to dismiss, the Justice Court determined that Doria's claims 1, 3, and 4 were barred under res judicata; that all claims were precluded because Doria failed to file a notice of claim under Arizona law; and that Doria's second cause of action failed to state a claim for relief as a matter of law. (*Id.* at 16-17.) Doria's Superior Court Suit was also dismissed on April 11, 2025. (*Id.* at 36.) In that action, the Superior Court granted Defendants' motion to dismiss, noting Doria "does not dispute Defendant[s'] argument that he failed to comply with the [notice-of-claim] requirements of A.R.S. § 12-821.01." (*Id.*)

So how did Doria end up before this Court? Well, on February 28, 2025, he filed a complaint against Defendants, alleging causes of action under state and federal law. (Doc. 1 at 5-6.) Because Doria is proceeding *in forma pauperis*, the Court screened his complaint and dismissed the pleading twice with leave to amend. (Docs. 13, 18.) The operative pleading is now the SAC and asserts the following causes of action: violation of the FHA (Count I); violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA") ("Count II"); retaliation under Arizona law ("Count III"); and violation of Due Process (Fourteenth Amendment) ("Count IV"). (Doc. 19 at 5-9.) Like his prior complaints, the allegations in Doria's SAC arise out of the purported breach of the Lease and subsequent eviction. (*See generally* Doc. 19.)

Although far from clear, Doria appears to allege that his "psychological disabilities, including anxiety, depression, and minor paranoid delusions," prompted him to seek an accommodation of the Lease terms so he could operate his pet-sitting business. (*Id.* at 2-4.) In denying his request, Doria avers Defendants arbitrarily and discriminately enforced the Lease, terminating the agreement without cause. (*Id.* at 4-7.)

---

[5] Doria appealed this ruling to the superior court and Arizona Court of Appeals. Both appeals were dismissed for lack of jurisdiction. (Doc. 36-1 at 83-84, 88-89.)

Defendants have now filed a motion to dismiss. (Doc. 36.) Also pending, is Doria's Motion for Permanent Injunction (Doc. 41), Motion for Leave to File a Sur-Reply (Doc. 43), *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 49), Motions to Compel Deposition (Docs. 53, 62), and Motions for Adverse Inference Instruction and Issue Preclusion (Docs. 54, 55).

## II.   DISCUSSION

### A.   Doria's Motion for Leave to File A Sur-Reply

The Court first addresses Doria's request to file a sur-reply in opposition to Defendants' motion to dismiss. (Doc. 43.)

Sur replies are "generally discouraged" and only allowed "in the most extraordinary of circumstances." *Mexicanos v. Diamondback Shooting Sports, Inc.*, No. CIV 22-472-TUC-CKJ, 2023 WL 4237495, at \*1 (D. Ariz. June 28, 2023) (citing *Briggs v. Montgomery*, No. CV-18-02684-PHX-EJM, 2019 WL 13039282, at \*2 (D. Ariz. Mar. 19, 2019)). Courts generally recognize that a sur-reply may be warranted to address new issues or evidence raised for the first time in a reply. *Briggs*, 2019 WL 13039282, at \*2. But a sur-reply is not justified to reemphasize arguments that were or could have been raised in a response. *See id.*

Doria's sur-reply aims to address the "material misstatements and omissions regarding the statutory notice-of-claim process under Arizona law." (Doc. 43 at 3.) Critically, however, Defendants' reply does not raise any new arguments or evidence relating to its notice-of-claim argument. (Doc. 42.) Defendants' motion adequately explains the legal and factual basis for its position that Doria failed to file a notice of claim as required by Arizona law. (Doc. 36 at 5-6.) Doria did not address this argument in its response (Doc. 37), and the issue is now waived. *See John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *U.S. Aviation Underwriters, Inc. v. WesAir, LLC*, No. 2:08-CV-00891-PMP-LRL, 2010 WL 1462707, at \*2 (D. Nev. Apr. 12, 2010) (arguments are deemed waived if "they were available but not raised in [the party's] response").

- 4 -

The Court will deny Doria's motion to file a sur-reply. (Doc. 43.)

