Brittney K. Walsh, Esq.
State Bar No. 035279
**H & M LAW, PLLC**
P.O. Box 3700
Cottonwood, Arizona 86326
(928) 554-2070 office
(928) 438-0866 fax
court@hmlawfirmaz.com

Attorneys for Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs, LLC and Happy Jack Lodge, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Daniel T. Doria, | Case No. 3:26-cv-08003-JJT |
|---|---|
| Plaintiff, | |
| vs. | **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING SUPERIOR COURT JUDGMENT** |
| Robert Haws; Michael Mongini; Gust Rosenfeld PLC; Happy Jack Lodge, LLC; Cottonwood Springs RV, LLC; and Brittney Walsh, | |
| Defendants. | |

Defendants, Michael Mongini, Brittney K. Walsh, Cottonwood Springs, LLC and Happy Jack Lodge, LLC ("HJL"), by and through counsel undersigned, submit their Supplemental Brief in Support of their Motion to Stay [Doc. 47] pursuant to the Court's April 29, 2026 Order [Doc. 56].

Plaintiff's Second Amended Complaint ("SAC") [Doc. 57] fares no better than his first two complaints under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed.2d 483 (1976). The issue of whether HJL violated

1

Plaintiff's rights or retaliated against him are before the Yavapai County Superior Court. HJL requests this Court stay proceedings to allow the Superior Court to try the issues before this Court exercises jurisdiction, if any.[1]

**(1)    Whether either the state or federal court has exercised jurisdiction over a res:**

Two Courts, the Justice and Superior Courts, have exercised jurisdiction over the lease agreement between the parties.

On November 25, 2025, Plaintiff wrote to HJL that he would be terminating his month-to-month (i.e. holdover) tenancy on January 9, 2026. Thereafter, on December 1, 2025, Plaintiff sued the RV Park for breach of contract and retaliation. *See* Plaintiff's Complaint attached hereto as **Exhibit A**. On December 15, 2025, attorney Walsh made her appearance. *See* Notice of appearance attached hereto as **Exhibit B**. That same day Plaintiff amended his Superior Court Complaint. *See* First Amended Complaint attached hereto as **Exhibit C**.

On December 29, 2025, the parties attended an evidentiary hearing on Plaintiff's request for preliminary injunction. *See* 12/29/26 Hearing Transcript attached hereto as **Exhibit D**. The Superior Court denied injunctive relief and determined that Plaintiff was not likely to succeed on the merits. *See* Superior Court's January 5, 2026, Ruling attached hereto as **Exhibit E**. Thereafter, Plaintiff filed a partial Motion for Summary Judgment. *See* attached **Exhibit F**. Defendant filed its Response and Cross Motion for Summary Judgement, which was recently re-submitted. *See* the Response and Cross Motion for Summary Judgment attached hereto as **Exhibit G**. The Superior Court clerk temporarily stayed filings due to Plaintiff's improper Rule 41 Notice of Dismissal. *See* the Superior Court's April 22, 2026, Order attached hereto as **Exhibit H**.

The RV Park Defendants properly sought to evict Plaintiff after he failed to vacate on January 9, 2026, as agreed by Plaintiff and the RV Park. On January 21, 2026, the Justice Court determined that Plaintiff's voluntary written termination of his lease is controlling. *See* Judgment attached hereto as **Exhibit I** and 1/21/26 Hearing Transcript

---

[1] HJL does not admit to jurisdiction as this is an eviction action which is solely a state court issue.

attached hereto as **Exhibit J**. The Justice Court considered arguments regarding Doria's duress arguments. *See* **Ex. J** at 6:19-22, 7:1-10, 10:3-4, 10:20-25, and 12:1-11. The Court was not persuaded by Doria's duress arguments. *See* **Ex. J** at 16:17-22. ("I -- the court is not persuaded with regard to the argument that there was duress, at least as it relates to any federal claim[2] that would have a legal determining fact in this particular case; and as such, I'm going to go ahead and answer judgment on behalf of the Plaintiff in this case.") *See also* **Ex. J** at 18:15-19 ("I -- I -- yeah. The court specifically finds that there's no -- that there's no factual or legal position which has been presented by the Defendant that the court believes has merit which would justify this being set off for trial. The sole purpose of this Motion is to clarify whether the Court intended those statements to be binding factual or legal findings, or whether they were descriptive or preliminary observations made solely in the context of the ripeness analysis.")

