**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T. Doria, | No. CV-26-08003-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Happy Jack Lodge LLC, *et al.*, | |
| Defendants. | |

Before the Court is Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs RV, LLC and Happy Jack Lodge LLC's Motion to Stay Proceedings Pending Superior Court Judgment (Doc. 47, Mot.), which has been fully briefed (Docs. 54–55, 58, 61). Defendants Mongini, Walsh, Cottonwood Springs RV and Happy Jack Lodge move to stay these proceedings pending the disposition of Yavapai County Superior Court case no. S1300CV202580488 ("Superior Court Case"). (Mot. at 1, 3.) Defendants assert, and Plaintiff does not contest, that Plaintiff filed the Superior Court Case on December 1, 2025 based on facts arising from the parties' lease agreement and Plaintiff's eviction. (Mot. at 2.) On January 12, 2026, Plaintiff filed the instant action.[1] Defendants primarily argue that a stay is warranted because the Superior Court Case and this matter are based on the same underlying facts and issues. (Mot. at 4.)

. . .

---

[1] Defendants point out that there was a justice court eviction action that ran concurrently with the Superior Court Case. (Mot. at 1–3.) But that case, according to Defendants, has resolved, and is therefore not "simultaneous" to these proceedings and irrelevant to the Court's analysis of whether a stay is appropriate.

But a stay is not justified simply because actions in the state court and federal court proceed concurrently and arise from the same operative facts. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.") (citation modified). Rather, when parallel state and federal proceedings are at issue, a stay is permitted *only* in two circumstances: "(1) when an action seeks only declaratory relief, or (2) when exceptional circumstances exist under *Colorado River*."[2] *Ernest Bock, LLC v. Steelman*, 76 F.4th 827 (9th Cir. 2023) (citation modified). Plaintiff does not seek only declaratory relief (*see* Doc. 57, SAC, at 9–10), so the Court must determine whether a stay is justified under the following eight *Colorado River* factors:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021).

The Court begins with the last *Colorado River* factor, whether the state and federal proceedings are sufficiently parallel. *Steelman*, 76 F.4th at 838 ("Parallelism is a threshold requirement for a *Colorado River* stay."). "Parallelism is necessary but not sufficient to counsel in favor of abstention. But exact parallelism is not required. It is enough if the two proceedings are substantially similar." *Id.* (citation modified). When there is substantial doubt that "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties . . . it would be a serious abuse of

---

[2] In the Motion to Stay, Defendants apply the stay factors set forth by *Landis v. North American Company*, 299 U.S. 248 (1936). But case law clearly establishes that when a "case involves simultaneous and related federal and state actions, the proper analysis is under *Colorado River*, not *Landis*." *Steelman*, 76 F.4th at 842. Accordingly, the Court disregards Defendants' application of the *Landis* factors and considers only Defendants' application of the *Colorado River* factors made in their reply and supplemental briefs.

discretion to grant the stay." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). In the Ninth Circuit, a *Colorado River* stay is appropriate where the state court proceedings would fully resolve the federal court proceedings, leaving the federal court with "nothing further to do in resolving any substantive part of the case." *Steelman*, 76 F.4th at 838–41 (citing *Moses*, 460 U.S. at 28). When "the federal and state proceedings are not sufficiently parallel, a *Colorado River* stay may not issue." *Id.* at 838.

Here, the Superior Court Case and this matter are not sufficiently parallel. Plaintiff's claims here include: (1) retaliation and coercion under the Fair Housing Act ("FHA"); (2) conspiracy to interfere with Plaintiff's civil rights under 42 U.S.C. § 1985(3); abuse of process arising from Defendant Walsh's allegedly false citations used in the simultaneous Superior Court Case; and (4) intentional infliction of emotional distress arising from Defendants' purported "bad-faith eviction campaign" against Plaintiff. (SAC at 7–9.)

By contrast, the claims brought in the Superior Court Case are: (1) breach of the lease agreement; (2) unlawful eviction in violation of the Arizona Recreational Vehicle Long-Term Rental Space Act ("RV Act"); and (3) injunctive relief preventing eviction. (Doc. 61-2 at 27–29.) The basis for these claims is that Plaintiff refused to materially modify his lease that he maintained as a "protected tenant" under the RV Act, which allegedly led to Defendants retaliating against him for asserting rights under the RV Act and breaching the lease terms.

