THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE _Civil 54_
(Rule Number/Section)

Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326



FILED ____ LODGED
____ RECEIVED ____ COPY

MAY 1 9 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA
### 401 W WASHINGTON ST. PHOENIX, AZ 85003

| | |
|---|---|
| **DANIEL T. DORIA,** | **Case No.:** 3:26-cv-08003 |
| Plaintiff, | PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS ROBERT HAWS AND GUST ROSENFELD P.L.C.'S MOTION TO DISMISS |
| v. | |
| **ROBERT HAWS, MICHAEL MONGINI,** ) (Fair Housing Act, Civil Rights Conspiracy, **GUST ROSENFELD, P.L.C.,** ) Arizona RV Act Retaliation, Abuse of Process) **HAPPY JACK LODGE, LLC,** ) **COTTONWOOD SPRINGS RV, LLC,** and **BRITTNEY WALSH,** ) | |
| Defendants. | |

## I. MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Daniel T. Doria ("Plaintiff") respectfully requests that this Court deny the Motion to Dismiss ("MTD") filed by Defendants Robert Haws ("Haws") and Gust Rosenfeld P.L.C. ("GR"). The Defendants' MTD is procedurally improper because it demands this Court make premature factual findings based on the Defendants' own self-serving denials rather than testing the legal sufficiency of the Second Amended Complaint ("SAC").

## II. DEFENDANTS' IMPROPER REQUEST FOR FACTUAL FINDINGS

Under **Rule 12(b)(6)**, the Court must accept well-pled factual allegations as true. However, the Defendants explicitly ask this Court to draw factual conclusions from their MTD and declare Plaintiff's allegations "false". Specifically, Defendants demand that the Court accept the following as "true" facts:

- **The "No Connection" Finding:** That Defendants "have absolutely no connection with... Brittney Walsh and had absolutely no involvement with the recent eviction dispute".

- **The "No Communication" Finding:** That "the two [Haws and Walsh] have never even communicated with each other".

- **The "No Leverage" Finding:** That "not one aspect of [the leveraging of the fee award] is factually true or accurate".

- **The "Origin" Finding:** That "Plaintiff's paranoia and vindictiveness are the origins of Plaintiff's assertions, not any actual event".

By making these assertions, Defendants are asking the Court to bypass discovery and act as a trier of fact at the pleading stage—an act that is "not sufficient to defeat a motion to dismiss".

## III. THE "NEGATIVE PREGNANT": HAWS AND MONGINI

The Defendants' factual denials are tellingly selective. While O'Brien provides a flat denial regarding Haws and Walsh, he **fails to claim** that Defendant Haws never spoke to his own partner, Michael Mongini, regarding Plaintiff's housing.

- **The Coordination:** Haws and Mongini are partners in the same firm. Plaintiff alleges that Haws consulted with Mongini to coordinate a strategy for Plaintiff's displacement.

- **The Injunction Hallucination:** As part of this internal consultation, Haws falsely informed Mongini or Walsh that Plaintiff was subject to a non-existent **Injunction Against Harassment** (Exhibit 1 Footnote 2)

- **False claims of a disqualifying criminal history:** Defendants falsely claim that Plaintiff has a federal criminal history that would disqualify him from housing. This is patently false and completely unsupported by the record or any evidence (Exhibit 1 Footnote 1).

- **The Manipulation:** This manufactured "fact" was then used to persuade the state court to grant a Vexatious Litigant ("VL") motion. Defendants' attempt to dismiss this as "AI hallucinated" is a conclusory label intended to obscure the "math" of their internal firm coordination.

- Defendants further attempt to shield their coordination behind the 'intracorporate conspiracy doctrine,' arguing that partners of the same firm cannot legally conspire. This defense is inapplicable where an agent possesses an independent personal stake in the outcome or where the conspiracy involves a 'fraud upon the court'. Defendant Haws' documented history of *ex parte* communications and personal animus toward the Plaintiff—evidenced by his firm's collection of over $50,000 in fee awards and his own State Bar accountability—demonstrates a personal interest that transcends his 'official' capacity as an agent of GR.

