**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, Arizona  85004-2553
602-257-7422
Sean P. O'Brien – 010540
spobrien@gustlaw.com
John A. Butzer – 038113
jbutzer@gustlaw.com
Attorneys for Defendants
Gust Rosenfeld P.L.C. and Robert Haws

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T. Doria,<br><br>Plaintiff,<br><br>v.<br><br>Robert Haws, Michael Mongini, Gust Rosenfeld P.L.C., Happy Jack Lodge, LLC, Cottonwood Springs RV, LLC and Brittney Walsh,<br><br>Defendants. | No. 3:26-cv-08003-JJT<br><br>**REPLY TO PLANTIFF'S RESPONSE TO DEFENDANTS ROBERT HAWS AND GUST ROSENFELD, P.L.C.'S MOTION TO DISMISS** |

Plaintiff's Response (Doc. 65) fails to address the fatal deficiencies of the Second Amended Complaint ("SAC").  The Response spits out AI generated pablum but does not provide any substantive response to the Motion to Dismiss.[1]  Plaintiff instead seeks to avoid his burden, promote more falsehoods, and continue to falsely malign Defendant Haws.

Defendants Gust Rosenfeld, P.L.C. ("GR") and Robert Haws ("Haws") respectfully re-urge the Court to dismiss the SAC with prejudice.

**I.      Plaintiff misconstrues the Motion to Dismiss.**

---

[1] GR and Haws' Motion to Dismiss was filed at 11:19 a.m. on May 13, 2026.  Plaintiff's Response was emailed to undersigned counsel at 1:41 p.m. on the same day. (Ex. A).  It was then docketed several days later.

8054311                                    -1-

First, Plaintiff argues that GR and Haws "demand[] this Court to make premature factual findings" and ask the Court to declare the allegations as false. (Doc. 65 at 2). GR and Haws' Motion to Dismiss does not make any such request or seek any such relief. (*See* Doc. 59).

It appears Plaintiff takes issue with the factual background provided in the Motion to Dismiss. GR and Haws set forth this factual background to provide context and the truth about the underlying circumstances to the Court. Provision of this relevant factual background is customary in briefing. By providing this factual information, GR and Haws are not asking the Court to weigh the facts at this stage.

The SAC fails to state a claim for the numerous legal reasons laid out in the Motion to Dismiss. It does not rise or fall on any fact or allegation. And as explored in the Motion to Dismiss, Plaintiff's "facts" are merely unadorned, conclusory allegations that are insufficient to support any of the claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Balisteri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). For that reason, the SAC should be dismissed with prejudice in its entirety.

## II.    Plaintiff's latest allegations are baseless.

Plaintiff repeats his pattern of behavior in the Response. First, Plaintiff speculates that Haws "falsely informed Mongini or Walsh that Plaintiff was subject to a non-existent injunction against harassment." (Doc. 65 at 3).

Haws never spoke to Mongini about Plaintiff or about any "injunction" at issue. Haws also does not, and did not, represent Mongini. And as described in the Motion to Dismiss, Haws did not and does not represent the entities supposedly owned by Mongini, Happy Jack or Cottonwood Springs. Defendant Haws is also not involved, directly or indirectly, in any way with those entities. Those entities are, and continue to be, represented by Defendant Walsh.

8054311

-2-

Plaintiff's speculations are apparently based on the briefing between Plaintiff and Happy Jack in the superior court action that he references. (Doc. 65 at 8-9). As discussed, GR and Haws have absolutely no connection to that litigation. That is conclusively proven by the public docket. (*See, e.g.*, Doc. 26 at 6-11).

Plaintiff also repeats his contention that "injunction" is non-existent. It appears Plaintiff is again referencing Judge Liburdi's August 20, 2025 Order. GR and Haws cannot speak to how that Order has been utilized or referred to in the superior court litigation as they are both not involved. However, the Order is genuine and therefore speaks for itself. (Doc. 59-1 at 83-91). Moreover, this Order is a matter of public record. Even if Haws or someone else had informed others about Judge Liburdi's Order, doing so would not create a cause of action as the Order is a matter of public record available for all to see.

Plaintiff also asserts that "Defendants falsely claim that Plaintiff has a federal criminal history that would disqualify him from housing." (Doc. 65 at 3). Conveniently, Plaintiff fails to specify which Defendants he is referring to.

