Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326



FILED _____ LODGED
RECEIVED _____ COPY

JUN 0 2 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA
### 401 W WASHINGTON ST. PHOENIX, AZ 85003

|  | CV-26-8003-PCT-JJT |
|---|---|
| **DANIEL T. DORIA,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT HAWS, MICHAEL MONGINI,** )<br>(Fair Housing Act, Civil Rights Conspiracy,<br>**GUST ROSENFELD, P.L.C.,** ) Arizona RV Act Retaliation, Abuse of Process)<br>**HAPPY JACK LODGE, LLC,** )<br>**COTTONWOOD SPRINGS RV, LLC**, and **BRITTNEY WALSH,** )<br><br>Defendants. | **Case No.:** 3:26-cv-08003<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MONGINI, WALSH, COTTONWOOD SPRINGS, AND HAPPY JACK LODGE'S MOTION TO DISMISS |

Plaintiff Daniel T. Doria ("Plaintiff"), proceeding pro se, respectfully submits this Response in Opposition to the Motion to Dismiss filed by Defendants Michael Mongini, Brittney Walsh, Cottonwood Springs, LLC, and Happy Jack Lodge, LLC (collectively, the "HJL Defendants").

## I. INTRODUCTION

The HJL Defendants' Motion should be denied. On a motion to dismiss, the Court must accept the SAC's well-pleaded factual allegations as true and may not resolve disputed facts against Plaintiff by relying on Defendants' competing version of events. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

The Motion does exactly what Rule 12(b)(6) forbids: it asks the Court to credit extrinsic state-court materials, disputed hearing transcripts, and Defendants' own factual denials to conclude that Plaintiff's claims are "implausible." Under Fed. R. Civ. P. 12(d), if matters outside the pleadings are presented and not excluded, the Court may convert the Motion to one for summary judgment; alternatively, the Court should exclude the outside materials and decide the Motion on the SAC alone. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988 (9th Cir. 2018).

The Motion is also laced with insults and profanity. Those attacks do not establish the truth of Defendants' position. They instead underscore the animus and retaliatory hostility Plaintiff alleges in the SAC.

Finally, the Motion should be denied, or at minimum stricken in part, because the conferral certification does not reflect a meaningful good-faith consultation as required by LRCiv 12.1(c).

## II. PROCEDURAL DEFECT: DEFENDANTS' CONFERRAL WAS NOT MEANINGFUL

District of Arizona Local Rule 12.1(c) requires counsel to confer in good faith before filing a motion to dismiss. Here, Defendants' certification states that the parties "conferred" in writing on May 21, 2026 and were unable to agree that the pleading was curable.

That description is misleading. As shown in Exhibit A, Defendants' supposed conferral consisted of a coercive ultimatum demanding dismissal by a fixed deadline under threat of sanctions and other escalation. A hostile demand to withdraw the case is not the same thing as a good-faith effort to narrow issues or identify curable pleading defects.

The Court should disregard the unsupported assertion that the parties meaningfully conferred, and it should deny any request for dismissal based on that purported certification. At minimum, the record shows that the process was adversarial, not genuinely collaborative.

## III. LEGAL ARGUMENT

**A. The Court Should Exclude the Extrinsic Materials or Convert the Motion Under Rule 12(d)**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the credibility of competing evidence. Twombly, 550 U.S. 544; Iqbal, 556 U.S. 662. Where a court considers matters outside the pleadings and does not exclude them, Fed. R. Civ. P. 12(d) provides that the motion must be treated as one for summary judgment.

The HJL Defendants' Motion relies on state-court transcripts, discovery snippets, and other materials outside the SAC to dispute when Plaintiff disclosed his disability, what Defendants knew, and why the eviction process was pursued. That is improper at this stage. The Court may notice the existence of public records, but it may not accept disputed factual assertions from those records as true for purposes of dismissal. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988 (9th Cir. 2018).

*The key question at this stage is not whether Defendants have a competing narrative, but whether Plaintiff has plausibly alleged facts that, if true, state a claim for relief.*

Because Defendants' argument depends on factual disputes, the Court should either exclude the outside materials and rule on the SAC alone or convert the Motion under Rule 12(d) and permit Plaintiff the discovery contemplated by Fed. R.

Civ. P. 56(d), including the communications and records identified in Plaintiff's declaration.

