Daniel T. Doria, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326



FILED _____ LODGED
_____ RECEIVED _____ COPY

JUN 0 2 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA
401 W WASHINGTON ST. PHOENIX, AZ 85003

| | |
|---|---|
| | CV-26-8003-PCT-JJT |
| **DANIEL T. DORIA,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT HAWS, MICHAEL MONGINI,** )<br>(Fair Housing Act, Civil Rights Conspiracy,<br>**GUST ROSENFELD, P.L.C.,** ) Arizona RV Act Retaliation, Abuse of Process)<br>**HAPPY JACK LODGE, LLC,** )<br>**COTTONWOOD SPRINGS RV, LLC**, and **BRITTNEY WALSH,** )<br><br>Defendants. | **Case No.:** 3:26-cv-08003<br><br>**DECLARATION OF DANIEL T. DORIA IN SUPPORT OF RULE 56(d) DISCOVERY** |

I, Daniel T. Doria, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in the above-captioned matter, proceeding *pro se*. I submit this Declaration pursuant to Federal Rule of Civil Procedure 56(d) in support of my Response in Opposition to the Motion to Dismiss (the "Motion") filed by Defendants Michael Mongini, Brittney Walsh, Cottonwood Springs RV, LLC, and Happy Jack Lodge, LLC (the "HJL Defendants").

2. The HJL Defendants have relied upon matters outside the pleadings—including state court hearing transcripts, discovery responses, and initial disclosures—to dispute the factual allegations in the Second Amended Complaint ("SAC"). If this Court does not exclude these extrinsic materials and converts the Motion to one for Summary Judgment under Fed. R. Civ. P. 12(d), I cannot currently present facts essential to justify my opposition because those facts remain exclusively in the possession, custody, and control of the Defendants.

3. Because this case is currently at the pleading stage, no Federal Rule of Civil Procedure 26(f) conference has occurred, and I have not had the opportunity to conduct any federal discovery regarding the claims in the SAC.

4. To properly oppose a motion for summary judgment regarding my Fair Housing Act (FHA) Retaliation and Interference claims (42 U.S.C. § 3617), I require the opportunity to conduct discovery into the HJL Defendants'

internal decision-making process. Specifically, I need to serve Requests for Production and Interrogatories to obtain:

- Internal emails, text messages, and correspondence between Brittney Walsh, Michael Mongini, and Happy Jack Lodge management generated between December 1, 2025, and January 12, 2026.

- Documents discussing Plaintiff's dogs, Plaintiff's disability-related needs, the January 6, 2026 notification of those needs, and the subsequent strategic decision to file the January 12 eviction action. This evidence is essential to rebut Defendants' claims of non-retaliatory motive and to establish the temporal proximity of the retaliation.

5. To properly oppose a motion for summary judgment regarding my 42 U.S.C. § 1985(3) Conspiracy claim, I require the opportunity to conduct discovery into the coordination between the HJL Defendants and the Gust Rosenfeld Defendants. Specifically, I need to obtain:

- Communications (emails, phone logs, and billing records) between Michael Mongini, Brittney Walsh, Robert Haws, and Gust Rosenfeld, P.L.C., demonstrating a coordinated strategy regarding Plaintiff's tenancy.

- Documents establishing Defendant Haws's transmission of institutional knowledge regarding Plaintiff's disability profile,

vulnerabilities, and prior litigation history (specifically the Yavapai College matters) to the HJL Defendants. This evidence is strictly necessary to establish the "meeting of the minds" and the coordinated objective required to prove the conspiracy.

6. Without this targeted discovery, I am fundamentally prejudiced in my ability to dispute the HJL Defendants' extrinsic factual assertions regarding their intent, their timelines, and their internal communications.

7. If the Court converts the pending Motion under Rule 12(d), I respectfully request that the Court stay a ruling on the merits of the Motion and grant a dedicated 90-day discovery window to allow Plaintiff to subpoena the specific internal records outlined above.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 22nd day of May, 2026.

Respectfully submitted,

/s/ Daniel T. Doria

_____

Daniel T. Doria Plaintiff, Pro Se
989 S Main St. Ste A PMB 407
Cottonwood, AZ 86326
danieldoria105@yahoo.com
702-279-5326

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2026, I served a true and correct copy of the foregoing document via electronic mail to the following:

Gust Rosenfeld P.L.C. spobrien@gustlaw.com

Brittney Walsh brittney@hmlawfirmaz.com