Brittney K. Walsh, Esq.
State Bar No. 035279
**H & M LAW, PLLC**
P.O. Box 3700
Cottonwood, Arizona 86326
(928) 554-2070 office
(928) 438-0866 fax
court@hmlawfirmaz.com

Attorneys for Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs, LLC and Happy Jack Lodge, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel T. Doria,<br><br>Plaintiff,<br><br>vs.<br><br>Robert Haws; Michael Mongini; Gust Rosenfeld PLC; Happy Jack Lodge, LLC; Cottonwood Springs RV, LLC; and Brittney Walsh,<br><br>Defendants. | Case No. 3:26-cv-08003<br><br>**RESPONSE TO PLAINTIFF'S ARGUMENTS CONTAINED IN HIS "NOTICE" OF SUPPLEMENTAL AUTHORITY** |

Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs, LLC and Happy Jack Lodge, LLC, (collectively "HJL") by and through counsel undersigned, hereby write to this Court separately to address the arguments contained in Plaintiff's Notice of Supplemental Authority filed at Doc. 82.

///

///

## I. This Court May Still Find *Res Judicata* and Claim Preclusion based on the Superior Court's Order Granting Summary Judgment in favor of Happy Jack Lodge and Cottonwood Springs.

On June 30, 2026, over five weeks after HJL submitted its Reply in Support of its Motion to Dismiss, the Superior Court issued an Order granting Summary Judgment on the issues of retaliation and breach of contract. Such Order was submitted to this Court on July 17, 2026 at Doc 78. While HJL relied on the January 21, 2026 Justice Court Judgment, the Superior Court Order can stand in to support the principals of *res judicata* and/or claim preclusion. This Court cannot issue a separate ruling on retaliation as it has been decided on the merits between the same parties. There is no stay of the Superior Court Order. Its finality and preclusive effect is binding on this Court. As such, this Court may consider the defenses of *res judicata* and claim preclusion in regard to the retaliation claims before this Court.

## II. This Court must dismiss Retaliation/Abuse of Process based on the Public Record.

Plaintiff misstates the standards for Retaliation. The Justice Court vacated its prior Judgment on a procedural technicality (one that contravenes Arizona's well-settled notice pleading requirements and Arizona Rules of Eviction Procedure 15(a) standards.) Even if the October 1, 2026 Order were to stand, that procedural deficiency is not enough to establish retaliation.

The evidence in the Superior Court case firmly establishes that Plaintiff never disclosed a disability, asked for accommodation, nor engaged in protected activity under A.R.S. § 33-2148. Even if this Court were to disregard its *res judicata* mandate, the public

record and evidence establish that Plaintiff cannot prove that he engaged in protected activity. Therefore, his allegations of violations of the Fair Housing Act, conspiracy, retaliation/abuse of process, or intentional infliction of emotional distress cannot survive the Motion to Dismiss before this Court. Plaintiff's Complaint must be dismissed in its entirety.

**III. The Superior Court Judgment is final and binding.**

Plaintiff's argument that a final order is not final is absurd and does not warrant response. However, it is notable that he asks this Court to consider the Justice Court Order, which is in appeal, and simultaneously argues that the Superior Court Order isn't final because of appeal. This is unreasonable. HJL is entitled to fees for responding to this farce of an argument.

As outlined in HJL's response to Plaintiff's Motion to Seal [Doc 81], HJL merely requests this Court defer acting on the Justice Court's October 1, 2026 Order until there is a ruling on the Motion to Stay the Order Pending Appeal that has been fully briefed in Justice Court.

RESPECTFULLY SUBMITTED this 15th day of October, 2026.

**H & M LAW, PLLC**

By: */s/ Brittney K. Walsh*
Brittney K. Walsh, Esq.
Attorneys for Defendants Michael Mongini, Brittney K. Walsh, Cottonwood Springs, LLC and Happy Jack Lodge, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 15th, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing with electronic transmittal to the following:

Daniel T. Doria
989 S. Main St Ste A PMB 407
Cottonwood, AZ 863236
danieldoria105@yahoo.com; dtdoria75@gmail.com
Plaintiff, *Pro Se*

Sean P. O'Brien
John A. Butzer
GUST ROSENFELD P.L.C.
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553
spobrien@gustlaw.com
jbutzer@gustlaw.com
Attorneys for Defendants
Gust Rosenfeld P.L.C. and Robert Haws

By: */s/ Kristie Kellerhals*