**B.      Doria's Third Amended Complaint**

Doria also filed a Third Amended Complaint. (Doc. 51.) Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Doria filed his Third Amended Complaint within the twenty-one-day limit for amending as a matter of course, and therefore, his amendment his timely. Nonetheless, Doria is required to follow this District's amendment procedures. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Local Rule of Civil Procedure 15.1(b) provides that "the amending party must file a separate notice of filing the amended pleading," and the notice must "attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added." Further, an amended pleading "must not incorporate by reference any part of the preceding pleading." LRCiv 15.1(b).

Doria did not adhere to any of these procedures. Doria never filed a notice of amended pleading. The Third Amended Complaint does not indicate how it differs from the SAC. And Doria impermissibly incorporates the SAC by reference. For example, Counts I-V of the Third Amended Complaint do not include *any* factual allegations, but rather assert "(same as prior complaint)." (Doc. 51 at 5.) This is conclusory and insufficient.

Accordingly, the Court will strike the Third Amended Complaint. (Doc. 51.) *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (explaining that a district court has "inherent power to control their docket," including the power to strike documents from the docket).

- 5 -

### C. Defendants' Motion to Dismiss

The Court now turns to Defendants' motion to dismiss. (Doc. 36.)

### 1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotations and citation omitted).

A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is more than a mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### 2. Analysis

Defendants argue Doria's SAC should be dismissed for three reasons: first, because he failed to file a notice of claim under Arizona law; second, because Doria's claims are barred by res judicata or collateral estoppel; and third, because the SAC fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). (Doc. 36.)

#### i. Notice of Claim

The Court addresses Defendants' notice-of-claim argument first. Arizona law requires a plaintiff suing "a public entity, public school or a public employee" to first file a notice of claim "within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). A notice is proper if it contains (1) a specific amount for which the claim can be settled; (2) facts supporting that specific amount; and (3) sufficient facts to permit

- 6 -

the public entity to understand the basis of its liability. *See Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295 (2007) (en banc); *Yollin v. City of Glendale*, 219 Ariz. 24, 28 (App. 2008).

When the governing board of a public entity is sued, as is the case here, a notice of claim must be served either to "the individual designated by the entity, as required by statute, to receive service of process," or "the entity's chief executive officer(s)." Ariz. R. Civ. P. 4.1(h)(4). In Arizona, Yavapai College's chief executive officers consist of the members of the school board. *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527-28 (2006) (en banc); *Batty v. Glendale Union High Sch. Dist. No. 205*, 221 Ariz. 592, 596 (App. 2009).

This means Doria was required to serve a notice of claim on each member of Yavapai College's governing board and on Mr. Sturdevant as a public employee. He did not. Accordingly, Doria's state law claim for retaliation against Yavapai College and Mr. Sturdevant is barred for failure to comply with Arizona's notice-of-claim requirements. Count III will be dismissed with prejudice against Yavapai College and Mr. Sturdevant in his official capacity.[6]

### ii. Res Judicata

Defendants also seek dismissal on res judicata grounds. (Doc. 36 at 6-9.) This Court is required to "give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001). To prevail on a res judicata defense, the moving party must establish the following: "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69-70 (2006). As to the "identity of claims" element, Arizona courts apply the "same evidence" test: "If no additional evidence is needed to prevail in the second action than that needed

---

[6] Even if Doria had properly served a notice of claim on these Defendants, his retaliation claim is nonetheless barred under res judicata for the reasons explained herein.

in the first, then the second action is barred." *Phx. Newspapers, Inc. v. Dep't of Corr., State of Ariz.*, 188 Ariz. 237, 240 (App. 1997).

The Court need not belabor on whether an Arizona court would treat some of Doria's claims as barred by res judicata because this Court has the benefit of multiple Arizona state court decisions answering the very question.

Starting with Count I, Doria alleges disability discrimination in violation of the FHA. (Doc. 19 at 5-6.) Doria first raised these allegations in his FHA claim before the Superior Court (Doc. 36-1 at 31), which the judge dismissed (*Id.* at 36). Doria later asserted a counterclaim for disability discrimination under the FHA in the Eviction Suit. (*Id.* at 67.) In that action, the jury ultimately determined that Yavapai College had just cause to terminate the Lease, and Doria did not meet his burden in proving his counterclaim. (*Id.* at 77.) Because Count I is identical to the claims Doria previously alleged that resulted in a final judgment on the merits, the first two elements for res judicata are met. Although Defendants Haws and Butzer were not named in any of the earlier suits, they represented Defendants Yavapai College and Sturdevant in each action. Further, Defendant Sturdevant is a privy of Yavapai College as its employee. Therefore, the Court finds the privity element is also satisfied.[7] With all three elements met, the Court finds that Count I is barred in this action under res judicata.