Plaintiff did not appeal the Justice Court judgment. As such, he is foreclosed from arguing the eviction is improper. *See*, e.g. SAC. at ¶ 2, 12, 23, etc. Moreover, he is foreclosed from arguing in this Court (or any other) that the eviction notices were baseless. He is also foreclosed from arguing that his voluntary and written termination was made under duress or coerced. Plaintiff was unsuccessful with these arguments in a prior Court and that adjudication was final. The principals of *res judicata* and estoppel bar Plaintiff from seeking a contradictory result in a subsequent lawsuit.

The center of Plaintiff's allegations in all three courts are an eviction action. Plaintiff brought his claims in Superior Court, wherein he sought discovery on his conspiracy allegations regarding attorneys Haws, Mongini and Walsh. HJL's Discovery Responses are attached hereto as **Exhibits K, L** and **M**. The state court matter regarding the alleged breach of lease and alleged retaliation remains pending.

More importantly, Plaintiff's conspiracy allegations against the individual defendants remains a fabricated set of allegations contradicted by the evidence and under oath allegations made in two prior cases. Plaintiff seeks to continue with his federal complaint because of additional Defendants in this action that are not involved in the State

---

[2] As discussed in §1 *supra*, according to Doria's improper Notice of Voluntary Dismissal filed in this Court and his improper Notice of Removal filed in Justice Court, the three cases are duplicative.

Court actions. This should not sway the Court. First, he fails to assert the requisite corporate veil allegations allowing him to sue Mongini as an individual. Second, Plaintiff likely violates a no-contact order by baselessly bringing in attorney Haws. Finally, Plaintiff brings in individual defendants based on an alleged "conspiracy" for which the evidence contradicts.

Again, Plaintiff distorts the timeline of events to bring claims in Federal Court. Plaintiff brought attention to his disability to HJL for the first time in a disclosure statement after he issued a written notice terminating his tenancy. *See* Plaintiff's December 25, 2025, disclosure statement attached hereto as **Exhibit N**. He now seeks to rewrite the facts to create a federal question where there is none.

In his First Amended Complaint in this Court, Plaintiff claims he sought an alleged accommodation from attorney Walsh. *See* First Amended Complaint ("FAC") at ¶¶ 15-17 [Doc. 10]. In his SAC, he revises his sworn claim to state he sought an alleged accommodation upon move-in. *See* SAC at ¶ 16 [Doc.57]. The "accommodation" Plaintiff alleges is dog sitting at his RV site, which is not a proper accommodation under the Fair Housing Act ("FHA"). Even if the accommodation were the type considered in the FHA (it isn't), the evidence contradicts this claim. No matter how many times he asserts a new timeline (each complaint is sworn under oath and contradicts the last), the evidence exchanged in the Superior Court case is clear, no record of accommodation for his disability occurred <u>before</u> his written termination of tenancy sent on November 25, 2025.

In fact, Plaintiff's sworn testimony at the December 29, 2025, preliminary injunction hearing supports HJL's position. Plaintiff sought to introduce his medical records and attorney Walsh objected. In responding to the objection, Plaintiff stated, "Actually, no mention has been made of my disability until it was shared with counsel. But this is for imminent harm, Your Honor, it's clearly imminent harm." *See* **Ex. D** at p. 88:19-22. Plaintiff's own sworn testimony admits the December 25, 2025, disclosure statement was his first communication to HJL about his disability.

///

In other words, Plaintiff admits under oath he disclosed his disability <u>after</u> he terminated his residency. That is not retaliation or a violation of the Fair Housing Act. By alleging contradictory statements here, he seeks to expand costs and fees by forcing HJL to defend itself in two Courts. *Colorado River* allows this Court to stay proceedings under these extreme circumstances.

In his SAC, Plaintiff alleges fraud on the Court. While all of Mr. Doria's allegations are without merit, this is perhaps the most galling.  To be abundantly clear – it is Mr. Doria who files numerous, contradictory pleadings, all of which are fabricated and brought under penalty of perjury. To support his outrageous civil conspiracy and fraud on the court allegations, Plaintiff points to a Vexatious Litigant Motion (attached hereto as **Exhibit O**) wherein attorney Walsh discusses a no-contact order issued by the District Court on behalf of all defendants, including attorney Haws. Plaintiff has asserted no such order exists. The August 20, 2025, District Court opinion granting a no-contact order. *See* attached **Exhibit P** at p. 11:8-14. The fabricated allegations against attorney Haws[3] contained in the SAC likely violate this no-contact order.

Plaintiff purposely distorts the timeline and fabricates new allegations to this Court to bring in Defendants that were not involved in facts leading up to the dispute. This is not enough to continue with the duplicative proceedings.