Even after the Court expressly ordered the parties to address all eight *Colorado River* factors in supplemental briefing, Defendants do not directly address the eighth *Colorado River* factor at all. (*See* Mot. (applying *Landis* factors); Doc. 55, Defs.' Reply (applying the first six *Colorado River* factors); Doc. 61, Defs.' Supp. (same)). But Defendants generally contend in other parts of their briefing that "[t]he center of Plaintiff's allegations in all three courts are an eviction action." (Defs.' Supp. at 3.) Maybe so, but the fact that different claims arise from the same operative facts is not an "exceptional circumstance" that warrants the extraordinary relief of a *Colorado River* stay.

. . .

- 3 -

Defendants otherwise do not explain, and this Court fails to see, how the resolution of the Superior Court Case would fully resolve the entirety of the claims brought here. It may be that some of the facts, and ultimately evidence, may appear in both matters, and that resolution of the Superior Court Case may narrow some aspects of the claims here. Nonetheless, this Court would have "further to do" because Plaintiff's federal claims would still need to be litigated. *Moses*, 460 U.S. at 28 ("[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."). This factor strongly weighs against a stay.

The Court now addresses the remaining *Colorado River* factors that also weigh against a stay.[3] As to the first factor, Plaintiff's alleged right to occupy land does not form the basis of this Court's jurisdiction. Rather, Plaintiff asserts claims about Defendants' allegedly retaliatory, abusive, or distressing conduct that, even if resolved in Plaintiff's favor, have no legal effect on whether Plaintiff had rights to property under a lease. *See Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017).

Regarding the second factor, a two-hour drive between Phoenix and the parties' residence in Yavapai County—a drive that many people do frequently—is not so inconvenient as to warrant a stay of proceedings. In fact, many of the proceedings held by this Court occur telephonically or virtually. Whatever inconvenience is had due to the rare times that Defendants would have to appear personally before the Court is minimal.

Under the third factor, Defendants broadly argue that piecemeal litigation would occur but make no attempt to explain how. From the papers provided by the parties, it appears that the claims here do not turn on whether Plaintiff's eviction was proper under the terms of the lease or the RV Act, so there is little to no risk that any result reached in this matter would conflict with the Superior Court's determination of the claims before it. "A general preference for avoiding piecemeal litigation is insufficient to warrant

---

[3] It is unclear under *Steelman* if the Court must proceed to weigh the remaining factors, because the eighth factor is a "threshold requirement" and a stay "may not issue" if this factor is not met. *Steelman*, 76 F.4th at 838. Absent express authority otherwise and for the sake of completeness, the Court addresses the remaining factors.

- 4 -

abstention," and Defendants present no "special concern" that elevates the possibility of limited cross-over of facts and evidence to something that justifies a stay. *Id.* at 843.

The fifth and sixth factors do not support a stay, either. Two of the claims here involve federal law, and the two other state law claims are not the kind of "complex and difficult issues better resolved by a state court," as intentional emotional distress claims and abuse of process claims are the kind of routine issues handled by this Court in scores. *Id.* at 844. Because some of the claims here involve federal law and are distinct from the claims before the Superior Court, those state proceedings would not sufficiently protect the rights that Plaintiff asserts at bar.

As to the seventh factor, "we consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." *Id.* at 846. The papers submitted by Defendants show that, after the Superior Court denied Plaintiff a preliminary injunction, he filed the instant action then attempted to voluntarily dismiss the Superior Court Case. But there is no indication that Plaintiff filed this action for "more favorable rules." *Id.* And while the denial of a preliminary injunction based on Plaintiff's breach of contract and RV Act claims may be a "setback[] in the original proceeding," *id.*, the claims before this Court are different and do little or nothing to cure whatever "setback" occurred in the Superior Court Case.

The fourth factor is the only one to weigh in favor of a stay. The Superior Court Case was not only filed first in time but has progressed to the point of dispositive summary judgment motion practice. Here, this matter has not even surpassed the answering stage. But this one factor alone does not outweigh all the other factors that counsel against a stay.

The balance of Defendants' other arguments not addressed above are better suited for a motion to dismiss than they are to support a stay. For instance, Defendants argue that Plaintiff is foreclosed from challenging his eviction, insufficiently alleges claims against certain defendants, improperly asserts that dog sitting is a proper accommodation under the FHA, and contradicts his own allegations with those made on the record in the Superior

- 5 -

Court Case. (Defs.' Supp. at 3–4.) Federal Rule of Civil Procedure 12 provides the proper vehicle for Defendants to bring these arguments, but they are not relevant here.

**IT IS ORDERED** denying Defendants Mongini, Walsh, Cottonwood Springs RV and Happy Jack Lodge's Motion to Stay Proceedings Pending Superior Court Judgment (Doc. 47).

Dated this 15th day of May, 2026.

Honorable John J. Tuchi
United States District Judge

- 6 -