## IV. PATTERN OF CONDUCT: EX PARTE COMMUNICATION

Defendants minimize Haws' State Bar "diversion" as a "minor complaint". However, the record confirms Haws was held accountable for **ex parte communications** with a justice court clerk. This documented history of circumventing procedural rules to communicate "secretly" with the court makes the allegation of an *ex parte* Haws-Mongini consultation highly plausible. This is not "paranoia" ; it is a deduction based on Defendant Haws' **admitted prior conduct**.

## V. THE JURISDICTIONAL DEFECT AND FHA § 3617

Defendants argue they are not "landlords" and thus cannot be liable under the FHA.

- **The Federal Standard: 42 U.S.C. § 3617** prohibits *any person* from interfering with housing rights.
- **The Conduct:** Using a December 9th notice that cited the **wrong legal Act** to file a "sham" eviction (Exhibit 2)—just days after representing to a Superior Court that the notices were withdrawn and therefore moot—constitutes clear

interference. Defendants' silence on this jurisdictional defect in their MTD is an attempt to hide a legal impossibility behind a "sanitized" record.

**VI. ADMISSIBILITY OF THE MARCH 18 LETTER UNDER RULE 408** "Defendants' reliance on Rule 408, Fed. R. Evid. to suppress the March 18, 2026, letter is legally misplaced. While Rule 408 prohibits settlement offers to prove the 'validity or amount' of a disputed claim, it expressly allows such evidence for 'another purpose,' such as proving an independent wrong like extortion, interference, or abuse of process . Leveraging a $7,500 judgment from a separate case as a 'condition' to correct a corrupted federal record is not a 'negotiation'—it is an independent act of interference with Plaintiff's civil rights, making the communication fully admissible for that purpose.

## VI. CONCLUSION

Defendants seek dismissal on the grounds of "unadorned" factual denials. Because the Plaintiff has pled factual content allowing for a reasonable inference of liability—specifically the coordination of a "hallucinated" injunction—the Motion to Dismiss must be denied.

RESPECTFULLY SUBMITTED this 13th day of May, 2026.

*/s/ Daniel T. Doria*
Daniel T. Doria, Plaintiff Pro Se
May 13, 2026

---

Daniel T. Doria Plaintiff, Pro Se
989 S Main St. Ste A PMB 407

Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May, 2026, I served a true and correct copy of the foregoing document via electronic mail to the following:

Gust Rosenfeld P.L.C. spobrien@gustlaw.com

Brittney Walsh brittney@hmlawfirmaz.com

AI 13993825.1.8-11

Arizona law but has sued HJL in two Courts based on fabricated assertions. As discussed below, Doria knows or should have known the frivolous and baseless nature of his arguments.

On December 24, 2025, Plaintiff disclosed his disability for the first time in his initial disclosure statement. *See* **Exhibit J**.

A contested hearing on Doria's preliminary injunction was held on December 29, 2025, and the Court issued an Order denying his relief stating:

> What Plaintiff's motion essentially seeks is for the court to preemptively issue a ruling related to the legitimacy of his defenses to an eviction that has not been filed. The court finds that this is not a proper request... If the Plaintiff's landlord files an eviction, the Plaintiff will be given an opportunity to be heard in defense in the eviction matter. Moreover, Plaintiff has not shown a strong likelihood of success on the merits nor a probable success on the merits as the court received testimony related to the allegations of pet waste, verbal abuse of staff by plaintiff, plaintiffs notice of move out date, etc.

Thereafter, on December 30, 2025, without any benefit of discovery, Doria filed a Motion for Summary Judgement misstating the evidence and testimony presented at the hearing. Moreover, he ignores the basis of the Court's ruling as stated above. ("the court received testimony related to the allegations of pet waste, verbal abuse of staff by plaintiff, plaintiffs notice of move out date, etc.") He seeks summary judgment on the same issues upon which the Court found he was not likely to be successful on the merits.

Doria's entire case is based on assertions that he cannot support with fact or law. Including (but not limited to the following):

- Breach of contract for a tenancy **he voluntarily terminated in writing**. HJL accepted his termination and thereafter Doria sued HJL.