GR and Haws did not make any such representation. This contention was simply not in GR and Haws' Motion to Dismiss. (*See* Doc. 59). Plaintiff again cites a footnote from briefing in separate litigation between Plaintiff and the other Defendants. Therefore, this contention – if it was made – was raised by different counsel and parties in a different case in which GR and Haws have absolutely no connection or involvement.

GR and Haws also cannot speak to the asserted briefing regarding Plaintiff's potential vexatious litigant status. (Doc. 65 at 3). Once again, GR and Haws have no connection to the Plaintiff's litigation with Cottonwood Springs and Happy Jack in the superior court.

Plaintiff also turns back to his allegation of an "intracorporate conspiracy." (Doc. 57 at 6 ¶ 27). Under this doctrine, "an agreement between or among agents of the same

legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017).  In attempting to save this claim, Plaintiff smears Haws, speculating that he has personal animus toward Plaintiff and that GR has collected over $50,000 in fee awards against Doria on behalf of its client Yavapai College. (Doc. 65 at 4).

These are just more falsehoods by Plaintiff.  Haws' interest has been to effectively represent his client Yavapai College – nothing more and nothing less.  Moreover, Plaintiff has not satisfied any of the judgments against him that award fees to Yavapai College after all of Plaintiff's unsuccessful and frivolous litigation against it.  Given all of Plaintiff's unsuccessful actions against Mr. Haws (multiple lawsuits and multiple bar complaints), it is Plaintiff who harbors animosity.

Plaintiff also again attempts to smear Haws regarding the State Bar diversion. Plaintiff has repeatedly filed baseless complaints with the State Bar about Mr. Haws. None have resulted in any discipline.  Haws has never been disciplined in his 35 years of practice.

As discussed, in one instance, the State Bar offered its standard "diversion" for a minor issue as an alternative to a screening investigation.  Diversion is **not** a disciplinary process.  These matters are purportedly confidential, and completion of the diversion process results in dismissal of the complaint. Ariz. R. Sup. Ct. 70(b)(4). Plaintiff received notice of the dismissal of his Complaint upon Haws' completion of the diversion.

During the justice court litigation between Plaintiff and Yavapai College, Haws responded to one email question from the justice court clerk that she addressed only to him without copying Plaintiff on his response to the justice court clerk.  Haws voluntarily agreed to resolve the issue via diversion by attending approved CLE.  The bar complaint was then dismissed.  Haws has no disciplinary record.

Plaintiff's attempt to springboard diversion into a claim that Haws regularly commits fraud upon the court or circumvents procedural rules is completely baseless. (Doc. 65 at 4).  Moreover, any communication between Haws and Mongini (which never occurred) would not be an *ex parte* communication.  Mongini is not a judicial officer or a judicial staff member.  Ariz. R. Sup. Ct. 42, E.R. 3.5.

Plaintiff simply has not plead an intracorporate conspiracy claim.  An unsupported allegation and legal conclusion that Defendants Haws and Mongini acted outside of their official capacities is woefully insufficient.  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**A.    The FHA claims remains baseless.**

The only legal argument about the SAC Plaintiff makes is that the FHA prohibits "any person" from interfering with housing rights.  That argument is also false.  Plaintiff misquotes the statute.  42 U.S.C. § 3617.

The FHA prohibits discrimination by those who provide services or facilities in connection with a dwelling, better known as a landlord.  An FHA discrimination claim requires Plaintiff to show that : (1) that he is disabled; (2) that the landlord knew or should reasonably be expected to know of Plaintiff's disability; (3) that accommodation of the disability may be necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) the landlord refused to make the requested accommodation.  *See DuBois v. Ass'n of Apt. Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

Neither GR nor Haws is, nor has ever been, Plaintiff's landlord.  And neither Defendant has any ownership, control, or authority over the operations of the RV park at issue.  Consequently, this claim fails as a matter of law as to both GR and Haws.  The RV park is apparently owned and operated by Happy Jack or Cottonwood Springs.

8054311

Plaintiff also cites a thirty-day notice from Cottonwood Springs dated December 9, 2025 and seemingly argues that GR and Haws "cited the wrong legal Act to file a 'sham' eviction." (Doc. 65 at 4).  Once again, Plaintiff has the wrong Defendants.  This notice is from Cottonwood Springs RV Park and was apparently provided to Plaintiff.