**B. Rooker-Feldman Does Not Bar Plaintiff's Independent Federal Claims**

Defendants' jurisdictional argument overreaches. The Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923) and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) doctrine is narrow and applies only when a plaintiff seeks a de facto appeal of a state-court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003).

Plaintiff is not asking this Court to sit as an appellate court over the Justice Court. He is seeking relief for separate federal and state-law wrongs arising from Defendants' conduct during the eviction timeline, including alleged interference with protected housing rights and an alleged civil-rights conspiracy. Those are independent claims, even if they overlap factually with issues litigated in state court.

To the extent Defendants contend Plaintiff's claims are barred because he lost an eviction action, that is a merits or preclusion argument, not a jurisdictional one. The Court should reject any attempt to collapse those doctrines into a Rule 12(b)(1) dismissal.

**C. Res Judicata Does Not Warrant Dismissal on the Current Record**

Claim preclusion requires a prior final judgment on the merits, identity or privity of parties, and an identity of claims. Defendants have not established those elements as to all claims and all defendants presently before the Court.

At minimum, the SAC asserts claims that were not and could not have been adjudicated as damages claims in the limited eviction proceeding. Plaintiff's federal civil-rights and Fair Housing Act claims seek redress for allegedly unlawful conduct by multiple actors, including conduct outside the scope of the possession dispute.

Accordingly, any preclusion defense is not properly resolved on the current pleadings and certainly does not support dismissal of the entire SAC.

**D. The SAC Plausibly Alleges FHA Retaliation and Interference**

The SAC plausibly alleges that Plaintiff is disabled, that Defendants knew of his disability-related needs, and that Defendants took adverse housing action after Plaintiff asserted protected rights. See 42 U.S.C. § 3601 et seq.; 42 U.S.C. § 3617; DuBois v. Ass'n of Apt. Owners of 2987 Kalakaua, 453 F.3d 1175 (9th Cir. 2006).

Defendants' motion asks the Court to resolve when Plaintiff first gave notice, whether the requested accommodation was reasonable, and whether the eviction notices were retaliatory. Those are fact-intensive questions that cannot be decided against Plaintiff on a motion to dismiss. The SAC alleges enough to make the claim plausible, and that is all Rule 8 requires at this stage. Iqbal, 556 U.S. 662; Twombly, 550 U.S. 544.

**E. The Conspiracy Claim Is Plausibly Pled and Should Not Be Dismissed on Defendants' Factual Denials**

Defendants argue that no conspiracy exists because they deny communications among themselves and deny any retaliatory purpose. But a motion to dismiss is not the forum for Defendants to establish their defense by declaration or narrative. The SAC alleges coordination among multiple actors, shared legal and business relationships, and conduct that, taken together, supports an inference of a meeting of the minds.

To state a claim under 42 U.S.C. § 1985(3), Plaintiff must allege a conspiracy, an Objective to deprive equal protection, an act in furtherance, and injury. See Griffin v. Breckenridge, 403 U.S. 88 (1971); Mustafa v. Clark Cnty. Sch. Dist., 157 F.3d 1169 (9th Cir. 1998). The SAC alleges those elements with sufficient factual detail to survive dismissal, especially when the Court accepts the allegations as true and draws reasonable inferences in Plaintiff's favor.

Defendants' reliance on their own denials and state-court materials to negate conspiracy goes beyond Rule 12(b)(6). At a minimum, Plaintiff should be permitted discovery into the alleged coordination, communications, and firm involvement.

**F. The Abuse-of-Process and Emotional-Distress Allegations Are Not Properly Dismissed on Defendants' Version of the Facts**

Defendants argue that Plaintiff cannot pursue abuse-of-process or emotional-distress claims because they say their litigation conduct was justified. That argument **assumes the very conclusion in dispute**. The SAC alleges that Defendants used judicial process for an improper purpose and that their conduct was extreme, outrageous, and retaliatory.

Under Arizona law, abuse of process turns on the misuse of a legal process for an ulterior purpose. See Crackel v. Allstate Ins. Co., 92 P.3d 882 (Ariz. Ct. App. 2004); Cruz v. City of Tucson, 401 P.3d 1018 (Ariz. Ct. App. 2017). The SAC alleges a plausible misuse of process and a retaliatory objective. Whether Defendants' explanation is ultimately credible is a question for a later stage.