Doria's claim for retaliation in Count III has also been litigated on numerous occasions. Doria asserted a counterclaim for retaliation in the Eviction Suit (Doc. 36-1 at 66-67), which the jury rejected (*Id.* at 77). Later, in the Justice Court Suit, the court held that Doria's claim for unlawful retaliation was barred by the doctrine of res judicata. (*Id.* at 16-17.) And in the Superior Court Suit, Doria's retaliation claim was ultimately dismissed. (*Id.* at 36.) Because this exact claim between Doria and Defendants has resulted

---

[7] "Finding privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Hall v. Lalli*, 194 Ariz. 54, 57 (1999) (en banc) (citation modified). "Examples of persons in privity include employers and employees, principals and agents, and indemnitors and indemnitees." *Corbett v. ManorCare of Am., Inc.*, 213 Ariz. 618, 630 (App. 2006); *see also Cahn v. Fisher*, 167 Ariz. 219, 221 (App. 1990) ("[A] lawyer is the agent of his or her client.").

in a final judgment on the merits in state court, it is now barred here.

Although the allegations arise out of the same event and are largely duplicative, Doria has not previously asserted Count II (discrimination under the ADA) and Count IV (due process). Because this Court must apply Arizona preclusion principles, Counts II and IV are barred only if no additional evidence is needed to prevail here than in Doria's first suits. *Phx. Newspapers*, 188 Ariz. at 240. As to Count II, while both the ADA and the FHA prohibit disability discrimination, a claim under the ADA requires proof of an accommodation related to equal access to a public service, whereas the FHA requires proof of an accommodation related to equal opportunity to use and enjoy a dwelling. *Compare* 42 U.S.C. § 12132, *with* 42 U.S.C. § 3604(f). With respect to Count IV, Doria must show that his property interests were invaded by the government without an opportunity to challenge the invasion. *See Rainbow Valley Citrus Corp. v. Fed. Crop Ins. Corp.*, 506 F.2d 467, 469 (9th Cir. 1974). Thus, to prove Counts II and IV, Doria may need to present new evidence not previously required in the prior adjudication of his retaliation and discrimination claims. As a result, res judicata does not bar Counts II and IV under Arizona law.

Accordingly, only Doria's FHA (Count I) and retaliation (Count III) claims are barred under res judicata. Counts I and III will be dismissed with prejudice against all Defendants.

### iii.    Collateral Estoppel

Defendants also argue all claims should be dismissed as barred under the doctrine of collateral estoppel. (Doc. 36 at 9-10.) The Court only addresses this argument with respect to the remaining claims: Counts II and IV. Collateral estoppel, or issue preclusion, binds a party to a decision on an issue previously litigated if:

> (1) the issue was actually litigated in the previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, (4) resolution of the issue was essential to the decision, and (5) there is common identity of the parties.

*Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223 (App. 2003) (citation omitted). If the first

- 9 -

four elements are satisfied, Arizona law permits defensive use of issue preclusion, which occurs when "a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff previously litigated unsuccessfully against another party." *Id.*

In the prior proceedings, Doria's counterclaims for retaliation and discrimination involved the same discriminatory enforcement of the Lease terms as alleged here. (*Compare* Doc. 36-1 at 66-67, *with* Doc. 19 at 5-8.) At the close of the Eviction Suit, the jury rejected Doria's counterclaim for retaliation and found for Yavapai College, determining that it had just cause to terminate the Lease. (Doc. 36-1 at 77.) The jury's verdict in favor of Yavapai College meant the College's enforcement of the Lease was valid—not arbitrary, discriminatory, or retaliatory as argued by Doria. While Doria recasts his legal claims under the ADA and Due Process Clause, both claims are predicated on the same issue—whether Yavapai College discriminately or arbitrarily enforced the Lease. This issue has been decidedly resolved against Doria in a final judgment after he received a full opportunity to litigate before a jury and two judges. The Court finds that each element of collateral estoppel is satisfied on this issue, such that it is entitled to preclusive effect in this action.