Finally, in another astounding baseless assertion to this Court, Plaintiff's Supplemental Brief [Doc. 58] asserts that the federal and state actions are not sufficiently parallel. But much like his prior statements to the Justice and Superior Court admitting there is overlap in the claims, Plaintiff's private communications admit the actions are "parallel." *See* attached **Exhibit Q,** April 23, 2026 email from Plaintiff stating, "Before the federal docket accelerates into discovery, it is necessary to assess the realities of the parallel litigation." This communication speaks for itself as to the true nature of the federal proceedings. Plaintiff seeks to extort all defendants in this litigation by abusing the Court with his repeated perjurious allegations. A stay is warranted.

///

---

[3] Attorney Walsh does not represent Robert Haws, nor seeks to make allegations on his behalf.

5

By allowing this parallel litigation to continue, the Court would award the Plaintiff for his perjurious allegations and violations of court orders. A stay is not only warranted, justice requires abstention.

**(2)    The inconvenience of the federal forum:**

The District Court is an inconvenient forum to try these matters as the District Court sits in Maricopa County where the parties live in Yavapai County, two hours away. This factor favors HJL Defendant's position that a stay is warranted.

Moreover, when the fabricated and contradictory allegations of disability accommodations and conspiracy are stripped away, the facts show that this case is merely an eviction action.

**(3)    The desirability of avoiding piecemeal litigation:**

Plaintiff seeks to begin his lawsuit anew in this Court. In doing so, he also seeks to re-write history to create causes of action where there are none. The threat of differing outcomes is magnified by the differing timelines and contradictory allegations Plaintiff asserts in his SAC.

Continuing prosecution of this action in Federal Court and Superior Court would create a significant risk of piecemeal litigation and inconsistent judgments. *Colorado River* instructs "courts should endeavor to avoid duplicative litigation." 424 U.S. at 817.

Accordingly, there is a significant chance that each court will be independently deciding the same issues (based on newly invented allegations) and will produce inconsistent or contradictory results. Consequently, such a risk weighs heavily in favor of abstention.

**(4)    The order in which the forums obtained jurisdiction:**

This Court is the third venue to hear the issues regarding the lease agreement between the parties. As discussed above, the Justice Court's findings bar certain findings here. More importantly, the Superior Court action has progressed much further in its proceedings than the instant action in federal court. Accordingly, this factor favors a stay of proceedings.

**(5)    Whether federal or state law controls the decision on the merits:**

The issue before the Court is regarding a lease agreement, a written voluntary notice of termination issued by Plaintiff, and the resulting eviction. The lease agreement is governed by Arizona law. As admitted by Plaintiff, the issues brought before this Court regard an eviction. As stated above, Plaintiff distorts the record and plain face of the evidence to retroactively fit his claims into federal law[4]. This is not enough.

Issues of Arizona State law predominate this eviction. Accordingly, this factor weighs in favor of abstention.

**(6)    Whether the state court can adequately protect the parties' rights:**

The best protection of HJL's rights would be to stay this action until a final outcome in Superior Court. Plaintiff's allegations have been like playing whack-a-mole with each new case asserting a different story. But the evidence presented, and testimony provided to the Superior and Justice Courts speaks for itself: Plaintiff terminated his residency and now seeks to abuse the Courts to harm his prior landlord and their attorney. It would be a grave injustice to aid in Plaintiff's abuse by allowing this case to continue concurrently with Plaintiff's Superior Court case.

The Arizona court system is fully competent to protect both Plaintiff and Defendant's rights. Indeed, both parties have prepared motions for summary judgment for the state forum, indicating as much. This factor, therefore, favors abstention.

## <u>CONCLUSION</u>

The SAC and the case before the Superior Court are duplicative. The Superior Court has motions before it regarding the claims made here. Further, many of the allegations in the SAC are foreclosed due to *res judicata* and impossibility. Allowing Plaintiff to go

///

///

///

---

[4] The Court can take judicial notice of the state court proceedings wherein the record shows that Plaintiff disclosed his disability 30 days after he terminated his residency. Further, the record shows that Plaintiff was provided Discovery Responses showing no communications between the attorneys exist.

forward in two venues, however, aids Plaintiff in his stated goal to expand litigation and make it costly for HJL. Justice requires a stay of proceedings pending resolution of the Motions for Summary Judgment in Yavapai County Superior Court.

RESPECTFULLY SUBMITTED this 12th day of May, 2026.

**H & M LAW, PLLC**

By: */s/ Brittney K. Walsh*
    Brittney K. Walsh, Esq.
    Attorneys for Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs, LLC and Happy Jack Lodge, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing with electronic transmittal to the following:

Daniel T. Doria
989 S. Main St Ste A PMB 407
Cottonwood, AZ 863236
danieldoria105@yahoo.com; dtdoria75@gmail.com
Plaintiff, *Pro Se*

By: */s/ Kristie Kellerhals*

8