- His termination was made under duress. However, he fails to provide any evidence of duress. He admitted at the preliminary injunction hearing that the duress was seeking a new executed lease and background check from him.[1]

///

---

[1] Doria's criminal history would have disqualified him from tenancy. Upon belief, Doria failed to comply with a background check knowing he would be asked to leave for his federal criminal history.

3

Doria has had his cases dismissed with attorneys' fees awarded against him for this behavior.

Upon belief, he seeks a second bite at the preliminary injunction apple in Federal District Court. This behavior is vexatious and warrants a determination of the same. A.R.S. § 12-3201(E)(1)(a-c).

### B.    The Eviction Action Against Doria

On January 12, 2026, per Doria's written notice to vacate and HJL's acceptance of the same, HJL sought an eviction action in Justice Court for Doria's failure to vacate. Forcible Detainer was granted, with the Justic Court rejecting Doria's arguments about retaliation. *See* Judgment at **Exhibit C**.

On January 16, 2026, Doria filed a Notice of Removal to Federal Court from the Justice Court case. The Justice Court denied relinquishing its exclusive state-court jurisdiction. Arizona courts have exclusive jurisdiction over eviction actions. *See* Order at **Exhibit C**.

### C.    The Federal Lawsuit Against HJL

On January 7, 2026, Doria sent HJL, though counsel, an email notifying HJL that he will file a federal complaint. His threat included parties to which HJL has no relation. (He claimed he had filed but had not done so yet.) He stated, "We can proceed down the path of protracted federal litigation—which will involve extensive discovery regarding Mr. Haws'[2] prior conduct, the firm's involvement in this eviction, and the internal communications of Happy Jack Lodge—or we can resolve this matter globally right now." *See* **Exhibit K**.

Mr. Doria demanded $12,500 in order to not proceed with his federal lawsuit. When HJL declined to pay Doria, he expended this litigation into the District Court of Arizona. *See id.*

On January 12, 2026, Doria filed a Complaint for Declaratory Judgment and Injunctive relief in the Arizona District Court seeking violation of the Fair Housing Act,

///

---

[2] Notably, Mr. Haws's law firm was issued an injunction against harassment against Doria for Doria's behavior during litigation. Upon belief, by frivolously including Haws in his Federal Complaint, Doria violates that injunction.

5

AI 13993825.1.11-11

| NOTICE OF TERMINATION OF PERIODIC TENANCY |
|---|
| (TEN/THIRTY DAY NOTICE TO VACATE) |

From: __Cottonwood Springs RV Park__            Date: __December 9, 2025__
           *(landlord)*

To: __Daniel Doria__                                        *(& any/all occupants)*

__420 Happy Jack Way #177__

__Cottonwood, AZ  86326__

You are hereby notified that pursuant to A.R.S. § 33-1476, Arizona Revised Statutes, your tenancy of the premises known as:

Cottonwood Springs RV Park, 420 Happy Jack Way, Cottonwood, AZ 86326
                              *(name of complex or address of residence)*

is terminated effective __January 9__ , 20 __26__ .

Your rent is next due on __December 9, 2025__. This termination letter gives you notice of at least ☑ 30 days if month-to-month, or ☐ 10 days if week-to-week.

We accept your lease termination notice dated November 25, 2025. Even though you have confirmed in writing you will be out by January 9, 2026 this eviction notice is due to the following infraction: You have pets that are not listed in your lease, you engage with abusive language towards staff, failure to clean up dog's fecal matter on your site.  This is not an exhaustive list of your material breaches of the lease agreement.

Due to the change of use of the land, our park policies require every tenant to provide information for a background check and have a signed 90-day lease agreement. You have refused to do both, in writing. You are therefore in violation of the park's policies.

More information is available at www.AZLawHelp.org or www.AZCourtHelp.org.

NOTICE IS SERVED BY: __Julie Martin__                    DATE: __12/10/25__

☑

__Daniel Doria__
*(name of the person who got the notice)*

☐ Certified Mail -Receipt Number: _____
                                                        *(name of person serving the notice)*

☒ Delivered in hand to the Tenant or other occupant: Daniel Doria

Daniel T. Doria, Pro Se
989 S Main St, Ste 404
Cottonwood AZ 86326

0013993825000011
Clerk
401 W Washington St Ste 130
Phoenix AZ 85003
USA

# See Important Information Enclosed