To repeat: GR and Haws have absolutely no connection with Happy Jack, Cottonwood Springs, or Brittney Walsh.  GR and Haws had absolutely no involvement with the recent eviction dispute between Happy Jack or Cottonwood Springs and Plaintiff. (*See* Doc. 16 at 6-13).  GR and Haws also did not and do not represent Happy Jack or Cottonwood Springs, nor are they involved in any way with those entities.

The eviction itself was successfully pursued by the other Defendants in this action. GR and Haws cannot have committed a "jurisdictional defect" in a case they did not litigate and had no involvement in.  (Doc. 65 at 5).  Plaintiff's claim to the contrary is false.

**III.    GR and Haws are not suppressing any letter.**

Lastly, Plaintiff appears to allege that GR and Haws wishes to "suppress" the March 18, 2026 letter (the "Letter").  This is also false.

That Letter was referenced in the SAC (Doc. 57 at 7 ¶ 30) and *included* as an exhibit to GR and Haws' Motion to Dismiss.  Plaintiff had earlier disclosed the Letter to the Court.[2]  (Doc. 41 at 6-8).  In the Motion to Dismiss, GR and Haws cited Fed. R. Civ. P. 408 and *Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (settlement negotiations admissible in a motion to dismiss when evidence submitted to show improper retaliatory motive).

The Letter shows that on March 12, 2026, Plaintiff initially offered to dismiss GR and Haws from this lawsuit and drop his Ninth Circuit appeal in the unrelated *Doria v. Yavapai College* litigation.  In the Letter, GR partner Séan O'Brien clarified that even if

---

[2] The Court later struck the letter from the record.  (Doc. 46).

Plaintiff dismissed his appeal of Judge Liburdi's ruling granting Yavapai College's motion to dismiss, the separate ruling awarding attorneys' fees to the College would remain in effect. (Doc. 59-1 at 80-81).

In the Letter, there was simply no discussion of any conditions to "correct a corrupted federal record." (Doc. 65 at 5). Plaintiff labels the record as "corrupt" because he dislikes it. The record in that case, No. 25-cv-08043-PCT-MTL, is a matter of public record. It shows a flurry of unsuccessful filings from Plaintiff, a successful motion to dismiss, and entry of a fee award in Yavapai College's favor. To date, Doria has failed to satisfy that Judgment against him.

## IV.    Conclusion.

Plaintiff's Response provides no substantive legal arguments to save the SAC or show how GR and Haws were involved, directly or indirectly, in this matter. It alleges nothing more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Iqbal*, 556 U.S. at 678.

Plaintiff cannot proceed on the baseless SAC, and he cannot further amend his complaint to allege a falsity. *See Oregon Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1073-74 (9th Cir. 2023); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007). The Court has already provided Plaintiff two opportunities to amend his Complaint. Further amendment would be futile.

This action is Doria's latest frivolous shot at revenge. GR and Haws respectfully urge the Court to dismiss the SAC with prejudice as to them because it fails to state a claim against either Defendant. Fed. R. Civ. P. 12(b)(6). GR and Haws intend to seek an award of attorneys' fees and costs. A.R.S. § 12-349, Fed. R. Civ. P. 54(d).

8054311                                             -7-

RESPECTFULLY SUBMITTED this 29th day of May, 2026.

GUST ROSENFELD P.L.C.


By  /s/ John A. Butzer - 038113
  Sean P. O'Brien
  John A. Butzer
  Attorneys for Defendants Robert Haws
  and Gust Rosenfeld P.L.C.


**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2026, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF system and electronic transmittal to:

Daniel T. Doria, Pro Se
989 S. Main Street, Suite A, PMB 407
Cottonwood, AZ  86326
danieldoria105@yahoo.com
*Plaintiff Pro Se*



*By: /s/ Pauletta J. Seitz*

8054311

-8-

# EXHIBIT A

## Séan O'Brien

| | |
|---|---|
| **From:** | Daniel Doria <dtdoria85@gmail.com> |
| **Sent:** | Wednesday, May 13, 2026 1:41 PM |
| **To:** | Séan O'Brien |
| **Cc:** | Brittney Walsh |
| **Subject:** | [EXTERNAL]Response to Haws/GR 12b6 |
| **Attachments:** | 08003 Response to MTD (4).pdf |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

✔✔ Email tracked with Mailsuite · Opt out ---- Remove

1