Likewise, the intentional-infliction claim is supported by allegations of coordinated eviction pressure against a disabled tenant following protected conduct. Defendants may dispute those facts, but they cannot defeat the claim simply by insisting their conduct was lawful.

### G. Defendants' "Joinder" Confirms Coordination, Not Dismissal

Defendants' joinder in the co-defendants' motion does not eliminate the SAC's allegations of coordination. If anything, it confirms that the defendants are acting in concert in this litigation. That is consistent with Plaintiff's allegations; it does not defeat them.

The Court should not transform a litigation joinder into a factual finding that no concerted action occurred.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.  deny the Motion to Dismiss;

2.  exclude the extrinsic materials cited by Defendants, or alternatively convert the Motion under Fed. R. Civ. P. 12(d);

3.  reject Defendants' jurisdictional and preclusion arguments at this stage; and

4.  permit Plaintiff to proceed with discovery, including under Fed. R. Civ. P. 56(d) if conversion occurs.

DATED this 22nd day of May, 2026.

Respectfully submitted,

/s/ Daniel T. Doria

---

Daniel T. Doria Plaintiff, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2026, I served a true and correct copy of the foregoing document via electronic mail to the following:

Gust Rosenfeld P.L.C. spobrien@gustlaw.com

Brittney Walsh brittney@hmlawfirmaz.com

EXHIBIT A

5/22/26, 11:45 AM                      Gmail - Meet and Confer

 Gmail                                  Daniel Doria <dtdoria85@gmail.com>

## Meet and Confer

**Brittney Walsh** <brittney@hmlawfirmaz.com>                      Thu, May 21, 2026 at 4:44 PM
To: Daniel Doria <dtdoria85@gmail.com>, Kristie Kellerhals <kristie@hmlawfirmaz.com>

As you know our Response Deadline is tomorrow. Your Second Amended Complaint is entirely deficient, perjurious, and sanctionable. If you do not dismiss by 2 pm tomorrow, we will file a Motion to Dismiss.

Many of the issues discussed in the February 9 meet and confer call as well as the Rule 11 Sanctions letter sent to you regarding your First Amended Complaint remain. Yet, inexplicably, you pursue groundless litigation. Please allow me to explain.

First, as we discussed, you are barred from seeking a contradictory judgment regarding your eviction. You are similarly barred from arguing the eviction is improper or that you are entitled to damages resulting from the eviction. Another court has decided these issues. Therefore, res judicata and claim preclusion bar your complaint.

Second, your claims constitute a de facto appeal of issues from the Justice Court. The Court lacks the jurisdiction to review judgments and pleadings filed in State Courts. Thus, this Court lacks jurisdiction to decide your de facto appeal.

Your FHA claim is based on perjury. Your account of when you sought accommodation is inconsistent and contradicts the evidence and public record. Your allegations here blatantly contradict your testimony. You did not disclose your disability until <u>after</u> you terminated your tenancy. This is not retaliation. If you continue to assert this lie that you sought an accommodation upon move-in, we will seek sanctions at the highest possible amount.

Similarly, you cannot have a conspiracy without an underlying tort. Moreover, you falsely claim that Haws was involved when you have evidence to the contrary. You perjure yourself again by asserting there were communications between Haws and Mongini or Haws and me. This claim is meritless, and you knowingly bring a groundless claim. Dismiss this Count or we will seek sanctions.

Abuse of Process and Fraud on the Court are separate claims. Fraud on the Court is (again) creating a de facto appeal. This Court can not determine these allegations. You further allege abuse of process to create a collateral attack on a Superior Court filing. Yet your allegations are insufficient to arise to the level of stating a claim. However, the Motion to Deem you A Vexatious Litigant is pending and it is up to the Superior Court to determine its validity. These claims also require dismissal because an amendment will not save them.

Your intentional infliction of emotional distress claims are seeking damages where you are entitled to none. Because the eviction was proper, you cannot seek damages in another venue. This claim is untenable.

**If you do not dismiss your Second Amended Complaint in its entirety by 2 pm tomorrow, we will move to dismiss.**

--
Sincerely,
Brittney K. Walsh, esq.

I am out of the office on Fridays. If you need immediate assistance on a Friday, please call our office (928) 554-2070. Otherwise, please email me and I will answer your email as soon as practicable on the following Monday.

CONFIDENTIAL: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.