Because Doria's theories under the ADA and Due Process Clause are predicated on the very issue decided against him, Counts II and IV are precluded. The Court will dismiss these claims with prejudice against all Defendants.[8]

### 3. Leave to Amend

Doria requests leave to amend. (Doc. 37 at 6.) Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." Leave to amend is not available, however, where amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This Court has already provided Doria multiple opportunities to amend his pleading. (Docs. 13, 18.) For the reasons stated above, all of Doria's claims are precluded by res

---

[8] Because Counts I-IV will be dismissed as precluded, the Court need not address Defendants' alternative argument that Doria fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

judicata or collateral estoppel; therefore, leave to amend will be denied as futile. *See D'Haenens v. Fed. Nat. Mortg. Ass'n*, No. 2:11-CV-01432-GMN, 2013 WL 1315223, at *1 (D. Nev. Mar. 28, 2013) ("Where an action is dismissed on the basis of res judicata and claim preclusion, any amendment is necessarily futile, since curing this deficiency is not possible by definition."); *Rainwater v. Banales*, No. CV 08-3789-CJC, 2008 WL 5233138, at *9 n.6 (C.D. Cal. Dec. 15, 2008) (leave to amend may be denied as futile where the claims would be barred by res judicata or collateral estoppel).

### D.     Defendants' Request for A No-Contact Order

Defendants also request a no-contact order, arguing Doria continues to contact representatives of Yavapai College directly and send "threatening and harassing emails . . . to College administrators, staff, and even students," as well as other attorneys at Defendant Haws' law firm. (Doc. 36 at 15-16.) Defendants also represent there is an existing no-contact order in place before the Yavapai County Superior Court. (*Id.*; *see also* Doc. 36-1 at 95.) The Court will grant the request as provided herein.

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** Doria's Motion for Leave to File a Sur-Reply (Doc. 43) is denied.

**IT IS FURTHER ORDERED** Doria's Third Amended Complaint (Doc. 51) is stricken. The Clerk of Court must strike the Third Amended Complaint (Doc. 51) from the docket.

**IT IS FURTHER ORDERED** Defendants' Motion to Dismiss (Doc. 36) is granted, and Doria's Second Amended Complaint (Doc. 19) is dismissed with prejudice.

**IT IS FURTHER ORDERED** denying all other pending motions (Docs. 41, 49, 53, 54, 55, 62) as moot.

**IT IS FURTHER ORDERED** Doria shall direct all communication with Defendants related to the issues raised in this lawsuit through Defendants' counsel.

 . . . .

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Defendants and close this case. The Court retains jurisdiction to adjudicate any request for attorneys' fees.

**IT IS FINALLY ORDERED** that Defendants' request for fees and costs within their motion to dismiss is denied without prejudice to Defendants filing a timely motion for fees and/or bill of costs consistent with the federal and local rules of civil procedure.

Dated this 20th day of August, 2025.

Michael T. Liburdi
United States District Judge

# EXHIBIT 5

# GUST ROSENFELD
## ATTORNEYS SINCE 1921  P.L.C.

■ ONE E. WASHINGTON, SUITE 1600 ■ PHOENIX, ARIZONA 85004-2553 ■ TELEPHONE 602-257-7422 ■ FACSIMILE 602-254-4878 ■

Sèan P. O'Brien
602-257-7460
spobrien@gustlaw.com

**Via Email**

March 18, 2026

Daniel Doria

Re:   Daniel T. Doria v Happy Jack Lodge, LLC, et al

Dear Mr. Doria:

This communication constitutes protected settlement negotiations pursuant to Rule 408, Fed. R. Evid. for the express purpose of responding to your March 12, 2026, settlement proposal (the "Settlement Proposal") to Gust Rosenfeld PLC ("G.R.") and Robert Haws ("Haws") in the above referenced matter.

After due consideration of the Settlement Proposal, both G.R. and Haws are prepared to accept your Settlement Proposal subject to a limited condition and understanding between all parties. G.R. and Haws are amenable to the proposed zero-dollar walk-away settlement to release G.R. and Haws. Addressing the specific points referenced in the Settlement Proposal:

1)     Plaintiff will stipulate to dismiss with prejudice G.R. and Haws from Daniel T. Doria v Happy Jack Lodge, LLC, et al. That is acceptable to G.R. and Haws;

2)     Plaintiff will unconditionally stipulate to dismiss with prejudice the pending Ninth Circuit Court of Appeals actions in Daniel T. Doria v Yavapai College District Governing Board, et al. The limited condition or understanding between all parties is that you have technically two appeals pending before the Ninth Circuit Court of Appeals. The first appeal is referenced above and referred to in the Settlement Proposal. Your second appeal is from the District Court's award of attorneys' fees and costs of $7,500. So that there is no misunderstanding, the Settlement Proposal refers only to the appeal of the dismissal of the underlying action and not the appeal of the District Court's award of attorneys' fees and costs of $7,500. G.R. and Haws have no opposition to you also dismissing your second appeal with prejudice, the result of which would be to leave the District Court's award of attorneys' fees and costs in place

3)     Each party shall bear their own costs and attorney fees. That is acceptable to G.R. and Haws;

4)     In exchange for the global release, G.R. and Haws would each submit a Sworn Declaration under penalty of perjury to the facts as set forth in the Settlement Proposal. That is also acceptable to G.R. and Haws, though Haws' declaration would only be in his

*GUSTLAW.COM*
*PHOENIX ‒ FLAGSTAFF ‒ TUCSON ‒ WICKENBURG*

Daniel Doria                              -2-                         March 18, 2026

individual capacity and to the best of his knowledge and as to G.R., I would execute the
Declaration on behalf of G.R. in my capacity as General Counsel.

       Mr. Doria, please let me know whether the Settlement Proposal as discussed herein
is acceptable. If so, we can prepare a brief Settlement Agreement and provide you with the
Sworn Declarations of G.R. and Mr. Haws. If we are not able to settle this matter, however,
G.R. and Haws will have no alternative but to reach out to you as provided for in the Court's
earlier Order prior to filing a Motion to Dismiss.

       Please let me know how you wish to proceed. Please acknowledge receipt.

                                              Very truly yours,

                                              Sèan P. O'Brien
                                              General Counsel

SPO/slb
7995507.1
Cc: Rob Haws

# EXHIBIT 6

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T Doria, | No. CV-25-08043-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Yavapai College District Governing Board, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 37(a)(5) and Local Rule 54.2. (Doc. 67.) The motion was filed after the Court's Order (Doc. 63) granting Defendants' Motion to Dismiss with prejudice (Doc. 36). The Court will grant in part the Motion (Doc. 67).

## I.     BACKGROUND

The Court previously set forth the factual background in this case. (*See* Doc. 63.) Relevant here, Plaintiff Daniel Doria's Second Amended Complaint ("SAC") alleged four claims: (1) violation of the Fair Housing Act ("FHA"), (2) violation of the Americans with Disabilities Act ("ADA"), (3) retaliation under Arizona law, and (4) violation of Due Process. (Doc. 19.) Each claim arose from Defendants' enforcement of a lease governing Plaintiff's tenancy at the Verde Valley RV Park and the resulting eviction proceedings, which culminated in a state jury verdict finding Plaintiff in breach of the lease and rejecting his retaliation claim.

Defendants filed a motion to dismiss the SAC. (Doc. 36.) That motion was granted,

and this action was dismissed with prejudice. (Doc. 63.) Plaintiff then appealed that Order.[1] (Doc. 64.) Defendants now move for attorneys' fees, claiming they incurred "$31,446 in attorneys' fees directly attributable to successfully defending these claims." (Doc. 67 at 2.) That motion is fully briefed. (Docs. 69, 70.)

## II.     ELIGIBLITY FOR AND ENTITLEMENT TO ATTORNEYS' FEES

### A.     Legal Standard

Defendants primarily request attorneys' fees under 42 U.S.C. § 1988(b) and A.R.S. § 12-349(A)(1).[2] (Doc. 67 at 2-7.) "The basis of the fees request [under these statutes] is essentially the same." *Hoenack v. Litchfield Elementary Sch. Dist. No. 79*, No. CV-22-01903-PHX-JJT, 2024 WL 4837006, at *3 (D. Ariz. Nov. 20, 2024). A district court may issue a discretionary award of fees under § 1988(b) to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

Similarly, under A.R.S. § 12-349(A)(1), courts must award attorney fees to a prevailing defendant if a plaintiff "[b]rings or defends a claim without substantial justification." The phrase "without substantial justification" means that the claim "is groundless and is not made in good faith." A.R.S. § 12-349(F). "Therefore, the state and federal fee statutes largely track one another." *Hoenack*, 2024 WL 4837006, at *3. The Court therefore analyzes Defendants' fee request under both statutes together.

But each standard is applied differently as to pro se plaintiffs. "The *Christiansburg* standard is applied with particular strictness in cases where the plaintiff proceeds pro se." *Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987). On the other hand, Arizona state courts "may not afford special leniency to pro se litigants." *Flynn v.*

---

[1] Plaintiff's notice of appeal from the order dismissing the SAC does not divest this Court of jurisdiction to consider an award of attorneys' fees. *See Masalosalo ex rel. v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

[2] The Court notes that Defendants also argue they are entitled to fees as to the FHA claim under 42 U.S.C. § 3613(c)(2) and for the state law retaliation claim under A.R.S. § 12-341.01. (Doc. 67 at 2, 4.) Because the Court resolves the motion under 42 U.S.C. § 1988(b) and A.R.S. § 12-349(A)(1), the Court need not assess whether it can grant relief under those alternative statutes.

*Campbell*, 243 Ariz. 76, 83-84 (2017).

### B.    Analysis

Defendants obtained dismissal with prejudice of all claims asserted in the SAC. (Doc. 63.) They are therefore prevailing parties for purposes of both 42 U.S.C. § 1988(b) and A.R.S. § 12-349. *Garrow v. Tucson Clips LLC*, No. CV-22-00243-TUC-RM (LAB), 2023 WL 8018313, at *3 (D. Ariz. Nov. 20, 2023); *Harris v. Rsrv. Life Ins. Co.*, 158 Ariz. 380, 385 (App. 1988).

In determining whether an award of attorneys' fees is appropriate against a pro se civil rights plaintiff, the Ninth Circuit considers three factors: "(1) whether the court dismissed the action before proceeding to trial; (2) whether the plaintiff recognized the merits, or lack thereof, of her claims; and (3) whether the plaintiff acted in bad faith." *See Garrow*, 2023 WL 8018313, at *3; *Miller*, 827 F.2d at 620. The Court addresses these considerations in turn.

### 1.    <u>Early Dismissal</u>

First, this action was dismissed at the pleading stage and did not proceed to discovery or trial. (Doc. 63.) All claims were dismissed with prejudice, and the Court concluded that amendment would be futile. (*Id.* at 10-12.) Early dismissal weighs in favor of a fee award because it reflects the absence of a viable legal or factual basis for the claims. *See Miller*, 827 F.2d at 620; *Minor v. FedEx Off. & Print Servs., Inc.*, 205 F. Supp. 3d 1081, 1087 (N.D. Cal. 2016) ("The first factor favors granting fees when an action is dismissed before trial, as an early dismissal suggests that the case's lack of merit is apparent from the pleadings.").

### 2.    <u>Recognition of the Lack of Merit</u>

The record also demonstrates that Plaintiff recognized, or at least should have recognized, the lack of merit in his claims. The Court addresses each claim in turn to explain why Plaintiff had notice that further litigation would be unsuccessful.

### a.    **FHA and Retaliation Claims**

The Court previously dismissed his FHA and retaliation claims with prejudice as

barred by the doctrine of res judicata. (Doc. 63 at 9.) The Court acknowledges that "most courts that have addressed the issue have concluded dismissal based on the doctrine of claim preclusion or res judicata is not a proper basis for an award of attorneys' fees." *Garrow*, 2023 WL 8018313, at \*4 (quoting *Minor*, 205 F. Supp. 3d at 1088). This caution is particularly relevant for pro se plaintiffs because res judicata "involve[s] procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons." *Chester v. St. Louis Hous. Auth.*, 873 F.2d 207, 209 (8th Cir. 1989).

Arizona law, however, draws a distinction between an initial, mistaken filing and the repeated pursuit of claims after a plaintiff has been warned they are barred. Under A.R.S. § 12-349, Arizona courts have affirmed fee awards where plaintiffs continue to relitigate claims despite clear notice that they are precluded. *See Eli v. Procaccianti AZ II LP*, No. 1 CA-CV 19-0855, 2021 WL 3088737, at \*3 (Ariz. App. July 22, 2021) (affirming fees where the action was the plaintiffs' "third unsuccessful attempt to evade judgment"); *Myers v. Freescale Semiconductor Inc.*, No. 1 CA-CV 17-0745, 2018 WL 6241455, at \*5 (Ariz. App. Nov. 29, 2018) ("A plaintiff who repeatedly brings litigation over the same issue after courts have previously stated he is barred from doing so, does so 'without substantial justification.'"). That principle applies even when the plaintiff proceeds without counsel. *Gray v. Capstone Fin.*, No. 1 CA-CV 21-0538, 2022 WL 1151132, at \*2 (Ariz. App. Apr. 19, 2022).

Doria has filed several lawsuits in federal court alone and represents that he intends on attending law school, showing that he understands the legal process. (Doc. 69 at 5); *see also Hernandez v. Huscher*, No. 3:20-CV-00328-MK, 2022 WL 17721468, at \*1 n.2 (D. Or. Dec. 15, 2022) (noting that it would not consider an untimely filing where the pro se litigant had been involved in several lawsuits and had "shown her understanding of the legal process").

Plaintiff was also on notice that further attempts to litigate his FHA and retaliation claims would not succeed. Before filing this action, the Yavapai County Justice Court had already determined that Plaintiff's FHA and retaliation claims were barred, holding that

- 4 -

"[a] final judgment was entered after an eviction jury trial in Case No. CV2025000123 that involve[d] the same parties and addressed these same claims." (Doc. 36-1 at 16-17.) Plaintiff therefore had explicit notice that further attempts to litigate those claims would not succeed.

The District Court of Oregon confronted a similar issue in *Holdner v. Coba*, No. 3:15-CV-2039-AC, 2016 WL 6662687, at *4-5 (D. Or. Nov. 9, 2016). There, a pro se plaintiff filed the same claims for a third time. *Id.* at *4. The court emphasized that, before filing the third action, the plaintiff had already received a ruling from a prior court explaining that his claims were barred by claim preclusion. *Id.* at *5. Although the court acknowledged its obligation to afford a pro se litigant the benefit of the doubt, it noted that the plaintiff had "clearly been warned any additional complaints attacking the legality of Defendants' regulation of [his] livestock operation would not succeed." *Id.* The court further observed that the plaintiff did not need to conduct or independently understand the claim-preclusion analysis because "Judge Papak had done so for him" and that he "needed only to read Judge Papak's ruling . . . to know [the third action] was not viable." *Id.*

The same is true here. Plaintiff had already received a clear judicial explanation that his FHA and retaliation claims could not be relitigated. His decision to reassert those claims in this Court supports a finding that he recognized, or should have recognized, their lack of merit.

### b. ADA and Due Process Clause

The Court also dismissed Plaintiff's ADA and Due Process Clause claims with prejudice under collateral estoppel. (Doc. 63 at 10.) As the Court explained, "the jury's verdict in favor of Yavapai College meant the College's enforcement of the Lease was valid," and both claims were "predicated on the same issue—whether Yavapai College discriminately or arbitrarily enforced the Lease." (*Id.*)

Although the warning as to collateral estoppel may not have been as explicit as it was with respect to res judicata, Plaintiff was nonetheless on notice that litigation of the Lease enforcement issue would fail. Other courts within this circuit have awarded

- 5 -

attorneys' fees under § 1988 where claims barred by collateral estoppel constituted "burdensome litigation that is prosecuted without foundation." *Myers v. Thompson*, No. CV 17-157-M-DLC-JCL, 2019 WL 1369005, at \*2 (D. Mont. Mar. 26, 2019) (internal quotation marks omitted); *Grove v. Helena Parking Comm'n*, No. CV 11-17-H-DWM, 2011 WL 2790205, at \*5 (D. Mont. July 14, 2011). Taken together, Plaintiff's continued pursuit of claims foreclosed by prior adjudications—whether by res judicata or collateral estoppel—supports the conclusion that he recognized, or should have recognized, the lack of merit in his claims.

### 3. Bad Faith or Improper Purpose

The Court granted Defendants' request for a no-contact order after Defendants represented that Plaintiff was repeatedly sending "threatening and harassing emails . . . to College administrators, staff, and even students, as well as other attorneys at Defendant Haws' law firm." (Doc. 63 at 11; Doc. 36 at 15-16.) Plaintiff argues that the Court should not consider the no-contact order because he appealed it to the Ninth Circuit. (Doc. 69 at 4.) That argument is unavailing. An additional no-contact order was already in place in Yavapai County Superior Court. (Doc. 63 at 11; Doc. 36-1 at 95.) Plaintiff's history of contact with Defendants, coupled with his continued litigation of claims he had been warned were barred, supports a finding that this action was pursued, at least in part, for an improper purpose. Accordingly, Defendants are entitled to recover reasonable attorneys' fees under 42 U.S.C. § 1988(b) and A.R.S. § 12-349.

## III. REASONABLENESS OF REQUESTED ATTORNEYS' FEES

### A. Legal Standard

The Court's conclusion that an award of attorneys' fees is warranted does not end the inquiry; it must also determine whether the amount requested is reasonable. "District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe v. Hirsch*,

- 6 -

No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)). In evaluating whether the lodestar amount is reasonable, the Court considers the factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.*; *see also* LRCiv. 54.2(c)(3).

Additionally, under both § 1988 and A.R.S. § 12-349, "and particularly in a case involving a losing *pro se* litigant, consideration of the losing party's financial status is of paramount importance in determining the amount of fees to be awarded." *Hoenack*, 2024 WL 4837006, at *4; *Miller*, 827 F.2d at 621 ("In addition to the *Kerr* factors, a district court in cases involving 42 U.S.C. §[]1981 . . . should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin"); A.R.S. § 12-350(4) ("[T]he court . . . may include the following factors, as relevant, in its consideration: . . . The relative financial positions of the parties involved.").

### B.  Analysis

Defendants seek $31,446 in attorneys' fees. (Doc. 67 at 1.) In support, Defendants submitted an affidavit from counsel Robert Haws detailing the basis for the requested amount. (*Id.* at 18-23.) Mr. Haws describes decades of experience representing school districts and colleges, including Yavapai College. (*Id.* at 18-20.) He attests that his discounted hourly rate is $250, his associate's rate is $200, and his summer associate's rate is $90. (*Id.* at 19-20.) He further represents that he and his team expended a total of 145.60

hours defending this action and submitted itemized billing records reflecting that work. (*Id.* at 19, 25-38.)

Plaintiff does not challenge the reasonableness of Defendants' hourly rates or the hours expended, and the Court's independent review confirms that both appear reasonable. Plaintiff instead argues that an award of attorneys' fees would be "financially devastating." (Doc. 69 at 5.)

The "party asserting a financial hardship must present prima facie evidence of that hardship." *Hoenack*, 2024 WL 4837006, at *4 (quoting *Cruz v. Miranda*, No. 2 CA-CV 2015-0131, 2016 WL 1612748, at *7 (Ariz. App. Apr. 21, 2016)). Plaintiff argues that he is proceeding in forma pauperis, is a full-time student, earns approximately $300 per month from dog sitting, is otherwise unemployed, and represents that he intends to remain a student for the foreseeable future as he plans to attend law school. (Doc. 69 at 5.) Defendants further represent that Plaintiff faces a considerable amount of attorneys' fees arising from related state-court proceedings. (Doc. 70 at 5.)

Taken together, Plaintiff's limited financial resources and pro se status warrant a reduction in the amount of fees awarded. *See Hoenack*, 2024 WL 4837006, at *4 (noting that under both § 1988 and A.R.S. § 12-349, "the Court retains broad discretion in fixing the amount of fees"). Considering that reduction, conducting an independent analysis of each *Kerr* factor would serve little practical purpose, as any adjustment justified under those factors would be subsumed by the reduction required to avoid imposing undue financial hardship. *Id.* at *5. ("In light of the substantial reduction that the Court will impose as a result of Plaintiff's financial status, there would be no utility in conducting an independent review of the *Kerr* factors, as any adjustment merited thereunder would be subsumed into the adjustment resulting from Plaintiff's status as a non-wealthy pro se litigant.").

Exercising its discretion, the Court awards Defendants $7,500 in attorneys' fees. An award of greater magnitude would likely subject Plaintiff to financial ruin. *Miller*, 827 F.2d at 621. This amount reflects a downward adjustment based on Plaintiff's financial

circumstances and pro se status and represents a reasonable fee award in both basis and amount.

**IT IS THEREFORE ORDERED granting in part** Defendants' Motion for Attorneys' Fees (Doc. 67) and awarding Defendants $7,500.00 in attorneys' fees.

Dated this 13th day of January, 2026.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge